1  GEORGE J. TICHY, II, Bar No. 041146
   MICHELLE R. BARRETT, Bar No. 197280
2  LISA J. LIN, Bar No. 260582
   LITTLER MENDELSON
3  A Professional Corporation
   650 California Street, 20th Floor
4  San Francisco, CA  94108.2693
   Telephone:   415.433.1940
5
   Attorneys for Defendant
6  HSBC BANK USA, N.A.

**ORIGINAL FILED**

**SEP 1 4 2011**

E-filing

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

7

8                  UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10

PSG

11  SUBRAHMANYESWARA RAO
    KOLLA, an individual, on behalf of      Case No.   CV 11   4565
12  himself, and all persons similarly situated,
                                            (Santa Clara Superior Court Case No.
13                Plaintiff,                 111CV205999)

14        vs.                               **DEFENDANT HSBC BANK, N.A.'S
                                            NOTICE OF REMOVAL**
15  HSBC BANK USA, N.A., a Delaware
    Corporation, and DOES 1 through 50,
16  inclusive,

17                Defendant.

18

19        TO  THE  CLERK  OF  THE  UNITED  STATES  DISTRICT  COURT  FOR  THE

20  NORTHERN DISTRICT OF CALIFORNIA:

21        PLEASE  TAKE  NOTICE  THAT  Defendant  HSBC  BANK  USA,  N.A.

22  ("Defendant"), hereby removes the above-entitled action from the Superior Court of the State of

23  California for the County of Santa Clara to the United States District Court, pursuant to 28 U.S.C.

24  §§ 1331, 1332, 1367, 1441, and 1446.  This Notice is based upon the original jurisdiction of this

25  Court over the parties under 28 U.S.C. § 1331 and the existence of a federal question herein, as well

26  as the supplemental jurisdiction of this Court over Plaintiff's state law claims under 28 U.S.C.

27  § 1367.  Further, this Court has jurisdiction on the basis of diversity.  In support of its Notice of

28  Removal, Defendant states:

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

**DEFENDANT HSBC BANK, N.A.'S
NOTICE OF REMOVAL**

**CASE NO.**
(Santa Clara Sup. Ct. Case No. 111CV205999)

## I. PLEADINGS AND PROCEEDINGS TO DATE

1. On July 27, 2011, Plaintiff Subrahmanyeswara Rao Kolla ("Plaintiff") filed a Complaint in the Superior Court of the State of California, in and for the County of Santa Clara, which was captioned as follows: Subrahmanyeswara Rao Kolla, an individual, on behalf of himself, and all persons similarly situated, Plaintiff, vs. HSBC Bank USA, N.A., a Delaware Corporation; and DOES 1 through 50, inclusive, Defendant, designated as case number 111CV205999. A true and correct copy of Plaintiff's Complaint is attached hereto as Exhibit "A."

2. The Complaint asserts the following causes of action: (1) Unfair Competition in Violation of California Business and Profession Code § 17200, et seq.; (2) Failure to Pay Overtime Compensation in Violation of California Labor Code §§ 510, 1194 and 1198, et seq.; (3) Failure to Provide Itemized Wage Statements in Violation of California Labor Code § 226; and (4) Failure to Pay Overtime Compensation in Violation of 29 U.S.C. § 201, et seq.

3. On August 15, 2011, Defendant was served with the Complaint via service on CT Corporation, Defendant's registered agent of process. In addition to the Complaint, Defendant was served with a letter from Plaintiff's counsel, Blumenthal, Nordrehaugh & Bhowmik, dated August 12, 2011. A true and correct copy of the notice of service of process and the August 12, 2011 letter is attached as Exhibit "B."

4. On September 13, 2011, Defendant filed and served an Answer to Plaintiff's Complaint, which was deemed filed by the Santa Clara Superior Court on September 14, 2011. A true and correct copy of Defendant's Answer is attached hereto as Exhibit "C."

5. After filing the Answer, Defendant learned by review of the Santa Clara Superior Court website that Plaintiff filed a First Amended Complaint on September 13, 2011, adding one cause of action for violation of the Private Attorneys General Act, California Labor Code § 2698, et seq. A true and correct copy of the First Amended Complaint with Proofs of Service filed on September 13, 2011, and downloaded by Defendant from the Santa Clara Superior Court website, is attached as Exhibit "D."

6. Further, Defendant downloaded the following documents, which were filed in this case but have not been served upon Defendant, from the Santa Clara Superior Court website:

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANT HSBC BANK, N.A.'S
NOTICE OF REMOVAL

2.

CASE NO.
(Santa Clara Sup. Ct. Case No. 111CV205999)

(1) Summons filed on July 27, 2011; (2) Civil Case Cover Sheet filed on July 27, 2011; (3) Civil Lawsuit Notice filed on July 27, 2011; (4) Santa Clara County Superior Court Alternative Dispute Resolution Information Sheet provided on July 27, 2011; (5) Order Deeming Case Complex filed on August 16, 2011; (6) Guidelines for Motions Relating to Class Certification Department 1 – Complex Civil Litigation; and (7) Proof of Service of the Complaint.  True and correct copies of these documents and their Proofs of Service are attached as Exhibit "E."

7.     On September 14, 2011, Defendant filed and served an Answer to Plaintiff's First Amended Complaint.  A true and correct copy of Defendant's Answer and Proof of Service is attached hereto as Exhibit "F."

8.     All pleadings, process, or orders received by Defendant in this case are attached hereto.  Defendant has not received any other process, pleadings, or papers.

II.     **TIMELINESS OF REMOVAL**

9.     This Notice to Federal Court of Removal of Civil Action from State Court is timely filed pursuant to 28 U.S.C. § 1446(b), which provides that such Notice "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim upon which such action or proceeding is based...." Defendant files this Notice within 30 days after any Defendant first received the Complaint.

10.     Defendant is informed and believes that none of the Doe Defendants in this case have been identified or served.  Doe Defendants designated 1 to 50 are fictitious, are not parties to this action, have not been served, and are to be disregarded for the purpose of this removal.  28 U.S.C. § 1441(a).  For this reason, the Doe Defendants need not be joined in this removal. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193, n. 1 (9th Cir. 1988) (general rule that all defendants in a state action must join in removal applies only to defendants served in the action); *Republic Western Ins. Co. v. International Ins. Co.*, 765 F. Supp. 628, 629 (N.D. Cal. 1991) ("The law of this circuit [] is that defendants upon whom service has not been effected at the time the notice is filed, need not join in the notice of removal.")

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415 433 1940

DEFENDANT HSBC BANK, N.A.'S
NOTICE OF REMOVAL

3.

CASE NO.
(Santa Clara Sup. Ct. Case No. 111CV205999)

### III.   FEDERAL QUESTION JURISDICTION

11.   This Court has federal question jurisdiction over this action under 28 U.S.C. § 1331.  Section 1331 confers original jurisdiction on the federal district courts "of all civil actions arising under the Constitution, laws, or treaties of the United States."  Plaintiff's Complaint and First Amended Complaint invoke federal law, specifically, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, so that Plaintiff's Complaint and First Amended Complaint state claims under federal law.  As such, this Court has original federal question jurisdiction under section 1331.

12.   This Court also has supplemental jurisdiction over Plaintiff's remaining state law claims pursuant to 28 U.S.C. § 1367 because those claims are based on the same facts, events, transactions and occurrences as Plaintiff's FLSA claim and are so related to his FLSA claim as to form part of the same case and controversy.  Therefore, the Court has supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1367(a).  Alternatively, the Court has jurisdiction of the remaining claims pursuant to 28 U.S.C. § 1441(c).

### IV.   DIVERSITY JURISDICTION

13.   This Court has diversity jurisdiction over this action under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00, exclusive of interests and costs, and the action is between citizens of different states and no defendant is a citizen of the State of California.

#### Diversity of Citizenship Exists Between the Parties

14.   According to Plaintiff's own First Amended Complaint, Plaintiff is a resident of Santa Clara County, California.  (First Amended Complaint ("FAC"), ¶ 16.)  On that basis, Defendant alleges Plaintiff is a citizen of the State of California.

15.   For purposes of diversity, a national bank is a citizen of the state in which its main office, as set forth in its articles of association, is located.  *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006).  At the time this action was commenced in state court and, as set in Defendant's amended and restated articles of association, Defendant was, and still is, a national bank association with its main office located in McLean, Virginia.  (Declaration of Helen Kujawa ("Kujawa Decl."), ¶ 2, Exh. A.)

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

DEFENDANT HSBC BANK, N.A.'S
NOTICE OF REMOVAL                    4.                    CASE NO.
(Santa Clara Sup. Ct. Case No. 111CV205999)

16.     Does 1 through 50, inclusive, are wholly fictitious and are disregarded for purposes of removal. 28 U.S.C. § 1441(a).

17.     Accordingly, Plaintiff is a citizen of California; Defendant is citizen of Virginia; and the minimum diversity requirement of 28 U.S.C. § 1332(a) is satisfied

**Amount in Controversy Exceeds $75,000**

18.     Plaintiff's Complaint and First Amended Complaint are silent as to the total amount of damages claimed.  The failure of the Complaint and the First Amended Complaint to specify the total amount of damages sought by Plaintiff does not deprive this Court of jurisdiction. *See White v. J.C. Penney Life Ins. Co.*, 861 F. Supp. 25, 26 (S.D. W.Va. 1994) (defendant may remove suit to federal court notwithstanding the failure of Plaintiff to plead a specific dollar amount in controversy; if the rules were otherwise, "any Plaintiff could avoid removal simply by declining ... to place a specific dollar claim upon its claim.").  Defendant needs only to establish by a preponderance of evidence that Plaintiff's claims exceed the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997) (same).  As the foregoing demonstrates, Defendant is able to meet this burden.

19.     In the First Amended Complaint, Plaintiff alleges that Defendant misclassified the positions AVP Cluster Operations Officers and AVP Branch Operations Officers as exempt from overtime premiums and meal and rest break requirements. (FAC, ¶ 25.)  He also alleges that he was employed by Defendant as an Operations Officer from August 2009 to March 2011.  (FAC, ¶ 16.)  Further, Plaintiff alleges that he regularly worked at least five days a week and ten hours a day and was not provided with all required meal and rest breaks. (FAC, ¶ 3.)

20.     In his first cause of action for Unfair Competition in violation of California Business and Profession Code § 17200, Plaintiff seeks restitution from Defendant for its alleged failure to: (1) provide all meal and rest breaks; (2) timely tender full payment of all wages owed; and (3) provide accurate itemized statements.  In his second and third causes of action for Failure to Pay Overtime Wages and Failure to Pay Overtime Wages, Plaintiff seeks recovery that is largely duplicative of his first cause of action, as well as waiting time penalties under California Labor Code

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA  94108 2693
415 433 1940

DEFENDANT HSBC BANK, N.A.'S
NOTICE OF REMOVAL                     5.

CASE NO.
(Santa Clara Sup. Ct. Case No. 111CV205999)

§ 203. In his fourth cause of action for Failure to Pay Overtime Compensation under the FLSA, he seeks both compensatory and liquidated damages. In his fifth cause of action for Violation of the Private Attorneys General Act, he seeks civil penalties under the California Labor Code Private Attorney General Act of 2004.

21. When, as here, the complaint does not state the specific amount of damages or recovery sought, there is a lower burden to establish the amount in controversy requirement than if the action were originally filed in federal court. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008).

A.   **Overtime Compensation**

22. Plaintiff's unpaid overtime claim is based upon Plaintiff's assertion that Plaintiff and the other Operations Officers "were not provided with overtime compensation and other benefits required by law as a result of being misclassified as 'exempt' by Defendant." (FAC, ¶ 14). Plaintiff further contends that he "regularly worked at least five (5) days a week and ten (10) hours a day." (FAC, ¶ 3).

23. Plaintiff's employment with Defendant began on August 24, 2009 and ended on April 8, 2011. (Declaration of Pamela A. Moffett Ferris ("Ferris Decl."), ¶ 3.) His last day of work was March 30, 2011. (Ferris Decl., ¶ 3.) Between August 24, 2009 and February 21, 2010, Plaintiff's annual base salary was $70,000.00 and from February 22, 2010 to the end of his employment, his base salary was $72,100.00. (Ferris Decl., ¶ 4.) Plaintiff was paid on a bi-weekly basis. (Ferris Decl., ¶ 5.)

24. Though Defendant denies the validity of Plaintiff's claim, Defendant assumes for purposes of removal that Plaintiff is entitled to 10 hours of overtime per week, between August 24, 2009 to March 30, 2011 (the length of time he worked for the Company).

25. Defendant then multiplies the total number of overtime hours by one and one-half times Plaintiff's average hourly rate for each period in question. Because Plaintiff was properly paid on a salary basis, Defendant must convert, for purposes of removal only, Plaintiff's annual base

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415.433.1940

DEFENDANT HSBC BANK, N.A.'S
NOTICE OF REMOVAL

6.

CASE NO.
(Santa Clara Sup. Ct. Case No. 111CV205999)

1    salary of $70,000 between August 24, 2009 and February 21, 2010 and $72,100 between February

2    22, 2010 and March 30, 2011 to an hourly rate to determine the amount in controversy.

3            26.    This equates to a regular rate of $33.65 ($70,000/2080 hours) from

4    August 24, 2009 to February 21, 2010 and a regular rate of $34.66/hr ($72,100/2080 hours) from

5    February 22, 2010 to March 30, 2011.  Based on this, Plaintiff's alleged overtime rate was $50.47

6    ($33.65 x 1.5) from August 24, 2009 to February 21, 2010 and $51.99/hr ($34.67 x 1.5) from

7    February 22, 2010 to March 30, 2011.  During his employment, Plaintiff worked approximately 26

8    weeks from August 24, 2009 to February 21, 2010 and 57 weeks from February 22, 2010 to March

9    30, 2011.  Based on his alleged 10 hours of overtime per week, Plaintiff claims overtime in the

10   amount of $13,122.20 during the period of August 24, 2009 to February 21, 2010 ($50.47 x 26

11   weeks x 10 hours) and $29,634.30 during the period of February 22, 2010 to March 30, 2011

12   ($51.99 x 57 weeks x 10 hours), totaling **$42,756.50**.

13   **B.    Missed Meal Periods**

14           27.    In his First Amended Complaint, Plaintiff alleges he was "not provided with

15   all meal and rest breaks." (FAC, ¶¶ 3, 25, 43(e).)

16           28.    Defendant denies the validity and merit of Plaintiff's missed meal period

17   claim.  However, assuming Plaintiff was not provided with timely meal periods throughout his

18   employment, Plaintiff worked approximately 83 weeks and he allegedly worked at least five days a

19   week.  Five missed meal period per week for 83 weeks totals 415 missed meal periods.  Plaintiff's

20   regular hourly rate during this period, calculated for the purposes of removal only, was $33.65 from

21   August 24, 2009 to February 21, 2010 and $34.66 from February 22, 2010 to March 30, 2011,

22   resulting in a claim of $4,374.50 for missed meal periods from August 24, 2009 to February 21,

23   2010 ($33.65 x 26 weeks x 5 meal periods) and a claim of $9,878.10 for missed meal periods from

24   February 22, 2010 to March 30, 2011 ($34.66 x 57 weeks x 5 meal periods), totaling **$14,252.60**.

25   **C.    Missed Rest Periods**

26           29.    The underlying basis for recovery upon Plaintiff's missed rest break claim is

27   identical to that of the missed meal period claim.  (FAC, ¶¶ 3, 25, 43(e)).  *See* Cal. Lab. Code §

28   226.7(b).  Although Defendant denies the validity of this claim and denies Plaintiff's right to a

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108 2693
415 433 1940

DEFENDANT HSBC BANK, N.A.'S
NOTICE OF REMOVAL                   7.          CASE NO.
                                                (Santa Clara Sup. Ct. Case No. 111CV205999)

1    separate recovery if he establishes denied meal breaks, Defendant assumes, for purposes of removal

2    only, that the alleged failure to provide Plaintiff with one rest break a day for 5 days per week

3    between August 24, 2009 and March 30, 2011.  As such, the total number of missed rest breaks is

4    the same as the total number of missed meal breaks for each period.  Applying Plaintiff's same

5    average hourly rate for each period in question to the total number of missed rest breaks yields the

6    amount of in controversy on Plaintiff's missed rest break claim – **$14,252.60.**

7         **D.      Waiting Time Penalties**

8              30.    Plaintiff alleges that "[t]o the extent overtime compensation is determined to

9    be owed to the CLASS members who have terminated their employment, these employees would

10   also be entitled to waiting time penalties under Cal. Lab. Code § 203, which penalties are sought

11   herein."  (FAC, ¶ 80.)  Plaintiff further alleges that his employment with Defendant ended in March

12   2011.  (FAC, ¶ 3.)

13             31.    Although Defendant denies the merit of Plaintiff's waiting time penalties

14   claim, Defendant has calculated, for purposes of removal only, the amount in controversy by

15   applying the maximum penalty authorized.  Because Plaintiff received an annual base salary of

16   $72,100 at the time of his employment ended, his daily rate of pay was equivalent to $72,100/52

17   work weeks per year/5 work days per week or $277.30.  Accordingly, the amount in controversy on

18   Plaintiff's waiting time penalty claim under Labor Code § 203 totals **$8,319.00** ($277.30/day x 30

19   days).

20        **E.      Itemized Wage Statement Damages**

21             32.    Plaintiff alleges "Defendant failed to provide an accurate wage statement in

22   writing that properly and accurately itemized the number of hours worked by the Plaintiff and the

23   other CLASS members at the effective regular rates of pay and the effective overtime rates of pay."

24   (FAC, ¶ 84.)  Plaintiff further contends that "Defendant knowingly and intentionally failed to

25   comply with Cal. Lab. Code § 226."  (FAC, ¶ 85.)   If Plaintiff and the putative class prevail, they

26   are entitled to liquidated damages of fifty dollars ($50.00) for the initial pay period in which the

27   violation occurred, and one hundred dollars ($100.00) for each violation in a subsequent, but in no

28   event more than four thousand dollars ($4,000.00).

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415.433.1940

DEFENDANT HSBC BANK, N.A.'S          CASE NO.
NOTICE OF REMOVAL          8.    (Santa Clara Sup. Ct. Case No. 111CV205999)

33.     Although Defendant denies the merit of Plaintiff's itemized wage claim, Defendant assumes, for purposes of removal only, that Plaintiff is entitled to recover liquidated damages for each wage statement provided to him (on a bi-weekly basis) during his employment, Plaintiff would able to recover damages for 41 violations.   This equates to $50 for the initial violation and $4,000 for the subsequent violations (40 wage statements x $100).  Because $4,050.00 exceeds the statutory recovery limit, the amount in controversy for this claim is **$4,000.00.**

F.     **Liquidated Damages**

34.     Plaintiff alleges that "PLAINTIFF and the other COLLECTIVE CLASS members are entitled to overtime compensation for all overtime hours actually worked...," and "an equal amount of liquidated damages."   (FAC, ¶ 93; Prayer to FAC, ¶ 2(c).)  Although Defendant denies the merit of Plaintiff's FLSA claim, Defendant has calculated, for purposes of removal only, the amount in controversy for liquidated damages to be **$42,756.50**, the amount in controversy calculated above for alleged unpaid overtime compensation.

G.     **Civil Penalties under Private Attorneys General Act ("PAGA")**

35.     Plaintiff alleges that Defendant violated the "applicable Labor Code sections listed in Labor Code § 2699.5, including but not limited to Labor Code §§ 201, 202, 204, 226, 226.7, 510, 512, 1194, and 1198 and Wage Order No.4-2001" and that "PLAINTIFFS [sic] hereby seek recovery of civil penalties as prescribed by the Labor Code Private Attorney General Act of 2004 as the representative of the State of California for the illegal conduct perpetrated on PLAINTIFFS and other AGGRIEVED EMPLOYEES, against whom one or more of the violation of the Labor Code was committed." (FAC, ¶ 109.)

36.     California Labor Code § 2699(f)(2), which applies to employers like Defendant who employ more than one employee, provides that "[i]f, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation."

37.     Although Defendant denies the merit of Plaintiff's PAGA claim, Defendant has calculated, for purposes of removal only, that Plaintiff is entitled to recover civil penalties for

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108 2693
415 433.1940

DEFENDANT HSBC BANK, N.A.'S
NOTICE OF REMOVAL                                   9.

CASE NO.
(Santa Clara Sup. Ct. Case No. 111CV205999)

1   approximately 41 pay periods during his employment.  This equates to $100 for the initial violation

2   and $8,000 for the subsequent violations (40 pay periods x $200), totaling **$8,100.00**.

3       **H.    Attorneys' Fees**

4           38.    Plaintiff also seeks to recover attorneys' fees pursuant to California Labor

5   Code § 218.5. (Prayer to FAC, ¶ 4(B)).  It is well settled that, in determining whether a complaint

6   meets the amount in controversy requirement, the Court should consider the aggregate value of

7   claims for damages as well as attorneys' fees. *See, e.g., Lowdermilk v. U.S. Bank Nat'l Assoc.*, 479

8   F.3d 997, 1000 (9th Cir. 2007); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005), *cert.*

9   *denied*, 127 S. Ct. 157 (2006); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998)

10  (attorneys' fees may be taken into account to determine jurisdictional amounts).  Assuming an

11  attorney's fee award of 33% of the aforementioned amounts in controversy, the amount of attorneys'

12  fees recovered by Plaintiff, should he prevail, would likely exceed **$44,361.32** ($134,428.25 x 33%).

13          39.    Taking into consideration that Plaintiff seeks many types of damages,

14  including overtime compensation, waiting time penalties, compensation for missed meal and rest

15  periods, itemized wage statement damages, PAGA penalties, liquidated damages, and attorneys'

16  fees, the amount of damages claimed by Plaintiff easily meets the minimum amount in controversy

17  and totals approximately **$178,789.57** ($42,756.50 (overtime) + $14,252.60 (meal period violations)

18  + $14,252.60 (rest period violations) + $8,310.00 (waiting time penalties) + $4,000.00 (itemized

19  wage statement violations) + $42,756.50 (FLSA liquidated damages) + $8,100.00 (PAGA penalties)

20  + $44,361.32 (attorney's fees)).

21          40.    Based on the foregoing, Plaintiff's individual claims for damages, penalties,

22  and other monetary relief exceed the $75,000 jurisdictional limit of this Court required by the

23  diversity statute, 28 U.S.C. § 1332(a).  Consequently, this is a civil action over which this Court has

24  original jurisdiction under 28 U.S.C. § 1332(a) and one that is properly removed to this Court

25  pursuant to 28 U.S.C. §§ 1441 and 1446.

26

27

28

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA  94108 2693
415.433.1940

DEFENDANT HSBC BANK, N.A.'S
NOTICE OF REMOVAL

10.

CASE NO.
(Santa Clara Sup. Ct. Case No. 111CV205999)

## V.   VENUE

41.   Plaintiff commenced the action in the Superior Court for the State of California, in and for the County of Santa Clara.  Accordingly, pursuant to 28 U.S.C. §§ 84(c)(2) and 1441(a), venue lies in the United States District Court, Northern District of California.

## VI.   INTRADISTRICT VENUE

42.   The First Amended Complaint alleges activities occurring in the County of Santa Clara.  Pursuant to United States District Court, Northern District Local Rule 3-2(d), the appropriate assignment of this action is to the San Jose division of this Court.

## VII.   NOTICE TO PLAINTIFF AND SUPERIOR COURT

43.   Pursuant to 28 U.S.C. § 1446(d), Defendant's Notice to Plaintiff of Removal to Federal Court was filed in state court and served simultaneously herewith.  A true and correct copy of said Notice is attached hereto as Exhibit "G."

44.   Pursuant to 28 U.S.C. § 1446(d), Defendant's Notice to State Court of Removal to Federal Court was filed in state court and served simultaneously herewith.  A true and correct copy of said Notice is attached hereto as Exhibit "H."

WHEREFORE, pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446, Defendant removes this case from the Superior Court of the State of California in and for the County of Santa Clara to this Court.


Dated: September 14, 2011


GEORGE J. TICHY, II
MICHELLE R. BARRETT
LISA J. LIN
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
HSBC BANK USA, N.A.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEFENDANT HSBC BANK, N.A.'S
NOTICE OF REMOVAL

11.

CASE NO.
(Santa Clara Sup. Ct. Case No. 111CV205999)

# EXHIBIT A

1    **BLUMENTHAL, NORDREHAUG & BHOWMIK**
2      Norman B. Blumenthal (State Bar #068687)
       Kyle R. Nordrehaug (State Bar #205975)
3      Aparajit Bhowmik (State Bar #248066)
     2255 Calle Clara
4    La Jolla, CA 92037
     Telephone: (858)551-1223
5    Facsimile: (858) 551-1232
     Website: www.bamlawca.com
6
     Attorneys for Plaintiff
7

ENDORSED

2011 JUL 27 A 11: 55

David H. Yamasaki, Clerk of the Superior Court
County of Santa Clara, California
By_____
              R. Schwartz, Deputy Clerk

8

9

10              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11              **IN AND FOR THE COUNTY OF SANTA CLARA**

12

13   SUBRAHMANYESWARA RAO                CASE No. 1 1 1 C V 2 0 5 9 9 9
14   KOLLA, an individual, on behalf of
     himself, and all persons similarly    **CLASS AND COLLECTIVE ACTION**
15   situated,                             **COMPLAINT FOR:**

16              Plaintiff,               1.   UNFAIR COMPETITION IN
                                              VIOLATION OF CAL. BUS. &
17   vs.                                       PROF. CODE §§ 17200 *et seq.*;
                                          2.   FAILURE TO PAY OVERTIME
18   HSBC BANK USA, N.A., a Delaware           COMPENSATION IN VIOLATION
     Corporation; and DOES 1 through 50,       OF CAL. LAB. CODE §§ 510, 1194
19   inclusive,                               AND 1198, *et seq.*;
                                          3.   FAILURE TO PROVIDE
20                                            ACCURATE ITEMIZED WAGE
21              Defendant.                     STATEMENTS IN VIOLATION
                                              OF CAL. LAB. CODE § 226; and,
22                                        4.   FAILURE TO PAY OVERTIME
                                              COMPENSATION IN VIOLATION
23                                            OF 29 U.S.C. § 201, *et seq.*

24                                        **DEMAND FOR A JURY TRIAL**
25

26

27

28

1    Plaintiff Subrahmanyeswara Rao Kolla ("PLAINTIFF"), on behalf of himself and all

2    other similarly situated current and former employees, alleges on information and belief, except

3    for his own acts and knowledge which are based on personal knowledge, the following:

4

5                                    **INTRODUCTION**

6        1.      This is a Class Action brought on behalf of the PLAINTIFF and on behalf of

7    the proposed classes of individuals who worked for Defendant HSBC Bank USA, N.A.

8    ("HSBC" or "DEFENDANT").  These employees were denied overtime wages as required

9    by federal and state wage and hour laws.

10       2.      The CLASS is made up of all persons who were employed in California by

11   Defendant HSBC Bank USA, N.A. as an "AVP Cluster Operations Officer," "AVP Branch

12   Operations Officer" (collectively, the "Operations Officers"), at any time during the

13   applicable class period.

14

15                               **FACTUAL BACKGROUND**

16       3.      Plaintiff Subrahmanyeswara Rao Kolla ("PLAINTIFF") was employed by

17   DEFENDANT in Santa Clara County as an "AVP Cluster Operations Officer" from August

18   2009 to March 2011.  PLAINTIFF was hired by HSBC to review bank records to ensure

19   compliance with customers and to provide customer service at the San Jose retail location.

20   PLAINTIFF reported to the HSBC San Jose branch manager.  PLAINTIFF's day-to-day job

21   was to review bank records to ensure compliance with bank policies and procedures and

22   provide customer service at the retail location.  PLAINTIFF regularly worked at least five

23   (5) days a week and ten (10) hours a day.  PLAINTIFF began work early in the morning and

24   worked into the evenings and on the weekends, causing his hours worked to regularly

25   exceed forty (40) in a workweek.  Further, DEFENDANT was aware that the PLAINTIFF

26   was working overtime because the branch manager was in the bank working at the same

27   time and the PLAINTIFF was required to report to the branch manager each day.

28   Nevertheless, the PLAINTIFF was not provided with overtime compensation for the

1   overtime hours he worked and was also not provided with all meal and rest breaks.

2   PLAINTIFF was finally terminated in March 2011.

3

4   <u>GENERAL ALLEGATIONS</u>

5       4.      Pursuant to the authority granted by California Labor Code Section 515, the

6   applicable Industrial Welfare Commission Wage Order (Wage Order 4-2001) may establish

7   exemptions from the requirement that overtime compensation be paid pursuant to Sections

8   510 and 511 for executive, administrative, and professional employees, provided that the

9   employee is primarily engaged in duties that meet the test of the exemption, customarily and

10  regularly exercises discretion and independent judgment as to matters of significance in

11  performing those duties, and earns a monthly salary equivalent to no less than two times the

12  state minimum wage for full-time employment.

13      5.      For purposes of exempting executive employees, included in Title 8 of the

14  California Code of Regulations, as Section 11040, [the Wage Order] provides that, among

15  other conditions, the employee must be in charge of a customarily recognized department or

16  subdivision of the enterprise, not merely participate in the management of the unit.

17      6.      For purposes of exempting administrative employees, included in Title 8 of the

18  California Code of Regulations, as Section 11040, [the Wage Order] provides that, among

19  other conditions, the employee must perform "office or non-manual work directly related to

20  management policies or general business operations" of the employer or its customers.

21      7.      Operations Officers are engaged in the routine, day-to-day production activity

22  of DEFENDANT which primarily involves: reviewing new accounts for proper

23  documentation and compliance, reviewing customer activity through daily reviews, logs and

24  reports for proper documentation and compliance, reviewing department productivity,

25  assisting teller transactions, calling and meeting with customers and providing them with

26  account information to ensure quality service and client retention.  Operations Officers

27  either complete these day-to-day branch operations activities in accordance with already

28  established company guidelines or if unable to do so, then report the matter to their branch

---

1   manager ("General Manager") so as to allow the branch manager to follow-up with

2   additional work on the matter reported. These managers are the actual "executives" in

3   charge of managing the day-to-day operations activities at each retail location as the

4   recognized department or subdivision of DEFENDANT. The work of an Operations Officer

5   is therefore not related to setting management policies or to the general business operations,

6   but rather to the "production" of one of DEFENDANT's products which is customer service

7   and account support for retail banking and therefore directly related to the goods and

8   services that constitute a financial service company's marketplace offerings. As a result, the

9   Operations Officers do not customarily and regularly exercise discretion and independent

10  judgment as to matters of significance in performing their duties as their work is functional.

11      8.    PLAINTIFF and the other Operations Officers are also not the executives in

12  charge of a customarily recognized unit of DEFENDANT and not the administrators setting

13  management policies or altering the general business operations of DEFENDANT. As a

14  result, the PLAINTIFF and the other Operations Officers were and are engaged in work of a

15  type that falls outside the scope of the "executive" and "administrative" employee

16  exemptions, and should therefore have been classified as non-exempt employees entitled to

17  overtime compensation.

18      9.    DEFENDANT also failed to provide the PLAINTIFF and the other Operations

19  Officers with complete and accurate wage statements which failed to show, among other

20  things, the number of hours worked. Cal. Lab. Code § 226 provides that every employer

21  shall furnish each of his or her employees with an accurate itemized wage statement in

22  writing showing, among other things, gross wages earned and all applicable hourly rates in

23  effect during the pay period and the corresponding number of hours worked at each hourly

24  rate. As a result, DEFENDANT provided the PLAINTIFF and the other Operations Officers

25  with wage statements which violate Cal. Lab. Code § 226, and also violate Wage Order No.

26  4 by failing to maintain time records showing when work begins and ends for each

27  employee.

28      10.   The positions of "AVP Cluster Operations Officer" and "AVP Branch

1   Operations Officer" were represented by DEFENDANT to the PLAINTIFF and the other

2   CLASS members as exempt and salaried positions.

3       11.     For DEFENDANT's business, the CLASS members functioned as working

4   members in DEFENDANT's retail operations division.  As defined by DEFENDANT's

5   comprehensive corporate policies, practices and procedures, the CLASS members employed

6   by DEFENDANT were and are at all times required to perform the day-to-day production

7   operations activities of reviewing bank records to confirm compliance with bank

8   requirements and providing customer service at the retail locations.  These standardized

9   procedures mirror the realities of the workplace evidencing a uniformity of work among the

10  Operations Officers and negate any exercise of discretion and independent judgment as to

11  matters of significance.

12      12.     The work schedule for the Operations Officers was set by DEFENDANT.

13  Generally, the CLASS members work ten (10) to twelve (12) hours each workday and ten

14  (10) to twenty (20) hours of overtime each workweek.

15      13.     DEFENDANT has not established an alternative workweek election for the

16  CLASS members for ten (10) to twelve (12) hour workdays.

17      14.     PLAINTIFF and the other Operations Officers were not provided with

18  overtime compensation and other benefits required by law as a result of being misclassified

19  as "exempt" by DEFENDANT.

20      15.     As a matter of company policy, practice and procedure, DEFENDANT has

21  unlawfully, unfairly and/or deceptively classified every Operations Officer as exempt based

22  on job title alone, failed to pay required overtime compensation, and otherwise failed to

23  comply with all applicable labor laws with respect to these Operations Officers.

24

25                          **THE PARTIES**

26      16.     Plaintiff Subrahmanyeswara Rao Kolla resides in Santa Clara County and was

27  employed by DEFENDANT as an Operations Officer from August 2009 to March 2011.

28      17.     Defendant HSBC Bank USA, N.A., is a Delaware corporation with its

1  principal place of business in Buffalo, New York.  HSBC Bank USA, N.A. hereinafter also

2  referred to as "HSBC" or "DEFENDANT" is the principal subsidiary of HSBC USA Inc., an

3  indirect, wholly-owned subsidiary of HSBC North America Holdings Inc., one of the ten

4  largest banking holding companies in the United States.  At all relevant times mentioned

5  herein, HSBC conducted and continues to conduct substantial and regular business

6  throughout California.

7         18.     HSBC's business is providing financial services throughout the United States.

8  The company offers a full range of banking products and services to individuals, including

9  high net worth individuals, small businesses, corporations, institutions and governments

10  through its personal financial services, commercial banking, private banking and global

11  banking and markets segments.

12         19.     The unfavorable economic conditions that have affected the United States for

13  the past few years, including high unemployment, have adversely impacted the financial

14  services market.  To the extent that these conditions continue, HSBC will continue to suffer

15  losses which will continue to materially affect the bank's operations and financial condition.

16  While committed to remaining one of the ten largest banks in the United States, HSBC has

17  consequently placed this financial burden on a smaller number of employees by cutting its

18  most crucial asset, the employees that have contributed to its superior banking operations

19  and delivered market strength in a challenging financial climate.  An employer's obligation

20  to pay its employees wages is more than a matter of private concern between the parties.

21  This obligation is founded on a compelling public policy judgment that employees are

22  entitled to work a livable number of hours at a livable wage.  In addition, statutes and

23  regulations that compel employers to pay overtime relate to fundamental issues of social

24  welfare worthy of protection.  The requirement to pay overtime wages extends beyond the

25  benefits individual workers receive because overtime wages discourage employers from

26  concentrating work in a few overburdened hands and encourage employers to instead hire

27  additional employees.  Especially in today's economic climate, the importance of spreading

28  available work to reduce unemployment and paying employees all wages they are entitled to

1  cannot be overestimated.

2       20.    The true names and capacities, whether individual, corporate, associate or

3  otherwise of the Defendants sued herein as DOES 1 through 50, inclusive, are presently

4  unknown to the PLAINTIFF who therefore sues these Defendants by such fictitious names

5  pursuant to Cal. Civ. Proc. Code § 474.  PLAINTIFF is informed and believes, and based

6  thereon, alleges that each of the Defendants designated herein is legally responsible in some

7  manner for the unlawful acts referred to herein.  PLAINTIFF will seek leave of Court to

8  amend this Complaint to reflect the true names and capacities of the Defendants when they

9  have been ascertained and become known.

10       21.    The agents, servants and/or employees of the Defendants and each of them

11  acting on behalf of the Defendants acted within the course and scope of his, her or its

12  authority as the agent, servant and/or employee of the Defendants, and personally

13  participated in the conduct alleged herein on behalf of the Defendants with respect to the

14  conduct alleged herein.  Consequently, the acts of each Defendant are legally attributable to

15  the other Defendants and all Defendants are jointly and severally liable to the PLAINTIFF

16  and the other CLASS members, for the loss sustained as a proximate result of the conduct of

17  the Defendants' agents, servants and/or employees.

18

19                               **JURISDICTION AND VENUE**

20       22.    This Court has jurisdiction over this Action pursuant to California Code of

21  Civil Procedure, Section 410.10 and California Business & Professions Code, Section

22  17203.  This Action is brought as a Class Action on behalf of similarly situated employees

23  of Defendant HSBC Bank USA, N.A. pursuant to California Code of Civil Procedure,

24  Section 382.

25       23.    Venue is proper in this Court pursuant to California Code of Civil Procedure,

26  Sections 395 and 395.5, because the PLAINTIFF resides in this County and DEFENDANT

27  (i) currently maintains and at all relevant times maintained offices and facilities in this

28  County and/or conducts substantial business in this County, and (ii) committed the wrongful

1   conduct herein alleged in this County against the PLAINTIFF and members of the CLASS.

2

3                              **THE CONDUCT**

4       24.    The primary job duty required of the CLASS members as defined by

5   DEFENDANT is executed by the CLASS members through the performance of routine,

6   non-exempt production labor within a defined skill set of reviewing bank records to confirm

7   compliance with the bank requirements and providing customer service.

8       25.    Although the PLAINTIFF and the other CLASS members primarily performed

9   non-exempt production labor, DEFENDANT instituted a blanket classification policy,

10  practice and procedure by which all the CLASS members were classified as exempt from

11  compensation for all hours worked, overtime compensation, and meal breaks and rest

12  breaks. By reason of this uniform exemption policy, practice and procedure applicable to

13  the PLAINTIFF and the other CLASS members who performed this non-exempt labor,

14  DEFENDANT committed acts of unfair competition in violation of the California Unfair

15  Competition law, Cal. Bus. & Prof. Code § 17200 (the "UCL"), by engaging in a company-

16  wide policy, practice and procedure which failed to properly classify the PLAINTIFF and

17  the other CLASS members and thereby failed to pay them overtime wages for overtime

18  hours worked and provide them with meal and rest breaks. The proper classification of these

19  employees is DEFENDANT's burden.  As a result of DEFENDANT's intentional disregard

20  of the obligation to meet this burden, DEFENDANT failed to pay all required compensation

21  for all hours worked by the PLAINTIFF and the other CLASS members and violated the

22  California Labor Code and regulations promulgated thereunder as herein alleged.  In

23  addition, DEFENDANT failed to provide all legally required off-duty meal and rest breaks

24  to the PLAINTIFF and the other CLASS members as required by the applicable Wage Order

25  and Labor Code. DEFENDANT did not have a policy or practice which provided meal and

26  rest breaks to the PLAINTIFF and the other CLASS members.  As a result, DEFENDANT's

27  failure to provide the PLAINTIFF and the other CLASS members with all legally required

28  meal and rest breaks is evidenced by DEFENDANT's business records which contain no

1  record of these breaks.

2      26.    DEFENDANT, as a matter of law, has the burden of proving that (a)

3  employees are properly classified as exempt and that (b) DEFENDANT otherwise complies

4  with applicable laws.  Other than the initial classification of the PLAINTIFF and the other

5  CLASS members as exempt from being paid overtime based on job title alone,

6  DEFENDANT had no business policy, practice or procedure to ensure that the PLAINTIFF

7  and the other CLASS members were properly classified as exempt, and in fact, as a matter

8  of corporate policy erroneously and unilaterally classified all the CLASS members as

9  exempt based on job title alone.

10      27.    During their employment with DEFENDANT, the PLAINTIFF and the other

11  CLASS members primarily performed non-exempt job duties, but were nevertheless

12  classified by DEFENDANT as exempt from overtime pay and worked more than eight (8)

13  hours a day, forty (40) hours a week, and/or on the seventh (7th) consecutive day of a

14  workweek.

15      28.    PLAINTIFF and the other CLASS members employed by DEFENDANT

16  were not primarily engaged in work of a type that was or now is directly related to the

17  management policies or general business operations of the employer's customers, when

18  giving these words a fair but narrow construction.  PLAINTIFF and the other CLASS

19  members employed by DEFENDANT were also not primarily engaged in work of a type that

20  was or now is performed at the level of the policy or management of DEFENDANT.

21  PLAINTIFF and the other CLASS members employed by DEFENDANT were also not

22  primarily engaged in work requiring knowledge of an advanced type in a field or science or

23  learning customarily acquired by a prolonged course of specialized intellectual instruction

24  and study, but rather their work primarily involves the performance of routine mental,

25  manual, and/or physical processes.  PLAINTIFF and the other CLASS members employed

26  by DEFENDANT were also not primarily engaged in work that is predominantly intellectual

27  and varied in character, but rather is routine mental, manual, mechanical, and/or physical

28  work that is of such character that the output produced or the result accomplished can be

1   standardized in relation to a given period of time.  The work of an Operations Officer of

2   DEFENDANT was work wherein the PLAINTIFF and the other CLASS members were

3   primarily engaged in the day-to-day production operations activities of reviewing bank

4   records to confirm compliance with bank requirements and providing customer service on

5   the production side of DEFENDANT's business and in accordance with DEFENDANT's

6   strict bank requirements.

7       29.     The fact that the work of these CLASS members may have involved work

8   using a specialized skill set or technical abilities in a defined technical area does not mean

9   that the PLAINTIFF and the other Operations Officers employed by DEFENDANT are

10  exempt from overtime wages.  Indeed, the exercise of discretion and independent judgment

11  must be more than the use of a highly technical skill set described in a manual or other

12  sources.  The work that the PLAINTIFF and the other CLASS members employed by

13  DEFENDANT were and are primarily engaged in is performing the day-to-day non-exempt

14  production activities which is work that is required to be performed as part of the day-to-

15  day-business of DEFENDANT.  As a result, the PLAINTIFF and the other CLASS members

16  employed by DEFENDANT were primarily engaged in work that falls on the

17  production/non-exempt administration side of the administrative/production worker

18  dichotomy and therefore should have been properly classified as non-exempt employees.

19      30.     The primary job duty of the PLAINTIFF and the other CLASS members

20  employed by DEFENDANT was and is reviewing bank records to confirm compliance with

21  bank requirements and providing customer service.  The CLASS members are tightly

22  controlled by bank requirements and by their managers, do not exercise discretion and

23  independent judgment as to matters of significance, are not in charge of a customarily

24  recognized department or subdivision therein, and their job duties are not directly related to

25  the management policies or general business operations of DEFENDANT.  As a result, the

26  CLASS members are engaged in a type of work that falls outside the scope of the

27  "executive" and "administrative" exemptions.

28      31.     PLAINTIFF and the other CLASS members were and are uniformly classified

1  and treated by DEFENDANT as exempt at the time of hire and thereafter, DEFENDANT

2  failed to take the proper steps to determine whether the PLAINTIFF and the other CLASS

3  members were properly classified under the applicable Industrial Welfare Commission

4  Wage Order (Wage Order 4-2001) and Cal. Lab. Code §§ 510, et seq. as exempt from

5  applicable California labor laws.  Since DEFENDANT affirmatively and wilfully

6  misclassified the PLAINTIFF and the other CLASS members in compliance with California

7  labor laws, DEFENDANT's practices violated and continue to violate California law.  In

8  addition, DEFENDANT acted deceptively by falsely and fraudulently telling the

9  PLAINTIFF and each member of the CLASS that they were exempt from overtime

10  compensation when DEFENDANT knew or should have known that this statement was false

11  and not based on known facts.  DEFENDANT also acted unfairly by violating the California

12  labor laws, and as a result of this policy and practice, DEFENDANT also violated the UCL.

13  In doing so, DEFENDANT cheated the competition by paying the CLASS less than the

14  amount competitors paid who complied with the law and cheated the CLASS by not paying

15  them in accordance with California law.

16      32.    DEFENDANT also failed to provide and still fails to provide the PLAINTIFF

17  and the other CLASS members with a wage statement in writing that accurately sets forth

18  gross wages earned, all applicable hourly rates in effect during the pay period and the

19  corresponding number of hours worked at each hourly rate by the PLAINTIFF and the other

20  CLASS members.  This conduct violates Cal. Lab. Code § 226.  The pay stub also does not

21  accurately display anywhere the PLAINTIFF's and the other CLASS members' overtime

22  hours and applicable rates of overtime pay for the pay period.

23      33.    By reason of this uniform conduct applicable to the PLAINTIFF and the other

24  CLASS members, DEFENDANT committed acts of unfair competition in violation of the

25  California Unfair Competition law, Cal. Bus. & Prof. Code § 17200 (the "UCL"), by

26  engaging in a company-wide policy, practice and procedure which failed to correctly classify

27  the PLAINTIFF and the CLASS as non-exempt.  The proper classification of these

28  employees is DEFENDANT's burden.  As a result of DEFENDANT's intentional disregard

1   of the obligation to meet this burden, DEFENDANT failed to properly calculate and/or pay

2   all required compensation for work performed by the CLASS members and violated the

3   applicable Wage Order, the California Labor Code and the regulations promulgated

4   thereunder as herein alleged.

5

6                           **THE UCL REMEDIES**

7       34.    As a result of DEFENDANT's UCL violation, the PLAINTIFF, on behalf

8   of himself and the CLASS, seeks restitutionary disgorgement of DEFENDANT's ill-gotten

9   gains into a fluid fund in order to provide restitution of all the money that DEFENDANT

10  was required by law to pay, but failed to pay, to the PLAINTIFF and all the other CLASS

11  members.  PLAINTIFF also seeks all other relief available to him and the other CLASS

12  members located in California under California law.  PLAINTIFF also seeks declaratory

13  relief finding that the employment policies, practices and procedures of DEFENDANT

14  violate California law.

15

16                          **THE CALIFORNIA CLASS**

17      35.    PLAINTIFF brings the First, Second and Third Causes of Action as a Class

18  Action pursuant to California Code of Civil Procedure, Section 382, on behalf of a Class

19  defined as all individuals who are or previously were employed by Defendant HSBC Bank

20  USA, N.A. as an Operations Officer as hereinabove defined in California (the "CLASS")

21  during the period beginning on the date four (4) years before the filing of this Action and

22  ending on the date as determined by the Court (the "CLASS PERIOD").

23      36.    To the extent equitable tolling operates to toll claims by the CLASS against

24  DEFENDANT, the CLASS PERIOD should be adjusted accordingly.

25      37.    DEFENDANT, as a matter of corporate policy, practice and procedure,

26  and in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC")

27  Wage Order Requirements, and the applicable provisions of California law, intentionally,

28  knowingly and wilfully engaged in a practice whereby DEFENDANT unlawfully, unfairly

1   and deceptively instituted a practice to ensure that the employees employed in an Operations

2   Officer position were not properly classified as non-exempt from the requirements of

3   California Labor Code §§ 510, et seq.

4       38.    DEFENDANT has the burden of proof that each and every employee is

5   properly classified as exempt from the requirements of the Cal. Lab. Code §§ 510, et seq.

6   DEFENDANT, however, as a matter of uniform and systematic policy, practice and

7   procedure, had in place during the CLASS PERIOD and still has in place a policy, practice

8   and procedure that misclassifies the CLASS members as exempt.  DEFENDANT's uniform

9   policy, practice and procedure in place at all times during the CLASS PERIOD and currently

10  in place is to systematically classify each and every CLASS member as exempt from the

11  requirements of the California Labor Code §§ 510, et seq.  This common business practice

12  applicable to each and every CLASS member can be adjudicated on a class-wide basis as

13  unlawful, unfair, and/or deceptive under Cal. Bus. & Prof. Code §§ 17200 et seq. (the

14  "UCL") as causation, damages and reliance are not elements of this claim.

15      39.    At no time before or during the PLAINTIFF's employment with

16  DEFENDANT was any CLASS member reclassified as non-exempt from the applicable

17  requirements of California Labor Code §§ 510, et seq. after each CLASS member was

18  initially, uniformly and systematically classified as exempt upon being hired.

19      40.    Any individual declarations of any employees offered at this time purporting

20  to indicate that one or more CLASS member may have been properly classified is of no

21  force or affect absent contemporaneous evidence that DEFENDANT's uniform system did

22  not misclassify the PLAINTIFF and the other CLASS members as exempt pursuant to Cal.

23  Lab. Code §§ 510, et seq.  Absent proof of such a contemporaneous system,

24  DEFENDANT's business practice is uniformly unlawful, unfair and/or deceptive under the

25  UCL and may be so adjudicated on a class-wide basis.  As a result of the UCL violations,

26  the PLAINTIFF and the other CLASS members are entitled to compel DEFENDANT to

27  provide restitutionary disgorgement of their ill-gotten gains into a fluid fund in order to

28  restitute these funds to the PLAINTIFF and the other CLASS members according to proof.

41.     DEFENDANT has intentionally and deliberately created a multi-tiered management structure with numerous levels.  PLAINTIFF and the other CLASS members are at the bottom of the pyramid, acting as low-level functionaries whose primary job duty is the day-to-day production activities of reviewing bank records to confirm compliance with bank requirements and providing customer service in accordance with DEFENDANT's strict, uniform bank requirements.  The job levels and job titles such as  "AVP Cluster Operations Officer" and "AVP Branch Operations Officer" (collectively, the "Operations Officers") were distributed in order to create the superficial appearance of a number of unique jobs, when in fact, these jobs are substantially similar and can be easily grouped together with other jobs for the purpose of determining whether they were all misclassified. One of DEFENDANT's purposes in creating and maintaining this multi-level job classification scheme is to create an artificial barrier to discovery and class certification for all employees similarly misclassified as exempt.  DEFENDANT has uniformly misclassified these CLASS members as exempt and denied them overtime wages and other benefits to which non-exempt employees are entitled, in order to unfairly cheat the competition and unlawfully profit.

42.     The CLASS is so numerous that joinder of all the CLASS members is impracticable.

43.     During the CLASS PERIOD, DEFENDANT violated the rights of the PLAINTIFF and the other CLASS members under California law, without limitation, in the following manners:

(a)     Violating the California Unfair Competition law, Cal. Bus. & Prof. Code §§ 17200 *et seq.* (the "UCL"), by unlawfully, unfairly and/or deceptively having in place company policies, practices and procedures that uniformly misclassified the PLAINTIFF and the other CLASS members as exempt;

(b)     Committing an act of unfair competition in violation of the UCL, by unlawfully, unfairly and/or deceptively failing to have in place a

1   company policy, practice and procedure that accurately determined the

2   amount of working time spent by the PLAINTIFF and the other CLASS

3   members performing non-exempt labor;

4   (c)   Committing an act of unfair competition in violation of the UCL, by

5   having in place a company policy, practice and procedure that failed to

6   reclassify as non-exempt those members of the CLASS whose actual

7   job duties are primarily comprised of non-exempt job functions;

8   (d)   Committing an act of unfair competition in violation of the UCL, by

9   violating Cal. Lab. Code §§ 510, *et seq.* by failing to pay the correct

10   overtime pay to the PLAINTIFF and the other CLASS members who

11   were improperly classified as exempt, and retaining the unpaid

12   overtime to the benefit of DEFENDANT;

13   (e)   Committing an act of unfair competition in violation of the UCL, by

14   failing to provide all legally required meal and/or rest breaks to the

15   PLAINTIFF and the other CLASS members;

16   (f)   Committing an act of unfair competition in violation of the UCL, by

17   violating Cal. Lab. Code § 226 by failing to provide the PLAINTIFF

18   and the other CLASS members with an accurate itemized statement in

19   writing showing the gross wages earned, the net wages earned, all

20   applicable hourly rates in effect during the pay period and the

21   corresponding number of hours worked at each hourly rate by the

22   employee;

23   (g)   Committing an act of unfair competition in violation of the UCL, by

24   violating Cal. Lab. Code §§ 201, 202, 203, & 204, by failing to tender

25   timely and full payment and/or restitution of all wages owed to the

26   employees whose employment with DEFENDANT has terminated; and,

27   (h)   Committing an act of unfair competition in violation of the UCL, by

28   violating the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et*

*seq.*, by failing to pay the correct overtime wages to the PLAINTIFF and the other CLASS members who were improperly classified as exempt as legally required by the FLSA, and retaining the unpaid overtime to the benefit of DEFENDANT.

44.     Common questions of law and fact exist as to the CLASS members, including but not limited to, the following:

(a)     Whether DEFENDANT's policies, practices and pattern of conduct described in this Complaint was and is unlawful;

(b)     Whether DEFENDANT unlawfully failed to pay overtime compensation to the CLASS members in violation of the California Labor Code, California regulations and the applicable California Wage Order;

(c)     Whether the CLASS members are non-exempt employees entitled to overtime compensation for overtime hours worked under the overtime pay requirements of California law;

(d)     Whether DEFENDANT's policy, practice and procedure of classifying the CLASS members as exempt from overtime compensation and failing to pay the CLASS members overtime violates applicable provisions of California law;

(e)     Whether DEFENDANT unlawfully failed to provide the CLASS members with all legally required meal and/or rest breaks;

(f)     Whether DEFENDANT unlawfully failed to keep and furnish CLASS members with accurate records of overtime hours worked;

(g)     Whether DEFENDANT's policy and practice of failing to pay the CLASS members all wages when due within the time required by law after their employment terminated violates California law;

(h)     Whether DEFENDANT has engaged in unfair competition by the above-listed conduct; and,

1         (i)     Whether DEFENDANT's conduct was willful.

2      45.   This Class Action meets the statutory prerequisites for the maintenance of a

3 Class Action as set forth in California Code of Civil Procedure, Section 382, in that:

4        (a)    The persons who comprise the CLASS are so numerous that the joinder

5               of all such persons is impracticable and the disposition of their claims

6               as a class will benefit the parties and the Court;

7        (b)    Nearly all factual, legal, statutory and declaratory relief issues that are

8               raised in this Complaint are common to the CLASS and will apply

9               uniformly to every member of the CLASS;

10       (c)    The claims of the representative PLAINTIFF are typical of the claims

11              of each member of the CLASS.  PLAINTIFF, like all the CLASS

12              members, was initially classified as exempt upon hiring based on the

13              defined corporate policies, practices and procedures and labored under

14              DEFENDANT's systematic policy, practice and procedure that failed to

15              properly classify the PLAINTIFF and the other CLASS members.

16              PLAINTIFF sustained economic injury as a result of DEFENDANT's

17              employment practices.  PLAINTIFF and the other CLASS members

18              were and are similarly or identically harmed by the same unlawful,

19              unfair, deceptive and pervasive pattern of misconduct engaged in by

20              DEFENDANT by deceptively advising all the CLASS members that

21              they were exempt from overtime wages based on the defined corporate

22              policies and practices, and unfairly failing to pay overtime to these

23              employees who were improperly classified as exempt; and,

24       (d)    The representative PLAINTIFF will fairly and adequately represent and

25              protect the interest of the CLASS, and has retained counsel who is

26              competent and experienced in Class Action litigation.  There are no

27              material conflicts between the claims of the representative PLAINTIFF

28              and the other CLASS members that would make class certification

1  inappropriate.  Counsel for the CLASS will vigorously assert the claims

2  of all employees in the CLASS.

3      46.    In addition to meeting the statutory prerequisites to a Class Action, this Action

4  is properly maintained as a Class Action pursuant to California Code of Civil Procedure,

5  Section 382, in that:

6      (a)    Without class certification and determination of declaratory, statutory

7      and other legal questions within the class format, prosecution of

8      separate actions by individual members of the CLASS will create the

9      risk of:

10      i)    Inconsistent or varying adjudications with respect to individual

11      members of the CLASS which would establish incompatible

12      standards of conduct for the parties opposing the CLASS;

13      and/or,

14      ii)    Adjudication with respect to individual members of the CLASS

15      which would as a practical matter be dispositive of interests of

16      the other members not party to the adjudication or substantially

17      impair or impede their ability to protect their interests.

18      (b)    The parties opposing the CLASS have acted or refused to act on

19      grounds generally applicable to the CLASS, making appropriate class-

20      wide relief with respect to the CLASS as a whole in that DEFENDANT

21      uniformly classified and treated the CLASS members as exempt and,

22      thereafter, uniformly failed to take proper steps to determine whether

23      the CLASS members were properly classified as exempt, and thereby

24      denied these employees overtime wages as required by law.

25      i)    With respect to the First Cause of Action, the final relief on

26      behalf of the CLASS sought does not relate exclusively to

27      restitution because through this claim the PLAINTIFF seeks

28      declaratory relief holding that DEFENDANT's policy, practice

1      and procedure constitute unfair competition, along with

2      incidental equitable relief as may be necessary to remedy the

3      conduct declared to constitute unfair competition.

4      (c)    Common questions of law and fact exist as to the members of the

5      CLASS, with respect to the practices and violations of California law as

6      listed above, and predominate over any question affecting only

7      individual members, and a Class Action is superior to other available

8      methods for the fair and efficient adjudication of the controversy,

9      including consideration of:

10      i)    The interests of the CLASS members in individually controlling

11      the prosecution or defense of separate actions;

12      ii)    The extent and nature of any litigation concerning the

13      controversy already commenced by or against the CLASS

14      members;

15      iii)    In the context of wage litigation because as a practical matter a

16      substantial number of individual class members will avoid

17      asserting their legal rights out of fear of retaliation by

18      DEFENDANT, which may adversely affect an individual's job

19      with DEFENDANT or with a subsequent employer, a Class

20      Action is the only means to assert their claims through a

21      representative;

22      iv)    The desirability or undesirability of concentrating the litigation

23      of the claims in the particular forum;

24      v)    The difficulties likely to be encountered in the management of a

25      Class Action; and,

26      vi)    The basis of DEFENDANT's policies, practices and procedures

27      uniformly applied to all the CLASS members.

28    47.    This Court should permit this Action to be maintained as a Class Action

1  pursuant to California Code of Civil Procedure, Section 382, because:

2      (a)    The questions of law and fact common to the CLASS predominate over

3      any question affecting only individual members because

4      DEFENDANT's employment practices were uniformly and

5      systematically applied with respect to the CLASS;

6      (b)    A Class Action is superior to any other available method for the fair

7      and efficient adjudication of the claims of the members of the CLASS

8      because in the context of employment litigation a substantial number of

9      individual class members will avoid asserting their rights individually

10      out of fear of retaliation or adverse impact on their employment;

11      (c)    The CLASS members are so numerous that it is impractical to bring all

12      the CLASS members before the Court;

13      (d)    PLAINTIFF and the other CLASS members will not be able to obtain

14      effective and economic legal redress unless the action is maintained as

15      a Class Action;

16      (e)    There is a community of interest in obtaining appropriate legal and

17      equitable relief for the acts of unfair competition, statutory violations

18      and other improprieties, and in obtaining adequate compensation for the

19      injuries which DEFENDANT's actions have inflicted upon the CLASS;

20      (f)    There is a community of interest in ensuring that the combined assets of

21      DEFENDANT are sufficient to adequately compensate the CLASS for

22      the injuries sustained;

23      (g)    DEFENDANT has acted or refused to act on grounds generally

24      applicable to the CLASS, thereby making final class-wide relief

25      appropriate with respect to the CLASS as a whole;

26      (h)    The CLASS members are readily ascertainable from the business

27      records of DEFENDANT.  The CLASS consists of all DEFENDANT's

28      CLASS members employed in California during the CLASS PERIOD;

and,

    (i)    Class treatment provides manageable judicial treatment calculated to bring an efficient and a rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CLASS.

48.    DEFENDANT maintains records from which the Court can ascertain and identify by name and job title, each of DEFENDANT's employees who have been systematically, intentionally and uniformly subjected to DEFENDANT's corporate policies, practices and procedures as herein alleged. PLAINTIFF will seek leave to amend the complaint to include any additional job titles of similarly situated employees when they have been identified.

**FIRST CAUSE OF ACTION**

**For Unlawful, Unfair and Deceptive Business Practices**

**[Cal. Bus. & Prof. Code §§ 17200 *et seq.*]**

**(By PLAINTIFF and the CLASS and Against All Defendants)**

49.    PLAINTIFF and the other CLASS members reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 48 of this Complaint.

50.    DEFENDANT is a "person" as that term is defined under Cal. Bus. & Prof. Code § 17021.

51.    Cal. Bus. & Prof. Code §§ 17200 *et seq.* (the "UCL") defines unfair competition as any unlawful, unfair, or fraudulent business act or practice. Section 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair competition as follows:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

1  Cal. Bus. & Prof. Code § 17203.

2    52.    By the conduct alleged herein, DEFENDANT has engaged and continues to

3  engage in a business practice which violates California law, including but not limited to,

4  Wage Order 4-2001, the California Code of Regulations, the California Labor Code

5  including Sections 201, 202, 203, 204, 226.7, 510, 1194, 1198 & 1199, the Code of Federal

6  Regulations, and the Fair Labor Standards Act ("FLSA"), for which this Court should issue

7  declaratory and other equitable relief pursuant to Cal. Bus. & Prof. Code § 17203 as may be

8  necessary to prevent and remedy the conduct held to constitute unfair competition, including

9  restitution of wages wrongfully withheld.

10    53.    By the conduct alleged herein, DEFENDANT's practices were unfair in that

11  these practices violate public policy, are immoral, unethical, oppressive, unscrupulous or

12  substantially injurious to employees, and are without valid justification or utility for which

13  this Court should issue equitable and injunctive relief pursuant to Section 17203 of the

14  California Business & Professions Code, including restitution of wages wrongfully

15  withheld.

16    54.    By the conduct alleged herein, DEFENDANT's practices were deceptive and

17  fraudulent in that DEFENDANT's uniform misclassification practice was to represent to the

18  CLASS members that they were not entitled to overtime compensation and other benefits as

19  required by California law, when in fact these representations were false and likely to

20  deceive for which this Court should issue equitable and injunctive relief pursuant to Section

21  17203 of the California Business & Professions Code, including restitution of wages

22  wrongfully withheld.

23    55.    By the conduct alleged herein, DEFENDANT's practices were also unlawful,

24  unfair and deceptive in that DEFENDANT's employment practices caused the PLAINTIFF

25  and the other CLASS members to be underpaid during their employment with

26  DEFENDANT.

27    56.    By the conduct alleged herein, DEFENDANT's practices were also unlawful,

28  unfair and deceptive in that DEFENDANT's uniform policies, practices and procedures

1    failed to provide all legally required meal and/or rest breaks to the PLAINTIFF and the other

2    CLASS members.

3         57.    Therefore, the PLAINTIFF demands on behalf of himself and on behalf of

4    each CLASS member, overtime wages and one (1) hour of pay for each workday in which

5    an off-duty meal period was not timely provided for each five (5) hours of work, and/or one

6    (1) hour of pay for each workday in which a second off-duty meal period was not timely

7    provided for each ten (10) hours of work.

8         58.    PLAINTIFF further demands on behalf of himself and on behalf of each

9    CLASS member, one (1) hour of pay for each workday in which a rest period was not timely

10   provided as required by law.

11        59.    By and through the unlawful, unfair and deceptive business practices

12   described herein, DEFENDANT has obtained valuable property, money and services from

13   the PLAINTIFF and the other CLASS members and has deprived them of valuable rights

14   and benefits guaranteed by law, all to their detriment and to the benefit of DEFENDANT so

15   as to allow DEFENDANT to unfairly compete against competitors who comply with the

16   law.

17        60.    All the acts described herein as violations of, among other things, the

18   Industrial Welfare Commission Wage Orders, the California Code of Regulations, the

19   California Labor Code, the Code of Federal Regulations, and the Fair Labor Standards Act,

20   are unlawful, are in violation of public policy, are immoral, unethical, oppressive,

21   unscrupulous, and are likely to deceive employees, as herein alleged, and thereby constitute

22   unlawful, unfair and deceptive business practices in violation of Cal. Bus. & Prof. Code §§

23   17200 *et seq.*

24        61.    PLAINTIFF and the other CLASS members are further entitled to, and do,

25   seek such relief as may be necessary to restore to them the property and money which

26   DEFENDANT has acquired, or of which the PLAINTIFF and the other  CLASS members

27   have been deprived, by means of the described unlawful, unfair and deceptive business

28   practices.

1    62.    PLAINTIFF and the other CLASS members are further entitled to, and do,

2  seek a declaration that the described business practices are unlawful, unfair and deceptive

3  and that injunctive relief should be issued restraining DEFENDANT from engaging in any

4  unlawful and unfair business practices in the future.

5    63.    PLAINTIFF and the other CLASS members have no plain,

6  speedy and/or adequate remedy at law that will end the unlawful and unfair business

7  practices of DEFENDANT.  Further, the practices herein alleged presently continue to occur

8  unabated.  As a result of the unfair and unlawful business practices described herein, the

9  PLAINTIFF and the other CLASS members have suffered and will continue to suffer

10  irreparable legal and economic harm unless DEFENDANT is restrained from continuing to

11  engage in these unlawful and unfair business practices.

12

13                        **SECOND CAUSE OF ACTION**

14                    **For Failure To Pay Overtime Wages**

15                    **[Cal. Lab. Code §§ 510, 1194 & 1198]**

16          **(By PLAINTIFF and the CLASS and Against All Defendants)**

17    64.    PLAINTIFF and the other CLASS members reallege and incorporate by this

18  reference, as though fully set forth herein, paragraphs 1 through 63 of this Complaint.

19    65.    Cal. Lab. Code § 510 states in relevant part:

20        Eight hours of labor constitutes a day's work. Any work in excess of eight
          hours in one workday and any work in excess of 40 hours in any one
21        workweek and the first eight hours worked on the seventh day of work in any
          one workweek shall be compensated at the rate of no less than one and one-
22        half times the regular rate of pay for an employee. Any work in excess of 12
          hours in one day shall be compensated at the rate of no less than twice the
23        regular rate of pay for an employee. In addition, any work in excess of eight
          hours on any seventh day of a workweek shall be compensated at the rate of no
24        less than twice the regular rate of pay of an employee.

25    66.    Cal. Lab. Code § 551 states that, "Every person employed in any occupation

26  of labor is entitled to one day's rest therefrom in seven."

27    67.    Cal. Lab. Code § 552 states that, "No employer of labor shall cause his

28  employees to work more than six days in seven."

68.   Cal. Lab. Code § 515(d) provides: "For the purpose of computing the overtime rate of compensation required to be paid to a nonexempt full-time salaried employee, the employee's regular hourly rate shall be 1/40th of the employee's weekly salary."

69.   Cal. Lab. Code § 1194 states:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit

70.   Cal. Lab. Code § 1198 provides: "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

71.   DEFENDANT has intentionally and uniformly designated certain employees as "exempt" employees by their job title and without regard to DEFENDANT's realistic expectations and actual overall requirements of the job, including the PLAINTIFF and the other CLASS members who worked on the production side of DEFENDANT's business. This was done in an illegal attempt to avoid payment of overtime wages and other benefits in violation of the Industrial Welfare Commission requirements, the California Code of Regulations, and the California Labor Code.

72.   For an employee to be exempt as a bona fide "executive," all the following criteria must be met and DEFENDANT has the burden of proving that:

(a)   The employee's primary duty must be management of the enterprise, or of a customarily recognized department or subdivision therein; and,

(b)   The employee must customarily and regularly direct the work of at least two (2) or more other employees; and,

(c)   The employee must have the authority to hire and fire, or to command particularly serious attention to his or his recommendations on such actions

1             affecting other employees; and,

2      (d)    The employee must customarily and regularly exercise discretion and

3             independent judgment; and,

4      (e)    The employee must be primarily engaged in duties which meet the test of

5             exemption.

6 No member of the CLASS was or is an executive because they all fail to meet the

7 requirements of being an "executive" within the meaning of the applicable Wage Order.

8      73.    For an employee to be exempt as a bona fide "administrator," all of the

9 following criteria must be met and DEFENDANT has the burden of proving that:

10      (a)    The employee must perform office or non-manual work directly related to

11             management policies or general business operation of the employer; and,

12      (b)    The employee must customarily and regularly exercise discretion and

13             independent judgment; and,

14      (c)    The employee must regularly and directly assist a proprietor or an exempt

15             administrator; or,

16      (d)    The employee must perform, under only general supervision, work requiring

17             special training, experience, or knowledge, or,

18      (e)    The employee must execute special assignments and tasks under only general

19             supervision; and,

20      (f)    The employee must be primarily engaged in duties which meet the test of

21             exemption.

22 No member of the CLASS was or is an administrator because they all fail to meet the

23 requirements for being an "administrator" within the meaning of the applicable Wage Order.

24      74.    The Industrial Welfare Commission, in Wage Order 4-2001, at Section

25 (1)(A)(3)(h) and Labor Code Section 515, also set forth the requirements which must be

26 complied with to place an employee in the "professional" exempt category.  For an employee

27 to be exempt as a bona fide "professional," all the following criteria must be met and

28 DEFENDANT has the burden of proving that:

(a)    The employee is primarily engaged in an occupation commonly recognized as a learned or artistic profession. For the purposes of this subsection, "learned or artistic profession" means an employee who is primarily engaged in the performance of:

    i)    Work requiring knowledge of an advanced type in a field or science or learning customarily acquired by a prolonged course of specialized intellectual instruction and study, as distinguished from a general academic education and from an apprenticeship, and from training in the performance of routine mental, manual, or physical processes, or work that is an essential part or necessarily incident to any of the above work; or,

    ii)    Work that is original and creative in character in a recognized field of artistic endeavor, and the result of which depends primarily on the invention, imagination or talent of the employee or work that is an essential part of or incident to any of the above work; and,

    iii)    Whose work is predominately intellectual and varied in character (as opposed to routine mental, manual, mechanical, or physical work) and is of such character cannot be standardized in relation to a given period of time.

(b)    The employee must customarily and regularly exercise discretion and independent judgment; and,

(c)    The employee earns a monthly salary equivalent to no less than two (2) times the state minimum wage for full-time employment.

No member of the CLASS was or is a professional because they all fail to meet the requirements of being a "professional" within the meaning of the applicable Wage Order.

75.    PLAINTIFF and the other CLASS members do not fit within the definition of an exempt executive, administrative, or professional employee because:

(a)    They did not work as executives or administrators; and,

(b)     The professional exemption does not apply to the PLAINTIFF nor to the other CLASS members because they did not meet all the applicable requirements to work under the professional exemption for the reasons set forth above in this Complaint.

76.     During the CLASS PERIOD, the PLAINTIFF and the other CLASS members worked more than eight (8) hours in a workday, forty (40) hours in a workweek, and/or worked hours on the seventh (7th) consecutive day of a workweek.

77.     At all relevant times, DEFENDANT failed to pay the PLAINTIFF and the other CLASS members overtime compensation for the hours they worked in excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510 and 1198, even though the PLAINTIFF and the other CLASS members were regularly required to work, and did in fact work, uncompensated hours and overtime hours that DEFENDANT never recorded as evidenced by DEFENDANT's business records and witnessed by employees.

78.     By virtue of DEFENDANT's unlawful failure to pay additional compensation to the PLAINTIFF and the other CLASS members for their overtime hours, the PLAINTIFF and the other CLASS members have suffered and will continue to suffer an economic injury in amounts which are presently unknown to them and which will be ascertained according to proof at trial.

79.     DEFENDANT knew or should have known that the PLAINTIFF and the other CLASS members were misclassified as exempt and DEFENDANT systematically elected, either through intentional malfeasance or gross nonfeasance, not to pay them for their overtime labor as a matter of uniform, corporate policy, practice and procedure.

80.     Therefore, the PLAINTIFF and the other CLASS members request recovery of overtime compensation according to proof, interest, costs, as well as the assessment of any statutory penalties against DEFENDANT, in a sum as provided by the California Labor Code and/or other statutes.  To the extent overtime compensation is determined to be owed to the CLASS members who have terminated their employment,

1   these employees would also be entitled to waiting time penalties under Cal. Lab. Code §

2   203, which penalties are sought herein.  Further, the PLAINTIFF and the other CLASS

3   members are entitled to seek and recover statutory costs.

4          81.      In performing the acts and practices herein alleged in violation of labor laws

5   and refusing to provide the requisite overtime compensation, DEFENDANT acted and

6   continues to act intentionally, oppressively, and maliciously toward the PLAINTIFF, and

7   toward the other CLASS members, with a conscious and utter disregard of their legal rights,

8   or the consequences to them, and with the despicable intent of depriving them of their

9   property and legal rights and otherwise causing them injury in order to increase corporate

10  profits at the expense of the PLAINTIFF and the other CLASS members.

11

12                            **THIRD CAUSE OF ACTION**

13              **For Failure to Provide Accurate Itemized Wage Statements**

14                          **[Cal. Lab. Code § 226]**

15           **(By PLAINTIFF and the CLASS and Against All Defendants)**

16          82.      PLAINTIFF and the other CLASS members reallege and

17  incorporate by this reference, as though fully set forth herein, paragraphs 1 through 81 of

18  this Complaint.

19          83.      Cal. Lab. Code § 226 provides that an employer must furnish employees

20  with an  "accurate itemized" statement in writing showing:

21          (1) gross wages earned,
            (2) total hours worked by the employee, except for any employee whose
22      compensation is solely based on a salary and who is exempt from payment of
            overtime under subdivision (a) of Section 515 or any applicable order of the
23      Industrial Welfare Commission,
            (3) the number of piecerate units earned and any applicable piece rate if the employee
24      is paid on a piece-rate basis,
            (4) all deductions, provided that all deductions made on written orders of the
25      employee may be aggregated and shown as one item,
            (5) net wages earned,
26          (6) the inclusive dates of the period for which the employee is paid,
            (7) the name of the employee and his or her social security number, except that by
27      January 1, 2008, only the last four digits of his or her social security number or an
            employee identification number other than a social security number may be shown on
28      the itemized statement,
            (8) the name and address of the legal entity that is the employer, and

(9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

84.     At all times relevant herein, DEFENDANT violated Cal. Lab. Code § 226 in that DEFENDANT failed to provide an accurate wage statement in writing that properly and accurately itemized the number of hours worked by the PLAINTIFF and the other CLASS members at the effective regular rates of pay and the effective overtime rates of pay.

85.     DEFENDANT knowingly and intentionally failed to comply with Cal. Lab. Code § 226, causing damages to the PLAINTIFF and the other CLASS members. These damages include, but are not limited to, costs expended calculating the true hours worked and the amount of employment taxes which were not properly paid to state and federal tax authorities. These damages are difficult to estimate. Therefore, the PLAINTIFF and the other CLASS members may elect to recover liquidated damages of fifty dollars ($50.00) for the initial pay period in which the violation occurred, and one hundred dollars ($100.00) for each violation in a subsequent pay period pursuant to Cal. Lab. Code § 226, in an amount according to proof at the time of trial (but in no event more than four thousand dollars ($4,000.00) for the PLAINTIFF and each respective member of the CLASS herein).

### FOURTH CAUSE OF ACTION

#### For Failure to Pay Overtime Compensation

#### [Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*]

#### (By PLAINTIFF and the COLLECTIVE CLASS and Against All Defendants)

86.     PLAINTIFF and the other COLLECTIVE CLASS members reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 85 of this Complaint.

87.     DEFENDANT is engaged in communication, business, and transmission between the states and is therefore engaged in commerce within the meaning of 29 U.S.C. § 203(b).

88.     PLAINTIFF further brings the Fourth Cause of Action on behalf of a Collective Class in accordance with 29 U.S.C. § 216 which consists of DEFENDANT's

1   Operations Officers employed in California by DEFENDANT during the period three (3)

2   years prior to the filing of the complaint and ending on the date as determined by the Court,

3   and who performed work in excess of forty (40) hours in a workweek (the "COLLECTIVE

4   CLASS").

5       89.     29 U.S.C. § 255 provides that a three-year statute of limitations applies to

6   willful violations of the FLSA.

7       90.     29 U.S.C. § 207(a)(1) provides in pertinent part:

8           Except as otherwise provided in this section, no employer shall employ any of
            his employees who in any workweek is engaged in commerce or in the
9           production of goods for commerce, or is employed in an enterprise engaged in
            commerce or in the production of goods for commerce, for a workweek longer
10          than forty hours unless such employee receives compensation for his
            employment in excess of the hours above specified at a rate not less than one
11          and one-half times the regular rate at which he is employed.

12      91.     Section 213(a)(1) of the FLSA provides that the overtime pay requirement

13  does not apply to:

14          any employee employed in a bona fide executive, administrative, or
            professional capacity (including any employee employed in the capacity of
15          academic administrative personnel or teacher in elementary or secondary
            schools), or in the capacity of outside salesman (as such terms are defined and
16          delimited from time to time by regulations of the Secretary, subject to the
            provisions of the Administrative Procedure Act [5 USCS §§ 551 et seq.]
17          except [that] an employee of a retail or service establishment shall not be
            excluded from the definition of employee employed in a bona fide executive
18          or administrative capacity because of the number of hours in his workweek
            which he devotes to activities not directly or closely related to the performance
19          of executive or administrative activities, if less than 40 per centum of his hours
            worked in the workweek are devoted to such activities).
20

21      92.     DEFENDANT has willfully engaged in a widespread pattern and practice of

22  violating the provisions of the FLSA, as detailed above, by uniformly designating certain

23  employees as "exempt" employees, by their job title and without regard to DEFENDANT's

24  realistic expectations and actual overall requirements of the job, including the PLAINTIFF

25  and the other COLLECTIVE CLASS members who worked on the production side of

26  DEFENDANT's business enterprise. This was done in an illegal attempt to avoid the

27  payment of overtime wages and other benefits in violation of the Fair Labor Standards Act

28  and Code of Federal Regulations requirements.

        93.     Pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, the

1  PLAINTIFF and the other COLLECTIVE CLASS members are entitled to overtime

2  compensation for all overtime hours actually worked at a rate not less than one and one-half

3  times their regular rate of pay for all hours worked in excess of forty (40) hours in any

4  workweek.  DEFENDANT's failure to pay overtime wages as required by federal law was

5  willful and not in good faith.

6        94.    29 C.F.R. 541.2 establishes that a job title alone is insufficient to establish the

7  exempt status of an employee.  The exempt or non-exempt status of any particular employee

8  must be determined on the basis of whether the employee's salary and duties meet the

9  requirements of the regulations in this part.

10        95.    The exemptions of the FLSA as listed in Section 13(a), and as explained by 29

11  C.F.R. 541.3, do not apply to the PLAINTIFF and the other COLLECTIVE CLASS

12  members because their work consists of non-management, production line labor performed

13  with skills and knowledge acquired from on-the-job training, rather than from the prolonged

14  course of specialized intellectual instruction required for exempt learned professional

15  employees such as medical doctors, architects and archeologists.  COLLECTIVE CLASS

16  members either do not hold an advanced degree, have not taken any prolonged course of

17  specialization, and/or have attained the vast majority of the skills they use as employees of

18  DEFENDANT from on-the-job training.

19        96.    For an employee to be exempt as a bona fide "executive," all the following

20  criteria must be met and DEFENDANT has the burden of proving that:

21        (a)    The employee's primary duty must be management of the enterprise, or of a

22             customarily recognized department or subdivision;

23        (b)    The employee must customarily and regularly direct the work of at least two

24             (2) or more other employees;

25        (c)    The employee must have the authority to hire and fire, or to command

26             particularly serious attention to his or his recommendations on such actions

27             affecting other employees; and,

28        (d)    The employee must be primarily engaged in duties which meet the test of

exemption.

No member of the COLLECTIVE CLASS was or is an executive because they all fail to meet the requirements of being an "executive " under Section 13 of the FLSA and 29 C.F.R. 541.100.

97.     For an employee to be exempt as a bona fide "administrator," all of the following criteria must be met and DEFENDANT has the burden of proving that:

(a)     The employee must perform office or non-manual work directly related to management or general business operation of the employer or the employer's customers;

(b)     The employee must customarily and regularly exercise discretion and independent

judgment with respect to matters of significance; and,

(c)     The employee must regularly and directly assist a proprietor or an exempt administrator; or,

(d)     The employee must perform under only general supervision, work requiring special training, experience, or knowledge; and,

(e)     The employee must be primarily engaged in duties which meet the test of exemption.

No member of the COLLECTIVE CLASS was or is an administrator because they all fail to meet the requirements of for being  an "administrator" under Section 13 of the FLSA and 29 C.F.R. 541.300.

98.     For an employee to be exempt as a bona fide "professional", DEFENDANT has the burden of proving that the primary duty of the employee is the performance of work that:

(a)     Requires knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction; or

(b)     Requires invention, imagination, originality or talent in a recognized field of

1     artistic or creative endeavor.

2 No member of the COLLECTIVE CLASS was or is a professional because they all fail to

3 meet the requirements of being an "professional" under Section 13 of the FLSA and 29

4 C.F.R. 541.300.

5    99. During the COLLECTIVE CLASS PERIOD, the PLAINTIFF and the other

6 COLLECTIVE CLASS members worked more than forty (40) hours in a workweek.

7    100. At all relevant times, DEFENDANT failed to pay the PLAINTIFF and the

8 other COLLECTIVE CLASS members overtime compensation for the hours they worked in

9 excess of the maximum hours permissible by law as required by Section 207 of the FLSA,

10 even though the PLAINTIFF and the other COLLECTIVE CLASS members were regularly

11 required to work, and did in fact work, overtime hours.

12    101. For purposes of the FLSA, the employment practices of DEFENDANT were

13 and are uniform throughout California in all respects material to the claims asserted in this

14 Complaint.

15    102. There are no other exemptions applicable to the PLAINTIFF and/or to the

16 other COLLECTIVE CLASS members.

17    103. As a result of DEFENDANT's failure to pay overtime compensation for

18 overtime hours worked, as required by the FLSA, the PLAINTIFF and the other

19 COLLECTIVE CLASS members were damaged in an amount to be proven at trial.

20    104. Therefore, the PLAINTIFF demands that he and the other COLLECTIVE

21 CLASS members be paid overtime compensation as required by the FLSA for every hour of

22 overtime worked in any workweek for which they were not compensated and an equal

23 amount for liquidated damages, plus interest and statutory costs as provided by law.

24

25         **PRAYER**

26    WHEREFOR, the PLAINTIFF prays for judgment against each Defendant, jointly

27 and severally, as follows:

28 1. On behalf of the CLASS:

A) That the Court certify the First, Second and Third Causes of Action asserted by the CLASS as a Class Action pursuant to California Code of Civil Procedure, Section 382;

B) An order requiring DEFENDANT to correctly calculate and pay all wages and all sums unlawfuly withheld from compensation due PLAINTIFF and the other CLASS members;

C) Restitutionary disgorgement of DEFENDANT's ill-gotten gains into a fluid fund for restitution of the sums incidental to DEFENDANT's violations due PLAINTIFF and the other CLASS members according to proof;

D) Compensatory damages, according to proof at trial, including compensatory damages for overtime compensation due PLAINTIFF and the other CLASS members, during the applicable CLASS PERIOD, plus interest thereon at the statutory rate;

E) The wages of all terminated employees from the CLASS as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced, in accordance with Cal. Lab. Code § 203; and,

F) The greater of all actual damages or fifty dollars ($50.00) for the initial pay period in which a violation occurs and one hundred dollars ($100.00) per each member of the CLASS for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000.00), and an award of costs for violation of Cal. Lab. Code § 226.

2. On behalf of the COLLECTIVE CLASS:

A) That the Court certify the Fourth Cause of Action asserted by the COLLECTIVE CLASS as an opt-in Class Action under 29 U.S.C. § 216(b);

B) Issue a declaratory finding that DEFENDANT's acts, policies, practices and procedures complained of herein violated provisions of the Fair Labor Standards Act; and

C) That the PLAINTIFF and the other COLLECTIVE CLASS members recover

1   compensatory damages and an equal amount of liquidated damages as

2   provided under the law and in 29 U.S.C. § 216(b).

3.   On all claims:

   A)   An award of interest, including prejudgment interest at the legal rate;

   B)   An award of penalties and cost of suit, as allowable under the law.  Neither this prayer nor any other allegation or prayer in this Complaint is to be construed as a request, under any circumstance, that would result in a request for attorneys' fees or costs available under Cal. Lab. Code § 218.5; and,

   C)   Such other and further relief as the Court deems just and equitable.

Dated:   July 25, 2011          BLUMENTHAL, NORDREHAUG & BHOWMIK

By:_____
             Norman B. Blumenthal
             Attorneys for Plaintiff

1

## DEMAND FOR JURY TRIAL

2      PLAINTIFF demands a jury trial on issues triable to a jury.

3

4      Dated:   July 25, 2011                BLUMENTHAL, NORDREHAUG & BHOWMIK

5

6                                            By: _____
                                                 Norman B. Blumenthal
7                                                Attorneys for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT B

 CT Corporation

**Service of Process Transmittal**
08/15/2011
CT Log Number 518999300

**TO:** Michael T Ryan, Office of General Counsel
HSBC North America Inc.
Office Of the General Counsel, One HSBC Center, 27th Floor
Buffalo, NY 14203

**RE:** **Process Served in California**

**FOR:** HSBC Bank USA, National Association (Domestic State: USA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Subrahmanyeswara Rao Kolla, etc., on behalf of himself and all persons similarly situated, Pltf. vs. HSBC Bank USA, N.A., etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Letter, Complaint, Jury Demand |
| **COURT/AGENCY:** | Santa Clara County - Superior Court - Santa Clara, CA<br>Case # 111CV205999 |
| **NATURE OF ACTION:** | Employee Litigation - Failure to pay overtime compensation in violation of California Lab. Code |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 08/15/2011 postmarked: "Not Post Marked" |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | Norman B. Blumenthal<br>Blumenthal, Nordrehaug & Bhowmik<br>2255 Calle Clara<br>La Jolla, CA 92037<br>858-551-1223 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/16/2011, Expected Purge Date: 08/21/2011<br>Image SOP<br>Email Notification, Karen M Hylkema Karen.M.Hylkema@us.hsbc.com<br>Email Notification, Michael T Ryan Michael.T.Ryan@us.hsbc.com<br>Email Notification, Beverly Wells beverly.wells@us.hsbc.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Nancy Flores |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

FACSIMILE
(858) 551-1232

# BLUMENTHAL, NORDREHAUG & BHOWMIK
2255 CALLE CLARA
LA JOLLA, CALIFORNIA 92037
GENERAL E-MAIL: bam@bamlawlj.com
Web Site: www.bamlawca.com

TELEPHONES
(858) 551-1223

WRITERS E-MAIL:
piya@bamlawlj.com

WRITERS EXT:
9

August 12, 2011
CA531

## VIA CERTIFIED MAIL

Labor and Workforce Development
Agency
801 K Street, Suite 2101
Sacramento, CA 95814

HSBC Bank USA, N.A.
C T Corporation System
818 W. Seventh Street
Los Angeles, CA 90017

Re:     Notice Of Violations Of California Labor Code Sections §§ 201,
202, 203, 204, 226(a), 226.7, 510, 551, 552, 1194, 1198, 1199 Applicable
Industrial Welfare Commission Wage Orders, And Pursuant To California
Labor Code Section 2699.5.

Dear Sir/Madam:

Our offices represent Plaintiff Subrahmanyaswara Roa Kolla, (the "Plaintiff"),
and other aggrieved employees in a class action against HSBC Bank USA, N.A.
("Defendant"). Plaintiff was employed as an "AVP Cluster Operations Officer" and was
classified as exempt from receiving overtime, however the job duties performed by
Plaintiff and other aggrieved employees did not entitle Defendant to claim any exemption
from overtime for him or any of these other employees employed as AVP Cluster
Operations Officers and AVP Branch Operations Officers. As a result, Plaintiff and these
employees worked substantial amounts of overtime for which they were unlawfully not
properly compensated. Further, Plaintiff and other aggrieved employees were not
provided with all meal and rest periods due to them. As a consequence of the
aforementioned violations, Plaintiff further contends that Defendant failed to provide
accurate wage statements to him, and other aggrieved employees, in violation of
California Labor Code section 226(a). Said conduct, in addition to the forgoing, violates
Labor Code §§ 201, 202, 203, 204, 226(a), 226.7, 510, 551, 552, 1194, 1198, 1199, and is
therefore actionable under California Labor Code section 2699.3.

A true and correct copy of the Complaint filed by Plaintiff, which (i) identifies the
alleged violations, (ii) details the facts and theories which support the alleged violations,
(iii) details the specific work performed by Plaintiff, (iii) sets forth the people/entities,
dates, classifications, violations, events, and actions which are at issue to the extent
known to Plaintiff, and (iv) the illegal practices used by Defendant, is attached hereto.
This information provides notice to the Labor and Workforce Development Agency of
the facts and theories supporting the alleged violations for the agency's reference.
Plaintiff therefore incorporates the allegations of the attached Complaint into this letter as

if fully set forth herein. If the agency needs any further information, please do not hesitate to ask.

This notice is provided to enable Plaintiff to proceed with the complaint filed in the Santa Clara Superior Court, case number 111CV205999 against Defendant as authorized by California Labor Code section 2695, et seq. The pending class action lawsuit consists of a class of other aggrieved employees. As class counsel, our intention is to vigorously prosecute the class wide claims as alleged in the complaint, and to procure civil penalties as provided by the Private Attorney General Statue of 2004 on behalf of Plaintiff and all aggrieved California employees and class members.

Your earliest response to this notice is appreciated. If you have any questions of concerns, please do not hesitate to contact me at the above number and address.

Sincerely,

/s/ Piya Mukherjee

Piya Mukherjee, Esq.

\\SERVER4\data\D\NBB\HSBC - Kolla\Correspondence\l-paga-01.wpd

# EXHIBIT C

1   GEORGE J. TICHY, II, Bar No. 041146
     MICHELLE R. BARRETT, Bar No. 197280
2   LISA J. LIN, Bar No. 260582
     LITTLER MENDELSON
3   A Professional Corporation
     650 California Street, 20th Floor
4   San Francisco, CA  94108.2693
     Telephone:   415.433.1940
5   Fax No.:    415.399.8490

6   Attorneys for Defendant
     HSBC BANK USA, N.A.

7

**E-FILED**

Sep 14, 2011 8:00 AM
David H. Yamasaki
Chief Executive Officer/Clerk
Superior Court of CA, County of Santa Clara
Case #1-11-CV-205999 Filing #G-35001
By M. Huerta, Deputy

8

9                SUPERIOR COURT OF CALIFORNIA

                   COUNTY OF SANTA CLARA
10

11   SUBRAHMANYESWARA RAO
      KOLLA, an individual, on behalf of
      himself, and all persons similarly situated,
12

13               Plaintiff,

14        v.

15   HSBC BANK USA, N.A., a Delaware
      Corporation; and DOES 1 through 50,
16   inclusive,

17              Defendant.

Case No.  111CV205999

**DEFENDANT HSBC BANK USA, N.A.'S
ANSWER TO PLAINTIFF'S CLASS AND
COLLECTIVE ACTION COMPLAINT**

18

19        Defendant HSBC Bank USA, N.A. ("Defendant" or "HSBC") hereby answers the

20   Class and Collective Action Complaint ("Complaint") filed by Plaintiff Subrahmanyeswara Rao

21   Kolla ("Plaintiff"), individually and on behalf of all persons similarly situated, alleging the following

22   causes of action: (1) unfair business competition in violation of California Business and Professions

23   Code §17200, *et seq.*; (2) failure to pay overtime compensation in violation of California Labor

24   Code §§ 510, 1194, and 1198, *et seq.*; (3) failure to provide itemized wage statements in violation of

25   California Labor Code § 226; and (4) failure to pay overtime compensation in violation of 29 U.S.C.

26   § 201, *et seq.* as follows:

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415 433 1940

Defendant's Answer to Plaintiff's Complaint               Case No. 111CV205999

E-FILED: Sep 14, 2011 8:00 AM, Superior Court of CA, County of Santa Clara, Case #1-11-CV-205999 Filing #G-35001

## GENERAL DENIAL

Pursuant to section 431.30(d) of the California Code of Civil Procedure, Defendant hereby answers the Complaint filed by Plaintiff by generally denying each and every allegation contained therein, by denying that Plaintiff has been damaged or has sustained any damages as a result of the conduct alleged therein, by denying that this matter is appropriate for class or representative adjudication, by denying that any putative class member has been damaged or has sustained any damages as a result of the conduct alleged therein, and by asserting the following separate and distinct affirmative defenses.

## AFFIRMATIVE DEFENSES

1.     AS A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that the Complaint, and each and every cause of action thereof, whether considered individually or in combination, fails to state facts sufficient to constitute a cause of action.

2.     AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that all or portions of Plaintiff's claims are barred by the applicable statute of limitations, including, but not limited to, California Code of Civil Procedure §§ 335.1, 338 and 340, California Business and Professions Code § 17208, and 29 U.S.C. § 255.

3.     AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that certification of a class and/or the imposition of replicating penalties, as applied to the facts and circumstances of this case, would constitute a denial of Defendant's due process rights, both substantive and procedural, in violation of the Fourteenth Amendment to the United States Constitution and the California Constitution.

4.     AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff is barred from seeking relief against Defendant because its conduct, if any, was privileged and/or taken in good faith based on the belief that it was asserting its legal rights and in accordance with, among other things, 29 U.S.C. § 259.

5.     AS A FIFTH, SEPARATE, AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's claims are barred in whole or in part because Plaintiff's alleged injuries were

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

2.

Defendant's Answer to Plaintiff's Complaint                    Case No. 111CV205999

E-FILED: Sep 14, 2011 8:00 AM, Superior Court of CA, County of Santa Clara, Case #1-11-CV-205999 Filing #G-35001

1    not proximately caused by any unlawful policy, custom, practice and/or procedure promulgated

2    and/or tolerated by any Defendant.

3             6.      AS A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant

4    alleges that some or all of the causes of action or claims alleged in the Complaint are barred by the

5    equitable doctrine of waiver.

6             7.      AS A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant

7    alleges that some or all of the causes of action or claims alleged in the Complaint are barred by the

8    equitable doctrine of consent and/or voluntary participation.

9             8.      AS AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant

10   alleges that some or all of the causes of action or claims alleged in the Complaint are barred by the

11   equitable doctrine of estoppel and/or res judicata.

12            9.      AS A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant

13   alleges that some or all of the causes of action or claims alleged in the Complaint are barred by the

14   equitable doctrine of laches.

15            10.     AS A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant

16   alleges that some or all of the causes of action or claims alleged in the Complaint are barred by the

17   equitable doctrine of unclean hands.

18            11.     AS AN ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE,

19   Defendant alleges that some or all of the causes of action or claims alleged in the Complaint are

20   barred by the doctrine of unjust enrichment.

21            12.     AS A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant

22   alleges that some or all of the causes of action or claims alleged in the Complaint are barred by the

23   doctrine of accord and satisfaction.

24            13.     AS A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE,

25   Defendant alleges that any duty or obligation that Plaintiff and/or any putative class member claims

26   was owed to him or her by Defendant has been fully performed, satisfied, discharged and/or non-

27   existent in the first instance.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108 2693
415 433 1940

Defendant's Answer to Plaintiff's Complaint                              Case No. 111CV205999

E-FILED: Sep 14, 2011 8:00 AM, Superior Court of CA, County of Santa Clara, Case #1-11-CV-205999 Filing #G-35001

1          14.    AS A FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE,

2    Defendant alleges that Plaintiff and all putative class members were properly compensated for all

3    hours of work in accordance with applicable law.

4          15.    AS A FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE,

5    Defendant alleges that it acted upon a reasonable and good faith belief that it complied with its wage

6    payment obligations, if any, under California and federal law including, but not limited to, the

7    California Labor Code and the Fair Labor Standards Act.

8          16.    AS A SIXTEENTH, SEPARATE, AND AFFIRMATIVE DEFENSE,

9    Defendant alleges that all or portions of Plaintiff's claims are barred by the doctrine of avoidable

10   consequences because reasonable steps were taken to prevent and correct allegedly improper wage

11   payments, Plaintiff unreasonably failed to use the preventative and corrective opportunities provided

12   to them, and the reasonable use of those procedures would have prevented at least some, if not all, of

13   the harm Plaintiff allegedly suffered

14         17.    AS A SEVENTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE,

15   Defendant alleges Plaintiff and/or members of the putative class he purports to represent were not

16   entitled to payment of overtime premiums and meal and/or rest period penalties to the extent that

17   they were exempt from overtime and meal/rest period requirements pursuant to, but not limited to,

18   29 U.S.C. § 213 *et seq.*, the California Labor Code, and the provisions of the California Industrial

19   Welfare Commission's wage orders including, but not limited to, the executive and/or administrative

20   exemption.

21         18.    AS AN EIGHTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE,

22   Defendant alleges that it did not fail to provide wage statements or meal or rest periods pursuant to

23   California law including, but not limited to, the California Labor Code, or the applicable wage orders

24   issued by the Industrial Welfare Commission, or any other basis.

25         19.    AS A NINETEENTH, SEPARATE AND AFFIRMATIVE DEFENSE,

26   Defendant alleges that Plaintiff's claims are barred, in whole or in part, because any applicable

27   statute or Wage Orders, or some of them, are unconstitutionally vague and ambiguous as applied to

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108 2693
415 433 1940

4.

E FILED: Sep 14, 2011 8:00 AM, Superior Court of CA, County of Santa Clara, Case #1-11-CV-205999 Filing #G-35001

1    the facts and circumstances of this case and violate Defendant's rights under the California and

2    United States Constitutions to, among other things, due process of law.

3           20.    AS A TWENTIETH, SEPARATE AND AFFIRMATIVE DEFENSE,

4    Defendant alleges that any forms of compensation received by Plaintiff and/or the putative class

5    members which were excluded from his/their regular rate of pay must be excluded from the

6    calculation of any overtime claimed by Plaintiff and/or the putative class.

7           21.    AS A TWENTY-FIRST, SEPARATE AND AFFIRMATIVE DEFENSE,

8    Defendant alleges that to the extent Plaintiff and/or the putative class were not exempt and did not

9    take meal and/or rest periods, Plaintiff and/or the putative class chose not to and/or did so without

10   permission or knowledge of Defendant and/or failed to work the requisite number of hours to qualify

11   for a meal and/or rest period.

12          22.    AS A TWENTY-SECOND, SEPARATE AND AFFIRMATIVE DEFENSE

13   to the Complaint and to the cause of action for alleged failure to provide meal and rest periods and

14   accurate wage statements, any alleged violations were *de minimis*.

15          23.    AS A TWENTY-THIRD, SEPARATE AND AFFIRMATIVE DEFENSE,

16   Defendant alleges that Plaintiff and the putative class sustained no injury from any alleged failure to

17   comply with California Labor Code § 226.

18          24.    AS A TWENTY-FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE,

19   Defendant alleges with regard to the "wage statement" claim, Plaintiff and/or the putative class is not

20   entitled to recover damages because any alleged failure to comply with California Labor Code § 226

21   was not a "knowing and intentional failure" under California Labor Code § 226(e).

22          25.    AS A TWENTY-FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE,

23   Defendant alleges that its conduct, if any, was not and is not "unfair," "unlawful," "deceptive," or

24   "fraudulent" within the meaning of California Business & Professions Code § 17200 *et. seq.*, in that

25   Defendant complied with all applicable statutes and regulations.

26          26.    AS A TWENTY-SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, to

27   the Complaint and for alleged violation of California Business and Professions Code § 17200 *et seq.*,

28   Plaintiff's claims (and those of the putative class) are barred because California Business and

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

Defendant's Answer to Plaintiff's Complaint                            Case No. 111CV205999

E-FILED: Sep 14, 2011 8:00 AM, Superior Court of CA, County of Santa Clara, Case #1-11-CV-205999 Filing #G-35001

1   Professions Code § 17200 *et seq.* is unconstitutionally vague and overbroad and the manner in which

2   Plaintiff alleges that said statutes apply to Defendant's business practices constitutes a violation of

3   Defendant's rights to substantive and procedural due process rights under the Fourteenth

4   Amendment of the United States Constitution and under the California Constitution.

5   　　　　27.   AS A TWENTY-SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE

6   to the Complaint and to the cause of action for alleged violation of California Business and

7   Professions Code § 17200 *et seq.*, Defendant alleges that Plaintiff's prosecution of this action by

8   Plaintiff as a representative of the general public under California Business and Professions Code §

9   17200 *et seq.*, as applied to the facts and circumstances of this case, would constitute a denial of

10   Defendant's substantive and procedural due process rights under the Fourteenth Amendment of the

11   United States Constitution and under the California Constitution.

12   　　　　28.   AS A TWENTY-EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE,

13   Defendant alleges that Plaintiff's prayer for restitution pursuant to California Business and

14   Professions Code § 17200 *et seq.* is barred with respect to any claim for penalties of any nature.

15   　　　　29.   AS A TWENTY-NINTH, SEPARATE AND AFFIRMATIVE DEFENSE,

16   Defendant alleges that the Complaint is uncertain as to the overtime allegedly worked and the wage

17   statements allegedly rendered inaccurate.

18   　　　　30.   AS A THIRTIETH, SEPARATE AND AFFIRMATIVE DEFENSE,

19   Defendant alleges that Plaintiff and/or the putative class failed to mitigate damages, if any.

20   　　　　31.   AS A THIRTY-FIRST, SEPARATE AND AFFIRMATIVE DEFENSE,

21   Defendant alleges that any loss allegedly incurred by Plaintiff and/or the putative class, if any, is

22   attributable to the acts or omissions of Plaintiff and/or the putative class including, but not limited to,

23   his/their own negligence and/or intentional misconduct.

24   　　　　32.   AS A THIRTY-SECOND, SEPARATE AND AFFIRMATIVE DEFENSE,

25   Defendant alleges that any recovery Plaintiff and/or the putative class may be entitled to herein

26   should be offset and/or reduced by the proportionate amount of Plaintiff and/or the putative class'

27   negligence, fault, bad faith, breach of common law duties and violation of statutory duties, including

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

6.

Defendant's Answer to Plaintiff's Complaint                    Case No. 111CV205999

E FILED: Sep 14, 2011 8:00 AM, Superior Court of CA, County of Santa Clara, Case #1-11-CV-205999 Filing #G-35001

1  any offset or deduction, with respect to Plaintiff and/or the putative class' claimed damages and with

2  respect to alleged damages caused by Defendant.

3        33.  AS A THIRTY-THIRD, SEPARATE AND AFFIRMATIVE DEFENSE,

4  Defendant alleges that Plaintiff and/or the putative class has failed to state a claim for which

5  compensatory, statutory, restitutionary, liquidated, punitive, or any other damages, interest,

6  attorney's fees or costs may be granted.

7        34.  AS A THIRTY-FOURTH, SEPARATE, AND AFFIRMATIVE DEFENSE,

8  Defendant alleges that the Complaint fails to properly state a claim for penalties under California

9  Labor Code § 203 because there is a bona fide, good faith dispute with respect to Defendant's

10  obligation to pay any wages.

11        35.  AS A THIRTY-FIFTH, SEPARATE, AND AFFIRMATIVE DEFENSE,

12  Defendant alleges that the Complaint fails to properly state a claim for penalties under California

13  Labor Code § 203 because any failure to pay wages found to be due Plaintiff and/or the putative

14  class was not willful.

15        36.  AS A THIRTY-SIXTH, SEPARATE, AND AFFIRMATIVE DEFENSE,

16  Defendant alleges that any violation of the Fair Labor Standards Act was an act or omission made in

17  good faith and Defendant had objectively reasonable grounds for believing that the act or omission

18  was not a violation of the Fair Labor Standards Act so that, pursuant to 29 U.S.C. §§ 216 and 260,

19  liquidated damages cannot be awarded.

20        37.  AS A THIRTY-SEVENTH, SEPARATE, AND AFFIRMATIVE DEFENSE,

21  Defendant alleges that any violation of the Fair Labor Standards Act was an act or omission not

22  made willfully or done with knowledge or reckless disregard so that the statute of limitations cannot

23  be extended under 29 U.S.C. § 255(a).

24        38.  AS A THIRTY-EIGHTH, SEPARATE, AND AFFIRMATIVE DEFENSE,

25  Defendant alleges that the amounts described in Section 7(e) of the Fair Labor Standards Act, 29

26  U.S.C. § 207(e), must be excluded from the regular rate on which any overtime due is calculated

27  under federal and California law

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108 2693
415 433 1940

E-FILED: Sep 14, 2011 8:00 AM, Superior Court of CA, County of Santa Clara, Case #1-11-CV-205999 Filing #G-35001

1    39.    AS A THIRTY-NINTH, SEPARATE AND AFFIRMATIVE DEFENSE,

2  Defendant alleges that the Complaint fails to state a claim for injunctive relief.

3    40.    AS A FORTIETH, SEPARATE AND AFFIRMATIVE DEFENSE,

4  Defendant alleges that the Complaint fails to state a claim for declaratory relief.

5    41.    AS A FORTY-FIRST, SEPARATE AND AFFIRMATIVE DEFENSE,

6  Defendant alleges that Plaintiff's claims for injunctive and other equitable relief contained therein

7  are barred because Plaintiff and/or the putative class has an adequate remedy at law.

8    42.    AS A FORTY-SECOND, SEPARATE AND AFFIRMATIVE DEFENSE,

9  Defendant alleges that the Complaint fails to state a claim upon which prejudgment and/or post-

10  judgment interest may be granted, as the damages claimed are not sufficiently certain to allow an

11  award of pre/post-judgment interest.

12    43.    AS A FORTY-THIRD, SEPARATE AND AFFIRMATIVE DEFENSE,

13  Defendant alleges that, to the extent Plaintiff and/or the putative class seek statutory and/or other

14  penalties, such claims must comport with the due process requirements of *State Farm v. Campbell*,

15  538 U.S. 408 (2003).

16    44.    AS A FORTY-FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE,

17  Defendant alleges that, assuming *arguendo*, any employee or agent of Defendant engaged in any

18  unlawful conduct toward Plaintiff and/or the putative class (which Defendant denies), such conduct

19  was contrary to Defendant's express policies and beyond the course and scope of that individual's

20  employment or agency relationship and cannot be attributed to Defendant, and Defendant cannot be

21  held liable for any such actions.

22    45.    AS A FORTY-FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE,

23  Defendant alleges that to the extent Defendant was aware of wrongful conduct, if any (which

24  Defendant denies), Defendant exercised reasonable care to prevent and promptly correct such

25  conduct.

26    46.    AS A FORTY-SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE,

27  Defendant alleges that to the extent Plaintiff is awarded any penalties under the Labor Code Section

28  that provides, all such penalties will be for an "initial violation." A "subsequent violation" refers to a

8.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415.433.1940

Defendant's Answer to Plaintiff's Complaint                    Case No. 111CV205999

E-FILED: Sep 14, 2011 8:00 AM, Superior Court of CA, County of Santa Clara, Case #1-11-CV-205999 Filing #G-35001

1   subsequent finding of a violation of the same California Labor Code section by Defendant

2   (assuming, *arguendo*, that an "initial violation" is found in this case). *See Amaral v. Cintas*, 163

3   Cal. App. 4th 1157 (2008).

4       47.    AS A FORTY-SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE,

5   Defendant alleges that Plaintiff and the putative class lack a private right of action to bring claims in

6   court for penalties or any other remedy pursuant to California Labor Code §§ 201, 202, 203, 226,

7   226.7, 510, 512, 1194, and/or 1199.

8       48.    AS A FORTY-EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE,

9   Defendant alleges that any unlawful or other wrongful acts of any person(s) employed by

10  Defendants, or any of them, were outside the scope of his or her authority and such acts, if any, were

11  not authorized, ratified, or condoned, nor did Defendant know or have reason to be aware of such

12  alleged conduct.

13      49.    AS A FORTY-NINTH, SEPARATE, AND AFFIRMATIVE DEFENSE,

14  Defendant alleges that this suit may not be properly maintained as a class action because: (a)

15  Plaintiff has failed to plead and/or cannot establish the necessary procedural elements for, class

16  treatment; (b) a class action is not an appropriate method for the fair and efficient adjudication of the

17  claims described in the Complaint; (c) common issues of fact or law do not predominate; to the

18  contrary, individual issues predominate; (d) Plaintiff claims are not representative or typical of the

19  claims of the putative class; (e) Plaintiff is not proper class representatives; (f) Plaintiff and alleged

20  putative class counsel are not adequate representatives for the alleged putative class; (g) Plaintiff

21  cannot satisfy any of the requirements for class action treatment, and class action treatment is neither

22  appropriate nor constitutional; (h) there is not a well-defined community of interest in the questions

23  of law or fact affecting Plaintiff and the members of the alleged putative class; (i) the alleged

24  putative class is not ascertainable, nor are its members identifiable; and (j) to the extent the alleged

25  putative class is ascertainable and its members are identifiable, the number of putative class

26  members is too small to meet the numerosity requirement for a class action.

27      50.    AS A FIFTIETH, SEPARATE, AND AFFIRMATIVE DEFENSE, alleges

28  that this suit may not be properly maintained as a collective action because: (a) Plaintiff has failed to

9.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

Defendant's Answer to Plaintiff's Complaint          Case No. 111CV205999

E-FILED: Sep 14, 2011 8:00 AM, Superior Court of CA, County of Santa Clara, Case #1-11-CV-205999 Filing #G-35001

1     plead and/or cannot establish the necessary procedural elements for collective action treatment; (b) a

2     collective action is not an appropriate method for the fair and efficient adjudication of the claims

3     described in the Complaint; (c) common issues of fact or law do not predominate; to the contrary,

4     individual issues predominate; (d) Plaintiff's claims are not representative or typical of the claims of

5     the putative class; (e) Plaintiff is not a proper class representative; (f) the named Plaintiff and alleged

6     putative class counsel are not adequate representatives for the alleged putative class; (g) Plaintiff

7     cannot satisfy any of the requirements for collective action treatment, and collective action treatment

8     is neither appropriate nor constitutional; (h) there is not a well-defined community of interest in the

9     questions of law or fact affecting Plaintiff and the members of the alleged putative class; (i) the

10     alleged putative class is not ascertainable, nor are its members identifiable; and (j) to the extent the

11     alleged putative class is ascertainable and its members are identifiable, the number of putative class

12     members is too small to meet the numerosity requirement for a collective action.

13           51.    AS A FIFTY-FIRST, SEPARATE AND AFFIRMATIVE DEFENSE,

14     Defendant alleges that the Complaint, and each cause of action set forth therein, is barred because

15     the named Plaintiff lacks standing as a representative of the proposed class.

16           52.    AS A FIFTY-SECOND, SEPARATE AND AFFIRMATIVE DEFENSE,

17     Defendant alleges that certain interests of the alleged putative class are in conflict with the interests

18     of all or certain other members of the putative class.

19           53.    AS A FIFTY-THIRD, SEPARATE AND AFFIRMATIVE DEFENSE,

20     Defendant alleges that the Complaint does not describe the claims or facts being alleged with

21     sufficient particularity to permit Defendant to ascertain what other defenses may exist. Defendant

22     will rely on any and all further defenses that become available or appear during discovery in this

23     action and specifically reserves the right to amend this Answer for purposes of asserting such

24     additional affirmative defenses.

25                             **PRAYER FOR RELIEF**

26          WHEREFORE, Defendant prays for judgment from this Court as follows:

27          1.     Plaintiff take nothing by this action;

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415.433.1940

10.

Defendant's Answer to Plaintiff's Complaint                Case No. 111CV205999

E-FILED: Sep 14, 2011 8:00 AM, Superior Court of CA, County of Santa Clara, Case #1-11-CV-205999 Filing #G-35001

1    2.    That the Complaint be dismissed with prejudice and that judgment be entered

2  against Plaintiff and in favor of Defendant on each of Plaintiff's causes of action;

3    3.    That Plaintiff be ordered to pay Defendant's costs and attorneys' fees,

4  including, but not limited to, costs and attorneys' fees provided under California law; and

5    4.    Such other and further relief as the Court deems appropriate and proper.

6
7  Dated: September 13, 2011

8    GEORGE J. TICHY, II
9    MICHELLE R. BARRETT
     LISA J. LIN
10   LITTLER MENDELSON
     A Professional Corporation
11   Attorneys for Defendant
     HSBC BANK USA, N.A.

12
13  Firmwide:103616143.4 023404.1078

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108 2693
415.433.1940

Defendant's Answer to Plaintiff's Complaint                    Case No. 111CV205999

E-FILED: Sep 14, 2011 8:00 AM, Superior Court of CA, County of Santa Clara, Case #1-11-CV-205999 Filing #G-35001

**PROOF OF SERVICE BY MAIL**

1
2    I am employed in San Francisco County, California.  I am over the age of eighteen

3 years and not a party to the within-entitled action.  My business address is 650 California Street,

4 20th Floor, San Francisco, California 94108.2693.  I am readily familiar with this firm's practice for

5 collection and processing of correspondence for mailing with the United States Postal Service.  On

6 September 13, 2011, I placed with this firm at the above address for deposit with the United States

7 Postal Service a true and correct copy of the within document(s):

8    **DEFENDANT HSBC BANK USA, N.A.'S ANSWER TO**
     **PLAINTIFF'S CLASS AND COLLECTIVE ACTION**
9    **COMPLAINT**

10     in a sealed envelope, postage fully paid, addressed as follows:

11    Norman B. Blumenthal, Esq.
     Kyle R. Nordrehaug, Esq.
12    Aparajit Bhowmik, Esq.
     Blumenthal, Nordrehaug & Bhowmik
13    2255 Calle Clara
     La Jolla, CA  92037
14    Tele.:  858.551.1223
     Fax:  858.551.1232
15    *Attorneys for Plaintiff*
16

17    Following ordinary business practices, the envelope was sealed and placed for

18 collection and mailing on this date, and would, in the ordinary course of business, be deposited with

19 the United States Postal Service on this date.

20    I declare under penalty of perjury under the laws of the State of California that the

21 above is true and correct.

22    Executed on September 13, 2011, at San Francisco, California.

23
24
25           JANE WONG
26 Firmwide:103757224.1 023404.1078
27
28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

PROOF OF SERVICE            Case No. 111CV 205999

THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
ELECTRONIC FILING - WWW.SCEFILING.ORG

1   c/o Glotrans
2915 McClure Street
Oakland, CA 94609
2   TEL: (510) 208-4775
FAX: (510) 465-7348
EMAIL: Info@Glotrans.com
3

# E-FILED

Sep 14, 2011 8:00 AM
David H. Yamasaki
Chief Executive Officer/Clerk
Superior Court of CA, County of Santa Clara
Case #1-11-CV-205999 Filing #G-35001
By M. Huerta, Deputy

4

5   THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SANTA CLARA

6   SUBRAHMANYESWARA RAO KOLLA, an individual, on
behalf of himself, and all persons similarly
7   situated, Plaintiff,

8              Plaintiff,

vs.

9   HSBC BANK USA, N.A., a Delaware corporation; and
DOES 1 through 50, inclusive, Defendants.

10   Defendant.

AND RELATED ACTIONS

Kolla v. HSBC Bank USA, N.A.

Lead Case No.1-11-CV-205999

Hon. James P. Kleinberg

**PROOF OF SERVICE**
**Electronic Proof of Service**

11          I am employed in the County of Alameda, State of California.

12          I am over the age of 18 and not a party to the within action; my business address is 2915 McClure
Street, Oakland, CA 94609.

13          The documents described on page 2 of this Electronic Proof of Service were submitted via the
14   worldwide web on Tue. September 13, 2011 at 5:57 PM PDT and served by electronic mail notification.

            I have reviewed the Court's Order Concerning Electronic Filing and Service of Pleading Documents and
15   am readily familiar with the contents of said Order. Under the terms of said Order, I certify the above-described
16   document's electronic service in the following manner:

            The document was electronically filed on the Court's website, http://www.scefiling.org, on Tue.
17   September 13, 2011 at 5:57 PM PDT

            Upon approval of the document by the Court, an electronic mail message was transmitted to all parties
18   on the electronic service list maintained for this case. The message identified the document and provided
19   instructions for accessing the document on the worldwide web.

            I declare under penalty of perjury under the laws of the State of California that the foregoing is true and
20   correct. Executed on September 13, 2011 at Oakland, California.

            Dated: September 13, 2011          For WWW.SCEFILING.ORG

21                                              Andy Jamieson

22

23

E-FILED: Sep 14, 2011 8:00 AM, Superior Court of CA, County of Santa Clara, Case #1-11-CV-205999 Filing #G-35001

1   THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
    ELECTRONIC FILING SYSTEM - WWW.SCEFILING.ORG

2   Electronic Proof of Service
    Page 2

3   Document(s) submitted by Lisa Lin of Littler Mendelson on Tue. September 13, 2011 at 5:57 PM PDT

    1. Complex Answer: Defendant HSBC Bank USA, N.A.'S ANSWER To Plaintiff's Class And Collective Action Complaint

# EXHIBIT D

1

**BLUMENTHAL, NORDREHAUG & BHOWMIK**
   Norman B. Blumenthal (State Bar #068687)
2    Kyle R. Nordrehaug (State Bar #205975)
   Aparajit Bhowmik (State Bar #248066)
3  2255 Calle Clara
La Jolla, CA 92037
4  Telephone: (858)551-1223
Facsimile: (858) 551-1232
5  Website: www.bamlawca.com

6  Attorneys for Plaintiff

7

8

9

10

11             **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12             **IN AND FOR THE COUNTY OF SANTA CLARA**

13

14  SUBRAHMANYESWARA RAO           CASE No. <u>111CV205999</u>
KOLLA, an individual, on behalf of
15  himself, and all persons similarly     **FIRST AMENDED CLASS AND**
situated,                                 **COLLECTIVE ACTION COMPLAINT**
16                                         **FOR:**

17             Plaintiff,                  1.    UNFAIR COMPETITION IN
                                                 VIOLATION OF CAL. BUS. &
18  vs.                                          PROF. CODE §§ 17200 *et seq.*;
                                           2.    FAILURE TO PAY OVERTIME
19  HSBC BANK USA, N.A., a Delaware             COMPENSATION IN VIOLATION
Corporation; and DOES 1 through 50,            OF CAL. LAB. CODE §§ 510, 1194
20  inclusive,                                  AND 1198, *et seq.*;
                                           3.    FAILURE TO PROVIDE
21             Defendant.                         ACCURATE ITEMIZED WAGE
                                                 STATEMENTS IN VIOLATION
22                                               OF CAL. LAB. CODE § 226;
                                           4.    FAILURE TO PAY OVERTIME
23                                               COMPENSATION IN VIOLATION
                                                 OF 29 U.S.C. § 201, *et seq.*; and,
24                                         5.    VIOLATION OF THE PRIVATE
                                                 ATTORNEYS GENERAL ACT
25                                               [LABOR CODE §§ 2698 *et seq.*].

26                                         **DEMAND FOR A JURY TRIAL**

27

28

E-FILED
Sep 13, 2011 8:00 AM
David H. Yamasaki
Chief Executive Officer/Clerk
Superior Court of CA, County of Santa Clara
Case #1-11-CV-205999 Filing #G-34956
By M. Huerta, Deputy

---

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT
-1-

E-FILED: Sep 13, 2011 8:00 AM, Superior Court of CA, County of Santa Clara, Case #1-11-CV-205999 Filing #G-34956

1   Plaintiff Subrahmanyeswara Rao Kolla ("PLAINTIFF"), on behalf of himself and all

2   other similarly situated current and former employees, alleges on information and belief, except

3   for his own acts and knowledge which are based on personal knowledge, the following:

4

5                                    **INTRODUCTION**

6       1.      This is a Class Action brought on behalf of the PLAINTIFF and on behalf of

7   the proposed classes of individuals who worked for Defendant HSBC Bank USA, N.A.

8   ("HSBC" or "DEFENDANT").  These employees were denied overtime wages as required

9   by federal and state wage and hour laws.

10      2.      The CLASS is made up of all persons who were employed in California by

11  Defendant HSBC Bank USA, N.A. as an "AVP Cluster Operations Officer," "AVP Branch

12  Operations Officer" (collectively, the "Operations Officers"), at any time during the

13  applicable class period.

14

15                                **FACTUAL BACKGROUND**

16      3.      Plaintiff Subrahmanyeswara Rao Kolla ("PLAINTIFF") was employed by

17  DEFENDANT in Santa Clara County as an "AVP Cluster Operations Officer" from August

18  2009 to March 2011.  PLAINTIFF was hired by HSBC to review bank records to ensure

19  compliance with customers and to provide customer service at the San Jose retail location.

20  PLAINTIFF reported to the HSBC San Jose branch manager.  PLAINTIFF's day-to-day job

21  was to review bank records to ensure compliance with bank policies and procedures and

22  provide customer service at the retail location.  PLAINTIFF regularly worked at least five

23  (5) days a week and ten (10) hours a day.  PLAINTIFF began work early in the morning and

24  worked into the evenings and on the weekends, causing his hours worked to regularly

25  exceed forty (40) in a workweek.  Further, DEFENDANT was aware that the PLAINTIFF

26  was working overtime because the branch manager was in the bank working at the same

27  time and the PLAINTIFF was required to report to the branch manager each day.

28  Nevertheless, the PLAINTIFF was not provided with overtime compensation for the

---

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT
-2-

E-FILED: Sep 13, 2011 8:00 AM, Superior Court of CA, County of Santa Clara, Case #1-11-CV-205999 Filing #G-34956

1   overtime hours he worked and was also not provided with all meal and rest breaks.

2   PLAINTIFF was finally terminated in March 2011.

3

4   **GENERAL ALLEGATIONS**

5       4.   Pursuant to the authority granted by California Labor Code Section 515, the

6   applicable Industrial Welfare Commission Wage Order (Wage Order 4-2001) may establish

7   exemptions from the requirement that overtime compensation be paid pursuant to Sections

8   510 and 511 for executive, administrative, and professional employees, provided that the

9   employee is primarily engaged in duties that meet the test of the exemption, customarily and

10  regularly exercises discretion and independent judgment as to matters of significance in

11  performing those duties, and earns a monthly salary equivalent to no less than two times the

12  state minimum wage for full-time employment.

13      5.   For purposes of exempting executive employees, included in Title 8 of the

14  California Code of Regulations, as Section 11040, [the Wage Order] provides that, among

15  other conditions, the employee must be in charge of a customarily recognized department or

16  subdivision of the enterprise, not merely participate in the management of the unit.

17      6.   For purposes of exempting administrative employees, included in Title 8 of the

18  California Code of Regulations, as Section 11040, [the Wage Order] provides that, among

19  other conditions, the employee must perform "office or non-manual work directly related to

20  management policies or general business operations" of the employer or its customers.

21      7.   Operations Officers are engaged in the routine, day-to-day production activity

22  of DEFENDANT which primarily involves: reviewing new accounts for proper

23  documentation and compliance, reviewing customer activity through daily reviews, logs and

24  reports for proper documentation and compliance, reviewing department productivity,

25  assisting teller transactions, calling and meeting with customers and providing them with

26  account information to ensure quality service and client retention.  Operations Officers

27  either complete these day-to-day branch operations activities in accordance with already

28  established company guidelines or if unable to do so, then report the matter to their branch

E-FILED: Sep 13, 2011 8:00 AM, Superior Court of CA, County of Santa Clara, Case #1-11-CV-205999 Filing #G-34956

1   manager ("General Manager") so as to allow the branch manager to follow-up with

2   additional work on the matter reported.  These managers are the actual "executives" in

3   charge of managing the day-to-day operations activities at each retail location as the

4   recognized department or subdivision of DEFENDANT.  The work of an Operations Officer

5   is therefore not related to setting management policies or to the general business operations,

6   but rather to the "production" of one of DEFENDANT's products which is customer service

7   and account support for retail banking and therefore directly related to the goods and

8   services that constitute a financial service company's marketplace offerings.  As a result, the

9   Operations Officers do not customarily and regularly exercise discretion and independent

10  judgment as to matters of significance in performing their duties as their work is functional.

11          8.      PLAINTIFF and the other Operations Officers are also not the executives in

12  charge of a customarily recognized unit of DEFENDANT and not the administrators setting

13  management policies or altering the general business operations of DEFENDANT.  As a

14  result, the PLAINTIFF and the other Operations Officers were and are engaged in work of a

15  type that falls outside the scope of the "executive" and "administrative" employee

16  exemptions, and should therefore have been classified as non-exempt employees entitled to

17  overtime compensation.

18          9.      DEFENDANT also failed to provide the PLAINTIFF and the other Operations

19  Officers with complete and accurate wage statements which failed to show, among other

20  things, the number of hours worked.  Cal. Lab. Code § 226 provides that every employer

21  shall furnish each of his or her employees with an accurate itemized wage statement in

22  writing showing, among other things, gross wages earned and all applicable hourly rates in

23  effect during the pay period and the corresponding number of hours worked at each hourly

24  rate.  As a result, DEFENDANT provided the PLAINTIFF and the other Operations Officers

25  with wage statements which violate Cal. Lab. Code § 226, and also violate Wage Order No.

26  4 by failing to maintain time records showing when work begins and ends for each

27  employee.

28          10.     The positions of "AVP Cluster Operations Officer" and "AVP Branch

E-FILED: Sep 13, 2011 8:00 AM, Superior Court of CA, County of Santa Clara, Case #1-11-CV-205999 Filing #G-34956

1   Operations Officer" were represented by DEFENDANT to the PLAINTIFF and the other

2   CLASS members as exempt and salaried positions.

3       11.   For DEFENDANT's business, the CLASS members functioned as working

4   members in DEFENDANT's retail operations division.  As defined by DEFENDANT's

5   comprehensive corporate policies, practices and procedures, the CLASS members employed

6   by DEFENDANT were and are at all times required to perform the day-to-day production

7   operations activities of reviewing bank records to confirm compliance with bank

8   requirements and providing customer service at the retail locations.  These standardized

9   procedures mirror the realities of the workplace evidencing a uniformity of work among the

10  Operations Officers and negate any exercise of discretion and independent judgment as to

11  matters of significance.

12      12.   The work schedule for the Operations Officers was set by DEFENDANT.

13  Generally, the CLASS members work ten (10) to twelve (12) hours each workday and ten

14  (10) to twenty (20) hours of overtime each workweek.

15      13.   DEFENDANT has not established an alternative workweek election for the

16  CLASS members for ten (10) to twelve (12) hour workdays.

17      14.   PLAINTIFF and the other Operations Officers were not provided with

18  overtime compensation and other benefits required by law as a result of being misclassified

19  as "exempt" by DEFENDANT.

20      15.   As a matter of company policy, practice and procedure, DEFENDANT has

21  unlawfully, unfairly and/or deceptively classified every Operations Officer as exempt based

22  on job title alone, failed to pay required overtime compensation, and otherwise failed to

23  comply with all applicable labor laws with respect to these Operations Officers.

24

25                          **THE PARTIES**

26      16.   Plaintiff Subrahmanyeswara Rao Kolla resides in Santa Clara County and was

27  employed by DEFENDANT as an Operations Officer from August 2009 to March 2011.

28      17.   Defendant HSBC Bank USA, N.A., is a Delaware corporation with its

---

E-FILED: Sep 13, 2011 8:00 AM, Superior Court of CA, County of Santa Clara, Case #1-11-CV-205999 Filing #G-34956

1   principal place of business in Buffalo, New York.  HSBC Bank USA, N.A. hereinafter also

2   referred to as "HSBC" or "DEFENDANT" is the principal subsidiary of HSBC USA Inc., an

3   indirect, wholly-owned subsidiary of HSBC North America Holdings Inc., one of the ten

4   largest banking holding companies in the United States.  At all relevant times mentioned

5   herein, HSBC conducted and continues to conduct substantial and regular business

6   throughout California.

7        18.    HSBC's business is providing financial services throughout the United States.

8   The company offers a full range of banking products and services to individuals, including

9   high net worth individuals, small businesses, corporations, institutions and governments

10  through its personal financial services, commercial banking, private banking and global

11  banking and markets segments.

12       19.    The unfavorable economic conditions that have affected the United States for

13  the past few years, including high unemployment, have adversely impacted the financial

14  services market.  To the extent that these conditions continue, HSBC will continue to suffer

15  losses which will continue to materially affect the bank's operations and financial condition.

16  While committed to remaining one of the ten largest banks in the United States, HSBC has

17  consequently placed this financial burden on a smaller number of employees by cutting its

18  most crucial asset, the employees that have contributed to its superior banking operations

19  and delivered market strength in a challenging financial climate.  An employer's obligation

20  to pay its employees wages is more than a matter of private concern between the parties.

21  This obligation is founded on a compelling public policy judgment that employees are

22  entitled to work a livable number of hours at a livable wage.  In addition, statutes and

23  regulations that compel employers to pay overtime relate to fundamental issues of social

24  welfare worthy of protection.  The requirement to pay overtime wages extends beyond the

25  benefits individual workers receive because overtime wages discourage employers from

26  concentrating work in a few overburdened hands and encourage employers to instead hire

27  additional employees.  Especially in today's economic climate, the importance of spreading

28  available work to reduce unemployment and paying employees all wages they are entitled to

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT
-6-

E-FILED: Sep 13, 2011 8:00 AM, Superior Court of CA, County of Santa Clara, Case #1-11-CV-205999 Filing #G-34956

1   cannot be overestimated.

2       20.     The true names and capacities, whether individual, corporate, associate or

3   otherwise of the Defendants sued herein as DOES 1 through 50, inclusive, are presently

4   unknown to the PLAINTIFF who therefore sues these Defendants by such fictitious names

5   pursuant to Cal. Civ. Proc. Code § 474.  PLAINTIFF is informed and believes, and based

6   thereon, alleges that each of the Defendants designated herein is legally responsible in some

7   manner for the unlawful acts referred to herein.  PLAINTIFF will seek leave of Court to

8   amend this Complaint to reflect the true names and capacities of the Defendants when they

9   have been ascertained and become known.

10      21.     The agents, servants and/or employees of the Defendants and each of them

11  acting on behalf of the Defendants acted within the course and scope of his, her or its

12  authority as the agent, servant and/or employee of the Defendants, and personally

13  participated in the conduct alleged herein on behalf of the Defendants with respect to the

14  conduct alleged herein.  Consequently, the acts of each Defendant are legally attributable to

15  the other Defendants and all Defendants are jointly and severally liable to the PLAINTIFF

16  and the other CLASS members, for the loss sustained as a proximate result of the conduct of

17  the Defendants' agents, servants and/or employees.

18

19                    **JURISDICTION AND VENUE**

20      22.     This Court has jurisdiction over this Action pursuant to California Code of

21  Civil Procedure, Section 410.10 and California Business & Professions Code, Section

22  17203.  This Action is brought as a Class Action on behalf of similarly situated employees

23  of Defendant HSBC Bank USA, N.A. pursuant to California Code of Civil Procedure,

24  Section 382.

25      23.     Venue is proper in this Court pursuant to California Code of Civil Procedure,

26  Sections 395 and 395.5, because the PLAINTIFF resides in this County and DEFENDANT

27  (i) currently maintains and at all relevant times maintained offices and facilities in this

28  County and/or conducts substantial business in this County, and (ii) committed the wrongful

E-FILED: Sep 13, 2011 8:00 AM, Superior Court of CA, County of Santa Clara, Case #1-11-CV-205999 Filing #G-34956

1   conduct herein alleged in this County against the PLAINTIFF and members of the CLASS.

2

3                            **THE CONDUCT**

4           24.    The primary job duty required of the CLASS members as defined by

5   DEFENDANT is executed by the CLASS members through the performance of routine,

6   non-exempt production labor within a defined skill set of reviewing bank records to confirm

7   compliance with the bank requirements and providing customer service.

8           25.    Although the PLAINTIFF and the other CLASS members primarily performed

9   non-exempt production labor, DEFENDANT instituted a blanket classification policy,

10  practice and procedure by which all the CLASS members were classified as exempt from

11  compensation for all hours worked, overtime compensation, and meal breaks and rest

12  breaks.  By reason of this uniform exemption policy, practice and procedure applicable to

13  the PLAINTIFF and the other CLASS members who performed this non-exempt labor,

14  DEFENDANT committed acts of unfair competition in violation of the California Unfair

15  Competition law, Cal. Bus. & Prof. Code § 17200 (the "UCL"), by engaging in a company-

16  wide policy, practice and procedure which failed to properly classify the PLAINTIFF and

17  the other CLASS members and thereby failed to pay them overtime wages for overtime

18  hours worked and provide them with meal and rest breaks. The proper classification of these

19  employees is DEFENDANT's burden.  As a result of DEFENDANT's intentional disregard

20  of the obligation to meet this burden, DEFENDANT failed to pay all required compensation

21  for all hours worked by the PLAINTIFF and the other CLASS members and violated the

22  California Labor Code and regulations promulgated thereunder as herein alleged.  In

23  addition, DEFENDANT failed to provide all legally required off-duty meal and rest breaks

24  to the PLAINTIFF and the other CLASS members as required by the applicable Wage Order

25  and Labor Code.  DEFENDANT did not have a policy or practice which provided meal and

26  rest breaks to the PLAINTIFF and the other CLASS members.  As a result, DEFENDANT's

27  failure to provide the PLAINTIFF and the other CLASS members with all legally required

28  meal and rest breaks is evidenced by DEFENDANT's business records which contain no

E-FILED: Sep 13, 2011 8:00 AM, Superior Court of CA, County of Santa Clara, Case #1-11-CV-205999 Filing #G-34956

1  record of these breaks.

2     26.    DEFENDANT, as a matter of law, has the burden of proving that (a)

3  employees are properly classified as exempt and that (b) DEFENDANT otherwise complies

4  with applicable laws.  Other than the initial classification of the PLAINTIFF and the other

5  CLASS members as exempt from being paid overtime based on job title alone,

6  DEFENDANT had no business policy, practice or procedure to ensure that the PLAINTIFF

7  and the other CLASS members were properly classified as exempt, and in fact, as a matter

8  of corporate policy erroneously and unilaterally classified all the CLASS members as

9  exempt based on job title alone.

10    27.    During their employment with DEFENDANT, the PLAINTIFF and the other

11  CLASS members primarily performed non-exempt job duties, but were nevertheless

12  classified by DEFENDANT as exempt from overtime pay and worked more than eight (8)

13  hours a day, forty (40) hours a week, and/or on the seventh (7th) consecutive day of a

14  workweek.

15    28.    PLAINTIFF and the other CLASS members employed by DEFENDANT

16  were not primarily engaged in work of a type that was or now is directly related to the

17  management policies or general business operations of the employer's customers, when

18  giving these words a fair but narrow construction.  PLAINTIFF and the other CLASS

19  members employed by DEFENDANT were also not primarily engaged in work of a type

20  that was or now is performed at the level of the policy or management of DEFENDANT.

21  PLAINTIFF and the other CLASS members employed by DEFENDANT were also not

22  primarily engaged in work requiring knowledge of an advanced type in a field or science or

23  learning customarily acquired by a prolonged course of specialized intellectual instruction

24  and study, but rather their work primarily involves the performance of routine mental,

25  manual, and/or physical processes.  PLAINTIFF and the other CLASS members employed

26  by DEFENDANT were also not primarily engaged in work that is predominantly intellectual

27  and varied in character, but rather is routine mental, manual, mechanical, and/or physical

28  work that is of such character that the output produced or the result accomplished can be

E-FILED: Sep 13, 2011 8:00 AM, Superior Court of CA, County of Santa Clara, Case #1-11-CV-205999 Filing #G-34956

1   standardized in relation to a given period of time.  The work of an Operations Officer of

2   DEFENDANT was work wherein the PLAINTIFF and the other CLASS members were

3   primarily engaged in the day-to-day production operations activities of reviewing bank

4   records to confirm compliance with bank requirements and providing customer service on

5   the production side of DEFENDANT's business and in accordance with DEFENDANT's

6   strict bank requirements.

7        29.    The fact that the work of these CLASS members may have involved work

8   using a specialized skill set or technical abilities in a defined technical area does not mean

9   that the PLAINTIFF and the other Operations Officers employed by DEFENDANT are

10   exempt from overtime wages.  Indeed, the exercise of discretion and independent judgment

11   must be more than the use of a highly technical skill set described in a manual or other

12   sources.  The work that the PLAINTIFF and the other CLASS members employed by

13   DEFENDANT were and are primarily engaged in is performing the day-to-day non-exempt

14   production activities which is work that is required to be performed as part of the day-to-

15   day-business of DEFENDANT.  As a result, the PLAINTIFF and the other CLASS

16   members employed by DEFENDANT were primarily engaged in work that falls on the

17   production/non-exempt administration side of the administrative/production worker

18   dichotomy and therefore should have been properly classified as non-exempt employees.

19        30.    The primary job duty of the PLAINTIFF and the other CLASS members

20   employed by DEFENDANT was and is reviewing bank records to confirm compliance with

21   bank requirements and providing customer service.  The CLASS members are tightly

22   controlled by bank requirements and by their managers, do not exercise discretion and

23   independent judgment as to matters of significance, are not in charge of a customarily

24   recognized department or subdivision therein, and their job duties are not directly related to

25   the management policies or general business operations of DEFENDANT.  As a result, the

26   CLASS members are engaged in a type of work that falls outside the scope of the

27   "executive" and "administrative" exemptions.

28        31.    PLAINTIFF and the other CLASS members were and are uniformly classified

E-FILED: Sep 13, 2011 8:00 AM, Superior Court of CA, County of Santa Clara, Case #1-11-CV-205999 Filing #G-34956

1   and treated by DEFENDANT as exempt at the time of hire and thereafter, DEFENDANT

2   failed to take the proper steps to determine whether the PLAINTIFF and the other CLASS

3   members were properly classified under the applicable Industrial Welfare Commission

4   Wage Order (Wage Order 4-2001) and Cal. Lab. Code §§ 510, *et seq.* as exempt from

5   applicable California labor laws.  Since DEFENDANT affirmatively and wilfully

6   misclassified the PLAINTIFF and the other CLASS members in compliance with California

7   labor laws, DEFENDANT's practices violated and continue to violate California law.  In

8   addition, DEFENDANT acted deceptively by falsely and fraudulently telling the

9   PLAINTIFF and each member of the CLASS that they were exempt from overtime

10  compensation when DEFENDANT knew or should have known that this statement was false

11  and not based on known facts.  DEFENDANT also acted unfairly by violating the California

12  labor laws, and as a result of this policy and practice, DEFENDANT also violated the UCL.

13  In doing so, DEFENDANT cheated the competition by paying the CLASS less than the

14  amount competitors paid who complied with the law and cheated the CLASS by not paying

15  them in accordance with California law.

16      32.    DEFENDANT also failed to provide and still fails to provide the PLAINTIFF

17  and the other CLASS members with a wage statement in writing that accurately sets forth

18  gross wages earned, all applicable hourly rates in effect during the pay period and the

19  corresponding number of hours worked at each hourly rate by the PLAINTIFF and the other

20  CLASS members.  This conduct violates Cal. Lab. Code § 226.  The pay stub also does not

21  accurately display anywhere the PLAINTIFF's and the other CLASS members' overtime

22  hours and applicable rates of overtime pay for the pay period.

23      33.    By reason of this uniform conduct applicable to the PLAINTIFF and the other

24  CLASS members, DEFENDANT committed acts of unfair competition in violation of the

25  California Unfair Competition law, Cal. Bus. & Prof. Code § 17200 (the "UCL"), by

26  engaging in a company-wide policy, practice and procedure which failed to correctly

27  classify the PLAINTIFF and the CLASS as non-exempt.  The proper classification of these

28  employees is DEFENDANT's burden.  As a result of DEFENDANT's intentional disregard

E-FILED: Sep 13, 2011 8:00 AM, Superior Court of CA, County of Santa Clara, Case #1-11-CV-205999 Filing #G-34956

1  of the obligation to meet this burden, DEFENDANT failed to properly calculate and/or pay

2  all required compensation for work performed by the CLASS members and violated the

3  applicable Wage Order, the California Labor Code and the regulations promulgated

4  thereunder as herein alleged.

5

6                          **THE UCL REMEDIES**

7        34.    As a result of DEFENDANT's UCL violation, the PLAINTIFF, on behalf

8  of himself and the CLASS, seeks restitutionary disgorgement of DEFENDANT's ill-gotten

9  gains into a fluid fund in order to provide restitution of all the money that DEFENDANT

10  was required by law to pay, but failed to pay, to the PLAINTIFF and all the other CLASS

11  members.  PLAINTIFF also seeks all other relief available to him and the other CLASS

12  members located in California under California law.  PLAINTIFF also seeks declaratory

13  relief finding that the employment policies, practices and procedures of DEFENDANT

14  violate California law.

15

16                        **THE CALIFORNIA CLASS**

17        35.    PLAINTIFF brings the First, Second and Third Causes of Action as a Class

18  Action pursuant to California Code of Civil Procedure, Section 382, on behalf of a Class

19  defined as all individuals who are or previously were employed by Defendant HSBC Bank

20  USA, N.A. as an Operations Officer as hereinabove defined in California (the "CLASS")

21  during the period beginning on the date four (4) years before the filing of this Action and

22  ending on the date as determined by the Court (the "CLASS PERIOD").

23        36.    To the extent equitable tolling operates to toll claims by the CLASS against

24  DEFENDANT, the CLASS PERIOD should be adjusted accordingly.

25        37.    DEFENDANT, as a matter of corporate policy, practice and procedure,

26  and in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC")

27  Wage Order Requirements, and the applicable provisions of California law, intentionally,

28  knowingly and wilfully engaged in a practice whereby DEFENDANT unlawfully, unfairly

E-FILED: Sep 13, 2011 8:00 AM, Superior Court of CA, County of Santa Clara, Case #1-11-CV-205999 Filing #G-34956

1    and deceptively instituted a practice to ensure that the employees employed in an Operations

2    Officer position were not properly classified as non-exempt from the requirements of

3    California Labor Code §§ 510, *et seq.*

4         38.    DEFENDANT has the burden of proof that each and every employee is

5    properly classified as exempt from the requirements of the Cal. Lab. Code §§ 510, *et seq.*

6    DEFENDANT, however, as a matter of uniform and systematic policy, practice and

7    procedure, had in place during the CLASS PERIOD and still has in place a policy, practice

8    and procedure that misclassifies the CLASS members as exempt.  DEFENDANT's uniform

9    policy, practice and procedure in place at all times during the CLASS PERIOD and

10   currently in place is to systematically classify each and every CLASS member as exempt

11   from the requirements of the California Labor Code §§ 510, *et seq.*  This common business

12   practice applicable to each and every CLASS member can be adjudicated on a class-wide

13   basis as unlawful, unfair, and/or deceptive under Cal. Bus. & Prof. Code §§ 17200 *et seq.*

14   (the "UCL") as causation, damages and reliance are not elements of this claim.

15        39.    At no time before or during the PLAINTIFF's employment with

16   DEFENDANT was any CLASS member reclassified as non-exempt from the applicable

17   requirements of California Labor Code §§ 510, *et seq.* after each CLASS member was

18   initially, uniformly and systematically classified as exempt upon being hired.

19        40.    Any individual declarations of any employees offered at this time purporting

20   to indicate that one or more CLASS member may have been properly classified is of no

21   force or affect absent contemporaneous evidence that DEFENDANT's uniform system did

22   not misclassify the PLAINTIFF and the other CLASS members as exempt pursuant to Cal.

23   Lab. Code §§ 510, *et seq.*  Absent proof of such a contemporaneous system,

24   DEFENDANT's business practice is uniformly unlawful, unfair and/or deceptive under the

25   UCL and may be so adjudicated on a class-wide basis.  As a result of the UCL violations,

26   the PLAINTIFF and the other CLASS members are entitled to compel DEFENDANT to

27   provide restitutionary disgorgement of their ill-gotten gains into a fluid fund in order to

28   restitute these funds to the PLAINTIFF and the other CLASS members according to proof.

E-FILED: Sep 13, 2011 8:00 AM, Superior Court of CA, County of Santa Clara, Case #1-11-CV-205999 Filing #G-34956

1    41.    DEFENDANT has intentionally and deliberately created a multi-tiered

2  management structure with numerous levels.  PLAINTIFF and the other CLASS members

3  are at the bottom of the pyramid, acting as low-level functionaries whose primary job duty is

4  the day-to-day production activities of reviewing bank records to confirm compliance with

5  bank requirements and providing customer service in accordance with DEFENDANT's

6  strict, uniform bank requirements.  The job levels and job titles such as  "AVP Cluster

7  Operations Officer" and "AVP Branch Operations Officer" (collectively, the "Operations

8  Officers") were distributed in order to create the superficial appearance of a number of

9  unique jobs, when in fact, these jobs are substantially similar and can be easily grouped

10  together with other jobs for the purpose of determining whether they were all misclassified.

11  One of DEFENDANT's purposes in creating and maintaining this multi-level job

12  classification scheme is to create an artificial barrier to discovery and class certification for

13  all employees similarly misclassified as exempt.  DEFENDANT has uniformly misclassified

14  these CLASS members as exempt and denied them overtime wages and other benefits to

15  which non-exempt employees are entitled, in order to unfairly cheat the competition and

16  unlawfully profit.

17    42.    The CLASS is so numerous that joinder of all the CLASS members is

18  impracticable.

19    43.    During the CLASS PERIOD, DEFENDANT violated the rights of the

20  PLAINTIFF and the other CLASS members under California law, without limitation, in the

21  following manners:

22         (a)    Violating the California Unfair Competition law, Cal. Bus. & Prof.

23                Code §§ 17200 *et seq.* (the "UCL"), by unlawfully, unfairly and/or

24                deceptively having in place company policies, practices and procedures

25                that uniformly misclassified the PLAINTIFF and the other CLASS

26                members as exempt;

27         (b)    Committing an act of unfair competition in violation of the UCL, by

28                unlawfully, unfairly and/or deceptively failing to have in place a

E-FILED: Sep 13, 2011 8:00 AM, Superior Court of CA, County of Santa Clara, Case #1-11-CV-205999 Filing #G-34956

1  company policy, practice and procedure that accurately determined the
2  amount of working time spent by the PLAINTIFF and the other CLASS
3  members performing non-exempt labor;

4  (c)  Committing an act of unfair competition in violation of the UCL, by
5  having in place a company policy, practice and procedure that failed to
6  reclassify as non-exempt those members of the CLASS whose actual
7  job duties are primarily comprised of non-exempt job functions;

8  (d)  Committing an act of unfair competition in violation of the UCL, by
9  violating Cal. Lab. Code §§ 510, *et seq.* by failing to pay the correct
10  overtime pay to the PLAINTIFF and the other CLASS members who
11  were improperly classified as exempt, and retaining the unpaid
12  overtime to the benefit of DEFENDANT;

13  (e)  Committing an act of unfair competition in violation of the UCL, by
14  failing to provide all legally required meal and/or rest breaks to the
15  PLAINTIFF and the other CLASS members;

16  (f)  Committing an act of unfair competition in violation of the UCL, by
17  violating Cal. Lab. Code § 226 by failing to provide the PLAINTIFF
18  and the other CLASS members with an accurate itemized statement in
19  writing showing the gross wages earned, the net wages earned, all
20  applicable hourly rates in effect during the pay period and the
21  corresponding number of hours worked at each hourly rate by the
22  employee;

23  (g)  Committing an act of unfair competition in violation of the UCL, by
24  violating Cal. Lab. Code §§ 201, 202, 203, & 204, by failing to tender
25  timely and full payment and/or restitution of all wages owed to the
26  employees whose employment with DEFENDANT has terminated;
27  and,

28  (h)  Committing an act of unfair competition in violation of the UCL, by

E-FILED: Sep 13, 2011 8:00 AM, Superior Court of CA, County of Santa Clara, Case #1-11-CV-205999 Filing #G-34956

1    violating the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et*

2    *seq.*, by failing to pay the correct overtime wages to the PLAINTIFF

3    and the other CLASS members who were improperly classified as

4    exempt as legally required by the FLSA, and retaining the unpaid

5    overtime to the benefit of DEFENDANT.

6    44.    Common questions of law and fact exist as to the CLASS members, including

7    but not limited to, the following:

8    (a)    Whether DEFENDANT's policies, practices and pattern of conduct

9    described in this Complaint was and is unlawful;

10   (b)    Whether DEFENDANT unlawfully failed to pay overtime

11   compensation to the CLASS members in violation of the California

12   Labor Code, California regulations and the applicable California Wage

13   Order;

14   (c)    Whether the CLASS members are non-exempt employees entitled to

15   overtime compensation for overtime hours worked under the overtime

16   pay requirements of California law;

17   (d)    Whether DEFENDANT's policy, practice and procedure of classifying

18   the CLASS members as exempt from overtime compensation and

19   failing to pay the CLASS members overtime violates applicable

20   provisions of California law;

21   (e)    Whether DEFENDANT unlawfully failed to provide the CLASS

22   members with all legally required meal and/or rest breaks;

23   (f)    Whether DEFENDANT unlawfully failed to keep and furnish CLASS

24   members with accurate records of overtime hours worked;

25   (g)    Whether DEFENDANT's policy and practice of failing to pay the

26   CLASS members all wages when due within the time required by law

27   after their employment terminated violates California law;

28   (h)    Whether DEFENDANT has engaged in unfair competition by the

E-FILED: Sep 13, 2011 8:00 AM, Superior Court of CA, County of Santa Clara, Case #1-11-CV-205999 Filing #G-34956

1    above-listed conduct; and,

2    (i)    Whether DEFENDANT's conduct was willful.

3    45.    This Class Action meets the statutory prerequisites for the maintenance of a

4  Class  Action as set forth in California Code of Civil Procedure, Section 382, in that:

5    (a)    The persons who comprise the CLASS are so numerous that the joinder

6    of all such persons is impracticable and the disposition of their claims

7    as a class will benefit the parties and the Court;

8    (b)    Nearly all factual, legal, statutory and declaratory relief issues that are

9    raised in this Complaint are common to the CLASS and will apply

10    uniformly to every member of the CLASS;

11    (c)    The claims of the representative PLAINTIFF are typical of the claims

12    of each member of the CLASS.  PLAINTIFF, like all the CLASS

13    members, was initially classified as exempt upon hiring based on the

14    defined corporate policies, practices and procedures and labored under

15    DEFENDANT's systematic policy, practice and procedure that failed to

16    properly classify the PLAINTIFF and the other CLASS members.

17    PLAINTIFF sustained economic injury as a result of DEFENDANT's

18    employment practices.  PLAINTIFF and the other CLASS members

19    were and are similarly or identically harmed by the same unlawful,

20    unfair, deceptive and pervasive pattern of misconduct engaged in by

21    DEFENDANT by deceptively advising all the CLASS members that

22    they were exempt from overtime wages based on the defined corporate

23    policies and practices, and unfairly failing to pay overtime to these

24    employees who were improperly classified as exempt; and,

25    (d)    The representative PLAINTIFF will fairly and adequately represent and

26    protect the interest of the CLASS, and has retained counsel who is

27    competent and experienced in Class Action litigation.  There are no

28    material conflicts between the claims of the representative PLAINTIFF

E-FILED: Sep 13, 2011 8:00 AM, Superior Court of CA, County of Santa Clara, Case #1-11-CV-205999 Filing #G-34956

1   and the other CLASS members that would make class certification

2   inappropriate.  Counsel for the CLASS will vigorously assert the claims

3   of all employees in the CLASS.

4       46.    In addition to meeting the statutory prerequisites to a Class Action, this Action

5   is properly maintained as a Class Action pursuant to California Code of Civil Procedure,

6   Section 382, in that:

7       (a)    Without class certification and determination of declaratory, statutory

8   and other legal questions within the class format, prosecution of

9   separate actions by individual members of the CLASS will create the

10   risk of:

11       i)    Inconsistent or varying adjudications with respect to individual

12   members of the CLASS which would establish incompatible

13   standards of conduct for the parties opposing the CLASS;

14   and/or,

15       ii)    Adjudication with respect to individual members of the CLASS

16   which would as a practical matter be dispositive of interests of

17   the other members not party to the adjudication or substantially

18   impair or impede their ability to protect their interests.

19       (b)    The parties opposing the CLASS have acted or refused to act on

20   grounds generally applicable to the CLASS, making appropriate class-

21   wide relief with respect to the CLASS as a whole in that DEFENDANT

22   uniformly classified and treated the CLASS members as exempt and,

23   thereafter, uniformly failed to take proper steps to determine whether

24   the CLASS members were properly classified as exempt, and thereby

25   denied these employees overtime wages as required by law.

26       i)    With respect to the First Cause of Action, the final relief on

27   behalf of the CLASS sought does not relate exclusively to

28   restitution because through this claim the PLAINTIFF seeks

E-FILED: Sep 13, 2011 8:00 AM, Superior Court of CA, County of Santa Clara, Case #1-11-CV-205999 Filing #G-34956

1                declaratory relief holding that DEFENDANT's policy, practice

2                and procedure constitute unfair competition, along with

3                incidental equitable relief as may be necessary to remedy the

4                conduct declared to constitute unfair competition.

5     (c)    Common questions of law and fact exist as to the members of the

6                CLASS, with respect to the practices and violations of California law as

7                listed above, and predominate over any question affecting only

8                individual members, and a Class Action is superior to other available

9                methods for the fair and efficient adjudication of the controversy,

10              including consideration of:

11          i)     The interests of the CLASS members in individually controlling

12                the prosecution or defense of separate actions;

13          ii)    The extent and nature of any litigation concerning the

14                controversy already commenced by or against the CLASS

15                members;

16          iii)   In the context of wage litigation because as a practical matter a

17                substantial number of individual class members will avoid

18                asserting their legal rights out of fear of retaliation by

19                DEFENDANT, which may adversely affect an individual's job

20                with DEFENDANT or with a subsequent employer, a Class

21                Action is the only means to assert their claims through a

22                representative;

23          iv)   The desirability or undesirability of concentrating the litigation

24                of the claims in the particular forum;

25          v)     The difficulties likely to be encountered in the management of a

26                Class Action; and,

27          vi)   The basis of DEFENDANT's policies, practices and procedures

28                uniformly applied to all the CLASS members.

- E-FILED: Sep 13, 2011 8:00 AM, Superior Court of CA, County of Santa Clara, Case #1-11-CV-205999 Filing #G-34956

47.   This Court should permit this Action to be maintained as a Class Action pursuant to California Code of Civil Procedure, Section 382, because:

(a)   The questions of law and fact common to the CLASS predominate over any question affecting only individual members because DEFENDANT's employment practices were uniformly and systematically applied with respect to the CLASS;

(b)   A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CLASS because in the context of employment litigation a substantial number of individual class members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c)   The CLASS members are so numerous that it is impractical to bring all the CLASS members before the Court;

(d)   PLAINTIFF and the other CLASS members will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e)   There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the injuries which DEFENDANT's actions have inflicted upon the CLASS;

(f)   There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the CLASS for the injuries sustained;

(g)   DEFENDANT has acted or refused to act on grounds generally applicable to the CLASS, thereby making final class-wide relief appropriate with respect to the CLASS as a whole;

(h)   The CLASS members are readily ascertainable from the business records of DEFENDANT. The CLASS consists of all DEFENDANT's

E-FILED: Sep 13, 2011 8:00 AM, Superior Court of CA, County of Santa Clara, Case #1-11-CV-205999 Filing #G-34956

1                    CLASS members employed in California during the CLASS PERIOD;

2                    and,

3         (i)      Class treatment provides manageable judicial treatment calculated to

4                    bring an efficient and a rapid conclusion to all litigation of all wage and

5                    hour related claims arising out of the conduct of DEFENDANT as to

6                    the members of the CLASS.

7      48.      DEFENDANT maintains records from which the Court can ascertain and

8 identify by name and job title, each of DEFENDANT's employees who have been

9 systematically, intentionally and uniformly subjected to DEFENDANT's corporate policies,

10 practices and procedures as herein alleged.  PLAINTIFF will seek leave to amend the

11 complaint to include any additional job titles of similarly situated employees when they have

12 been identified.

13 **FIRST CAUSE OF ACTION**

14 **For Unlawful, Unfair and Deceptive Business Practices**

15 **[Cal. Bus. & Prof. Code §§ 17200 et seq.]**

16 **(By PLAINTIFF and the CLASS and Against All Defendants)**

17      49.      PLAINTIFF and the other CLASS members reallege and incorporate by this

18 reference, as though fully set forth herein, paragraphs 1 through 48 of this Complaint.

19      50.      DEFENDANT is a "person" as that term is defined under Cal. Bus. & Prof.

20 Code § 17021.

21      51.      Cal. Bus. & Prof. Code §§ 17200 et seq. (the "UCL") defines unfair

22 competition as any unlawful, unfair, or fraudulent business act or practice.  Section 17203

23 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair

24 competition as follows:

25      Any person who engages, has engaged, or proposes to engage in unfair
            competition may be enjoined in any court of competent jurisdiction. The court

26      may make such orders or judgments, including the appointment of a receiver,
            as may be necessary to prevent the use or employment by any person of any

27      practice which constitutes unfair competition, as defined in this chapter, or as
            may be necessary to restore to any person in interest any money or property,

28      real or personal, which may have been acquired by means of such unfair
            competition.

E-FILED: Sep 13, 2011 8:00 AM, Superior Court of CA, County of Santa Clara, Case #1-11-CV-205999 Filing #G-34956

1    Cal. Bus. & Prof. Code § 17203.

2       52.    By the conduct alleged herein, DEFENDANT has engaged and continues to

3    engage in a business practice which violates California law, including but not limited to,

4    Wage Order 4-2001, the California Code of Regulations, the California Labor Code

5    including Sections 201, 202, 203, 204, 226.7, 510, 1194, 1198 & 1199, the Code of Federal

6    Regulations, and the Fair Labor Standards Act ("FLSA"), for which this Court should issue

7    declaratory and other equitable relief pursuant to Cal. Bus. & Prof. Code § 17203 as may be

8    necessary to prevent and remedy the conduct held to constitute unfair competition, including

9    restitution of wages wrongfully withheld.

10      53.    By the conduct alleged herein, DEFENDANT's practices were unfair in that

11    these practices violate public policy, are immoral, unethical, oppressive, unscrupulous or

12    substantially injurious to employees, and are without valid justification or utility for which

13    this Court should issue equitable and injunctive relief pursuant to Section 17203 of the

14    California Business & Professions Code, including restitution of wages wrongfully withheld.

15      54.    By the conduct alleged herein, DEFENDANT's practices were deceptive and

16    fraudulent in that DEFENDANT's uniform misclassification practice was to represent to the

17    CLASS members that they were not entitled to overtime compensation and other benefits as

18    required by California law, when in fact these representations were false and likely to

19    deceive for which this Court should issue equitable and injunctive relief pursuant to Section

20    17203 of the California Business & Professions Code, including restitution of wages

21    wrongfully withheld.

22      55.    By the conduct alleged herein, DEFENDANT's practices were also unlawful,

23    unfair and deceptive in that DEFENDANT's employment practices caused the PLAINTIFF

24    and the other CLASS members to be underpaid during their employment with

25    DEFENDANT.

26      56.    By the conduct alleged herein, DEFENDANT's practices were also unlawful,

27    unfair and deceptive in that DEFENDANT's uniform policies, practices and procedures

28    failed to provide all legally required meal and/or rest breaks to the PLAINTIFF and the other

E-FILED: Sep 13, 2011 8:00 AM, Superior Court of CA, County of Santa Clara, Case #1-11-CV-205999 Filing #G-34956

1   CLASS members.

2       57.    Therefore, the PLAINTIFF demands on behalf of himself and on behalf of

3   each CLASS member, overtime wages and one (1) hour of pay for each workday in which

4   an off-duty meal period was not timely provided for each five (5) hours of work, and/or one

5   (1) hour of pay for each workday in which a second off-duty meal period was not timely

6   provided for each ten (10) hours of work.

7       58.    PLAINTIFF further demands on behalf of himself and on behalf of each

8   CLASS member, one (1) hour of pay for each workday in which a rest period was not timely

9   provided as required by law.

10      59.    By and through the unlawful, unfair and deceptive business practices

11  described herein, DEFENDANT has obtained valuable property, money and services from

12  the PLAINTIFF and the other CLASS members and has deprived them of valuable rights

13  and benefits guaranteed by law, all to their detriment and to the benefit of DEFENDANT so

14  as to allow DEFENDANT to unfairly compete against competitors who comply with the

15  law.

16      60.    All the acts described herein as violations of, among other things, the

17  Industrial Welfare Commission Wage Orders, the California Code of Regulations, the

18  California Labor Code, the Code of Federal Regulations, and the Fair Labor Standards Act,

19  are unlawful, are in violation of public policy, are immoral, unethical, oppressive,

20  unscrupulous, and are likely to deceive employees, as herein alleged, and thereby constitute

21  unlawful, unfair and deceptive business practices in violation of Cal. Bus. & Prof. Code §§

22  17200 *et seq.*

23      61.    PLAINTIFF and the other CLASS members are further entitled to, and do,

24  seek such relief as may be necessary to restore to them the property and money which

25  DEFENDANT has acquired, or of which the PLAINTIFF and the other  CLASS members

26  have been deprived, by means of the described unlawful, unfair and deceptive business

27  practices.

28      62.    PLAINTIFF and the other CLASS members are further entitled to, and do,

E-FILED: Sep 13, 2011 8:00 AM, Superior Court of CA, County of Santa Clara, Case #1-11-CV-205999 Filing #G-34956

1   seek a declaration that the described business practices are unlawful, unfair and deceptive

2   and that injunctive relief should be issued restraining DEFENDANT from engaging in any

3   unlawful and unfair business practices in the future.

4        63.    PLAINTIFF and the other CLASS members have no plain,

5   speedy and/or adequate remedy at law that will end the unlawful and unfair business

6   practices of DEFENDANT.  Further, the practices herein alleged presently continue to occur

7   unabated.  As a result of the unfair and unlawful business practices described herein, the

8   PLAINTIFF and the other CLASS members have suffered and will continue to suffer

9   irreparable legal and economic harm unless DEFENDANT is restrained from continuing to

10  engage in these unlawful and unfair business practices.

11

12                          **SECOND CAUSE OF ACTION**

13                          **For Failure To Pay Overtime Wages**

14                          **[Cal. Lab. Code §§ 510, 1194 & 1198]**

15                **(By PLAINTIFF and the CLASS and Against All Defendants)**

16       64.    PLAINTIFF and the other CLASS members reallege and incorporate by this

17  reference, as though fully set forth herein, paragraphs 1 through 63 of this Complaint.

18       65.    Cal. Lab. Code § 510 states in relevant part:

19           Eight hours of labor constitutes a day's work. Any work in excess of eight
             hours in one workday and any work in excess of 40 hours in any one
20           workweek and the first eight hours worked on the seventh day of work in any
             one workweek shall be compensated at the rate of no less than one and one-
21           half times the regular rate of pay for an employee. Any work in excess of 12
             hours in one day shall be compensated at the rate of no less than twice the
22           regular rate of pay for an employee. In addition, any work in excess of eight
             hours on any seventh day of a workweek shall be compensated at the rate of
23           no less than twice the regular rate of pay of an employee.

24       66.    Cal. Lab. Code § 551 states that, "Every person employed in any occupation

25  of labor is entitled to one day's rest therefrom in seven."

26       67.    Cal. Lab. Code § 552 states that, "No employer of labor shall cause his

27  employees to work more than six days in seven."

28       68.    Cal. Lab. Code § 515(d) provides:  "For the purpose of computing the

E-FILED: Sep 13, 2011 8:00 AM, Superior Court of CA, County of Santa Clara, Case #1-11-CV-205999 Filing #G-34956

overtime rate of compensation required to be paid to a nonexempt full-time salaried employee, the employee's regular hourly rate shall be 1/40th of the employee's weekly salary."

69.    Cal. Lab. Code § 1194 states:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit

70.    Cal. Lab. Code § 1198 provides:  "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

71.    DEFENDANT has intentionally and uniformly designated certain employees as "exempt" employees by their job title and without regard to DEFENDANT's realistic expectations and actual overall requirements of the job, including the PLAINTIFF and the other CLASS members who worked on the production side of DEFENDANT's business. This was done in an illegal attempt to avoid payment of overtime wages and other benefits in violation of the Industrial Welfare Commission requirements, the California Code of Regulations, and the California Labor Code.

72.    For an employee to be exempt as a bona fide "executive," all the following criteria must be met and DEFENDANT has the burden of proving that:

(a)    The employee's primary duty must be management of the enterprise, or of a customarily recognized department or subdivision therein; and,

(b)    The employee must customarily and regularly direct the work of at least two (2) or more other employees; and,

(c)    The employee must have the authority to hire and fire, or to command particularly serious attention to his or his recommendations on such actions affecting other employees; and,

E-FILED: Sep 13, 2011 8:00 AM, Superior Court of CA, County of Santa Clara, Case #1-11-CV-205999 Filing #G-34956

1   (d)  The employee must customarily and regularly exercise discretion and

2       independent judgment; and,

3   (e)  The employee must be primarily engaged in duties which meet the test of

4       exemption.

5 No member of the CLASS was or is an executive because they all fail to meet the

6 requirements of being an "executive" within the meaning of the applicable Wage Order.

7   73.  For an employee to be exempt as a bona fide "administrator," all of the

8 following criteria must be met and DEFENDANT has the burden of proving that:

9   (a)  The employee must perform office or non-manual work directly related to

10      management policies or general business operation of the employer; and,

11   (b)  The employee must customarily and regularly exercise discretion and

12      independent judgment; and,

13   (c)  The employee must regularly and directly assist a proprietor or an exempt

14      administrator; or,

15   (d)  The employee must perform, under only general supervision, work requiring

16      special training, experience, or knowledge, or,

17   (e)  The employee must execute special assignments and tasks under only general

18      supervision; and,

19   (f)  The employee must be primarily engaged in duties which meet the test of

20      exemption.

21 No member of the CLASS was or is an administrator because they all fail to meet the

22 requirements for being an "administrator" within the meaning of the applicable Wage Order.

23   74.  The Industrial Welfare Commission, in Wage Order 4-2001, at Section

24 (1)(A)(3)(h) and Labor Code Section 515, also set forth the requirements which must be

25 complied with to place an employee in the "professional" exempt category.  For an

26 employee to be exempt as a bona fide "professional," all the following criteria must be met

27 and DEFENDANT has the burden of proving that:

28   (a)  The employee is primarily engaged in an occupation commonly recognized as

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

E-FILED: Sep 13, 2011 8:00 AM, Superior Court of CA, County of Santa Clara, Case #1-11-CV-205999 Filing #G-34956

1    a learned or artistic profession.  For the purposes of this subsection, "learned
2    or artistic profession" means an employee who is primarily engaged in the
3    performance of:

4        i)    Work requiring knowledge of an advanced type in a field or science or
5               learning customarily acquired by a prolonged course of specialized
6               intellectual instruction and study, as distinguished from a general
7               academic education and from an apprenticeship, and from training in
8               the performance of routine mental, manual, or physical processes, or
9               work that is an essential part or necessarily incident to any of the above
10              work; or,

11       ii)    Work that is original and creative in character in a recognized field of
12              artistic endeavor, and the result of which depends primarily on the
13              invention, imagination or talent of the employee or work that is an
14              essential part of or incident to any of the above work; and,

15       iii)    Whose work is predominately intellectual and varied in character (as
16              opposed to routine mental, manual, mechanical, or physical work) and
17              is of such character cannot be standardized in relation to a given period
18              of time.

19   (b)    The employee must customarily and regularly exercise discretion and
20           independent judgment; and,

21   (c)    The employee earns a monthly salary equivalent to no less than two (2) times
22           the state minimum wage for full-time employment.

23   No member of the CLASS was or is a professional because they all fail to meet the
24   requirements of being a "professional" within the meaning of the applicable Wage Order.

25       75.    PLAINTIFF and the other CLASS members do not fit within the definition of
26   an exempt executive, administrative, or professional employee because:

27   (a)    They did not work as executives or administrators; and,

28   (b)    The professional exemption does not apply to the PLAINTIFF nor to the other

E-FILED: Sep 13, 2011 8:00 AM, Superior Court of CA, County of Santa Clara, Case #1-11-CV-205999 Filing #G-34956

1    CLASS members because they did not meet all the applicable requirements to

2    work under the professional exemption for the reasons set forth above in this

3    Complaint.

4    76.    During the CLASS PERIOD, the PLAINTIFF and the other CLASS members

5    worked more than eight (8) hours in a workday, forty (40) hours in a

6    workweek, and/or worked hours on the seventh (7th) consecutive day of a

7    workweek.

8    77.    At all relevant times, DEFENDANT failed to pay the PLAINTIFF and the

9    other CLASS members overtime compensation for the hours they worked in excess of the

10   maximum hours permissible by law as required by Cal. Lab. Code §§ 510 and 1198, even

11   though the PLAINTIFF and the other CLASS members were regularly required to work, and

12   did in fact work, uncompensated hours and overtime hours that DEFENDANT never

13   recorded as evidenced by DEFENDANT's business records and witnessed by employees.

14   78.    By virtue of DEFENDANT's unlawful failure to pay additional compensation

15   to the PLAINTIFF and the other CLASS members for their overtime hours, the PLAINTIFF

16   and the other CLASS members have suffered and will continue to suffer an economic injury

17   in amounts which are presently unknown to them and which will be ascertained according to

18   proof at trial.

19   79.    DEFENDANT knew or should have known that the PLAINTIFF and the other

20   CLASS members were misclassified as exempt and DEFENDANT systematically elected,

21   either through intentional malfeasance or gross nonfeasance, not to pay them for their

22   overtime labor as a matter of uniform, corporate policy, practice and procedure.

23   80.    Therefore, the PLAINTIFF and the other CLASS members

24   request recovery of overtime compensation according to proof, interest, costs, as well as the

25   assessment of any statutory penalties against DEFENDANT, in a sum as provided by the

26   California Labor Code and/or other statutes.  To the extent overtime compensation is

27   determined to be owed to the CLASS members who have terminated their employment,

28   these employees would also be entitled to waiting time penalties under Cal. Lab. Code §

E-FILED: Sep 13, 2011 8:00 AM, Superior Court of CA, County of Santa Clara, Case #1-11-CV-205999 Filing #G-34956

1    203, which penalties are sought herein.  Further, the PLAINTIFF and the other CLASS

2    members are entitled to seek and recover statutory costs.

3        81.     In performing the acts and practices herein alleged in violation of labor laws

4    and refusing to provide the requisite overtime compensation, DEFENDANT acted and

5    continues to act intentionally, oppressively, and maliciously toward the PLAINTIFF, and

6    toward the other CLASS members, with a conscious and utter disregard of their legal rights,

7    or the consequences to them, and with the despicable intent of depriving them of their

8    property and legal rights and otherwise causing them injury in order to increase corporate

9    profits at the expense of the PLAINTIFF and the other CLASS members.

10

11                     **THIRD CAUSE OF ACTION**

12         **For Failure to Provide Accurate Itemized Wage Statements**

13                    **[Cal. Lab. Code § 226]**

14       **(By PLAINTIFF and the CLASS and Against All Defendants)**

15        82.     PLAINTIFF and the other CLASS members reallege and

16    incorporate by this reference, as though fully set forth herein, paragraphs 1 through 81 of

17    this Complaint.

18        83.     Cal. Lab. Code § 226 provides that an employer must furnish employees

19    with an "accurate itemized" statement in writing showing:

20        (1) gross wages earned,
        (2) total hours worked by the employee, except for any employee whose

21       compensation is solely based on a salary and who is exempt from payment of
        overtime under subdivision (a) of Section 515 or any applicable order of the

22       Industrial Welfare Commission,
        (3) the number of piecerate units earned and any applicable piece rate if the employee

23       is paid on a piece-rate basis,
        (4) all deductions, provided that all deductions made on written orders of the

24       employee may be aggregated and shown as one item,
        (5) net wages earned,

25       (6) the inclusive dates of the period for which the employee is paid,
        (7) the name of the employee and his or her social security number, except that by

26       January 1, 2008, only the last four digits of his or her social security number or an
        employee identification number other than a social security number may be shown on

27       the itemized statement,
        (8) the name and address of the legal entity that is the employer, and

28       (9) all applicable hourly rates in effect during the pay period and the corresponding
        number of hours worked at each hourly rate by the employee.

E-FILED: Sep 13, 2011 8:00 AM, Superior Court of CA, County of Santa Clara, Case #1-11-CV-205999 Filing #G-34956

84.    At all times relevant herein, DEFENDANT violated Cal. Lab. Code § 226 in that DEFENDANT failed to provide an accurate wage statement in writing that properly and accurately itemized the number of hours worked by the PLAINTIFF and the other CLASS members at the effective regular rates of pay and the effective overtime rates of pay.

85.    DEFENDANT knowingly and intentionally failed to comply with Cal. Lab. Code § 226, causing damages to the PLAINTIFF and the other CLASS members.  These damages include, but are not limited to, costs expended calculating the true hours worked and the amount of employment taxes which were not properly paid to state and federal tax authorities.  These damages are difficult to estimate.  Therefore, the PLAINTIFF and the other CLASS members may elect to recover liquidated damages of fifty dollars ($50.00) for the initial pay period in which the violation occurred, and one hundred dollars ($100.00) for each violation in a subsequent pay period pursuant to Cal. Lab. Code § 226, in an amount according to proof at the time of trial (but in no event more than four thousand dollars ($4,000.00) for the PLAINTIFF and each respective member of the CLASS herein).

## FOURTH CAUSE OF ACTION

### For Failure to Pay Overtime Compensation

### [Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*]

### (By PLAINTIFF and the COLLECTIVE CLASS and Against All Defendants)

86.    PLAINTIFF and the other COLLECTIVE CLASS members reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 85 of this Complaint.

87.    DEFENDANT is engaged in communication, business, and transmission between the states and is therefore engaged in commerce within the meaning of 29 U.S.C. § 203(b).

88.    PLAINTIFF further brings the Fourth Cause of Action on behalf of a Collective Class in accordance with 29 U.S.C. § 216 which consists of DEFENDANT's Operations Officers employed in California by DEFENDANT during the period three (3)

E-FILED: Sep 13, 2011 8:00 AM, Superior Court of CA, County of Santa Clara, Case #1-11-CV-205999 Filing #G-34956

1   years prior to the filing of the complaint and ending on the date as determined by the Court,

2   and who performed work in excess of forty (40) hours in a workweek (the "COLLECTIVE

3   CLASS").

4       89.   29 U.S.C. § 255 provides that a three-year statute of limitations applies to

5   willful violations of the FLSA.

6       90.   29 U.S.C. § 207(a)(1) provides in pertinent part:

7           Except as otherwise provided in this section, no employer shall employ any of
            his employees who in any workweek is engaged in commerce or in the
8           production of goods for commerce, or is employed in an enterprise engaged in
            commerce or in the production of goods for commerce, for a workweek longer
9           than forty hours unless such employee receives compensation for his
            employment in excess of the hours above specified at a rate not less than one
10          and one-half times the regular rate at which he is employed.

11      91.   Section 213(a)(1) of the FLSA provides that the overtime pay requirement

12  does not apply to:

13          any employee employed in a bona fide executive, administrative, or
            professional capacity (including any employee employed in the capacity of
14          academic administrative personnel or teacher in elementary or secondary
            schools), or in the capacity of outside salesman (as such terms are defined and
15          delimited from time to time by regulations of the Secretary, subject to the
            provisions of the Administrative Procedure Act [5 USCS §§ 551 et seq.]
16          except [that] an employee of a retail or service establishment shall not be
            excluded from the definition of employee employed in a bona fide executive
17          or administrative capacity because of the number of hours in his workweek
            which he devotes to activities not directly or closely related to the performance
18          of executive or administrative activities, if less than 40 per centum of his hours
            worked in the workweek are devoted to such activities).
19

20      92.   DEFENDANT has willfully engaged in a widespread pattern and practice of

21  violating the provisions of the FLSA, as detailed above, by uniformly designating certain

22  employees as "exempt" employees, by their job title and without regard to DEFENDANT's

23  realistic expectations and actual overall requirements of the job, including the PLAINTIFF

24  and the other COLLECTIVE CLASS members who worked on the production side of

25  DEFENDANT's business enterprise.  This was done in an illegal attempt to avoid the

26  payment of overtime wages and other benefits in violation of the Fair Labor Standards Act

27  and Code of Federal Regulations requirements.

28      93.   Pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, the

PLAINTIFF and the other COLLECTIVE CLASS members are entitled to overtime

E-FILED: Sep 13, 2011 8:00 AM, Superior Court of CA, County of Santa Clara, Case #1-11-CV-205999 Filing #G-34956

1 compensation for all overtime hours actually worked at a rate not less than one and one-half

2 times their regular rate of pay for all hours worked in excess of forty (40) hours in any

3 workweek. DEFENDANT's failure to pay overtime wages as required by federal law was

4 willful and not in good faith.

5       94.     29 C.F.R. 541.2 establishes that a job title alone is insufficient to establish the

6 exempt status of an employee. The exempt or non-exempt status of any particular employee

7 must be determined on the basis of whether the employee's salary and duties meet the

8 requirements of the regulations in this part.

9       95.     The exemptions of the FLSA as listed in Section 13(a), and as explained by 29

10 C.F.R. 541.3, do not apply to the PLAINTIFF and the other COLLECTIVE CLASS

11 members because their work consists of non-management, production line labor performed

12 with skills and knowledge acquired from on-the-job training, rather than from the prolonged

13 course of specialized intellectual instruction required for exempt learned professional

14 employees such as medical doctors, architects and archeologists. COLLECTIVE CLASS

15 members either do not hold an advanced degree, have not taken any prolonged course of

16 specialization, and/or have attained the vast majority of the skills they use as employees of

17 DEFENDANT from on-the-job training.

18       96.     For an employee to be exempt as a bona fide "executive," all the following

19 criteria must be met and DEFENDANT has the burden of proving that:

20     (a)     The employee's primary duty must be management of the enterprise, or of a

21           customarily recognized department or subdivision;

22     (b)     The employee must customarily and regularly direct the work of at least two

23           (2) or more other employees;

24     (c)     The employee must have the authority to hire and fire, or to command

25           particularly serious attention to his or his recommendations on such actions

26           affecting other employees; and,

27     (d)     The employee must be primarily engaged in duties which meet the test of

28           exemption.

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT
-32-

E-FILED: Sep 13, 2011 8:00 AM, Superior Court of CA, County of Santa Clara, Case #1-11-CV-205999 Filing #G-34956

1 No member of the COLLECTIVE CLASS was or is an executive because they all fail to

2 meet the requirements of being an "executive " under Section 13 of the FLSA and 29 C.F.R.

3 541.100.

4        97.    For an employee to be exempt as a bona fide "administrator,"all of the

5 following criteria must be met and DEFENDANT has the burden of proving that:

6       (a)    The employee must perform office or non-manual work directly related to

7                 management or general business operation of the employer or the employer's

8                 customers;

9       (b)    The employee must customarily and regularly exercise discretion and

10                 independent

11                 judgment with respect to matters of significance; and,

12       (c)    The employee must regularly and directly assist a proprietor or an exempt

13                 administrator; or,

14       (d)    The employee must perform under only general supervision, work requiring

15                 special training, experience, or knowledge; and,

16       (e)    The employee must be primarily engaged in duties which meet the test of

17                 exemption.

18 No member of the COLLECTIVE CLASS was or is an administrator because they all fail to

19 meet the requirements of for being an "administrator" under Section 13 of the FLSA and 29

20 C.F.R. 541.300.

21        98.    For an employee to be exempt as a bona fide "professional", DEFENDANT

22 has the burden of proving that the primary duty of the employee is the performance of work

23 that:

24       (a)    Requires knowledge of an advanced type in a field of science or learning

25                 customarily acquired by a prolonged course of specialized intellectual

26                 instruction; or

27       (b)    Requires invention, imagination, originality or talent in a recognized field of

28                 artistic or creative endeavor.

E-FILED: Sep 13, 2011 8:00 AM, Superior Court of CA, County of Santa Clara, Case #1-11-CV-205999 Filing #G-34956

1   No member of the COLLECTIVE CLASS was or is a professional because they all fail to

2   meet the requirements of being an "professional" under Section 13 of the FLSA and 29

3   C.F.R. 541.300.

4          99.     During the COLLECTIVE CLASS PERIOD, the PLAINTIFF and the other

5   COLLECTIVE CLASS members worked more than forty (40) hours in a workweek.

6          100.    At all relevant times, DEFENDANT failed to pay the PLAINTIFF and the

7   other COLLECTIVE CLASS members overtime compensation for the hours they worked in

8   excess of the maximum hours permissible by law as required by Section 207 of the FLSA,

9   even though the PLAINTIFF and the other COLLECTIVE CLASS members were regularly

10  required to work, and did in fact work, overtime hours.

11         101.    For purposes of the FLSA, the employment practices of DEFENDANT were

12  and are uniform throughout California in all respects material to the claims asserted in this

13  Complaint.

14         102.    There are no other exemptions applicable to the PLAINTIFF and/or to the

15  other COLLECTIVE CLASS members.

16         103.    As a result of DEFENDANT's failure to pay overtime compensation for

17  overtime hours worked, as required by the FLSA, the PLAINTIFF and the other

18  COLLECTIVE CLASS members were damaged in an amount to be proven at trial.

19         104.    Therefore, the PLAINTIFF demands that he and the other COLLECTIVE

20  CLASS members be paid overtime compensation as required by the FLSA for every hour of

21  overtime worked in any workweek for which they were not compensated and an equal

22  amount for liquidated damages, plus interest and statutory costs as provided by law.

23

24                          **FIFTH CAUSE OF ACTION**

25          **For Violation of the Private Attorneys General Act**

26               **[Cal. Lab. Code §§ 2698, *et seq.*]**

27             **(By PLAINTIFF and Against All Defendants)**

28         105.    PLAINTIFF incorporates by reference the allegations set forth in paragraphs

E-FILED: Sep 13, 2011 8:00 AM, Superior Court of CA, County of Santa Clara, Case #1-11-CV-205999 Filing #G-34956

1 | 1-104, supra, as though fully set forth at this point.

2 |     106.    PAGA is a mechanism by which the State of California itself can enforce state

3 | labor laws through the employee suing under the PAGA who do so as the proxy or agent of

4 | the state's labor law enforcement agencies.  An action to recover civil penalties under

5 | PAGA is fundamentally a law enforcement action designed to protect the public and not to

6 | benefit private parties.  The purpose of the PAGA is not to recover damages or restitution,

7 | but to create a means of "deputizing" citizens as private attorneys general to enforce the

8 | Labor Code.  In enacting PAGA, the California Legislature specified that "it was ... in the

9 | public interest to allow aggrieved employees, acting as private attorneys general to recover

10 | civil penalties for Labor Code violations ..." Stats.2003, ch. 906, § 1. Accordingly, PAGA

11 | claims cannot be subject to arbitration.

12 |     107.    PLAINTIFF brings this Representative Action on behalf of the State of

13 | California with respect to himself and all other individuals who are or previously were

14 | employed by DEFENDANT as "AVP Cluster Operations Officer" and/or "AVP Branch

15 | Operations Officer" in California during the applicable statutory period as determined by the

16 | Court (the "AGGRIEVED EMPLOYEES").

17 |     108.    PLAINTIFF gave written notice by certified mail to the Labor and Workforce

18 | Development Agency (the "Agency") and the employer of the specific provisions of this

19 | code alleged to have been violated as required by Labor Code Section 2699.3.  On

20 | September 7, 2011, the Agency gave written notice by certified mail to the PLAINTIFF and

21 | the employer that it does not intend to investigate the allegations. *See* Exhibit #1, attached

22 | hereto and incorporated by this reference herein.  As a result, pursuant to Section 2699.3,

23 | PLAINTIFF may now commence a representative civil action under PAGA pursuant to

24 | Section 2699 as the proxy of the State of California with respect to all AGGRIEVED

25 | EMPLOYEES as herein defined.

26 |     109.    The policies, acts and practices heretofore described were and are an unlawful

27 | business act or practice because Defendant's (a) failure to properly record and pay

28 | PLAINTIFF and the other AGGRIEVED EMPLOYEES for all of the hours they worked,

E-FILED: Sep 13, 2011 8:00 AM, Superior Court of CA, County of Santa Clara, Case #1-11-CV-205999 Filing #G-34956

1  including overtime, (b) failure to provide accurate itemized wage statements, and (c) failure

2  to timely pay wages to PLAINTIFFS and the other AGGRIEVED EMPLOYEES, violates

3  the applicable Labor Code sections listed in Labor Code §2699.5, including but not limited

4  to Labor Code §§ 201, 202, 204, 226, 226.7, 510, 512, 1194, and 1198 and the Wage Order

5  No.4-2001, and thereby gives rise to statutory penalties as a result of such conduct.

6  PLAINTIFFS hereby seek recovery of civil penalties as prescribed by the Labor Code

7  Private Attorney General Act of 2004 as the representative of the State of California for the

8  illegal conduct perpetrated on PLAINTIFFS and the other AGGRIEVED EMPLOYEES,

9  against whom one or more of the violations of the Labor Code was committed.

10

11

12

13

14  **PRAYER**

15      WHEREFOR, the PLAINTIFF prays for judgment against each Defendant, jointly

16  and severally, as follows:

17  1.    On behalf of the CLASS:

18      A)    That the Court certify the First, Second and Third Causes of Action asserted

19            by the CLASS as a Class Action pursuant to California Code of Civil

20            Procedure, Section 382;

21      B)    An order requiring DEFENDANT to correctly calculate and pay all wages and

22            all sums unlawfuly withheld from compensation due PLAINTIFF and the

23            other CLASS members;

24      C)    Restitutionary disgorgement of DEFENDANT's ill-gotten gains into a fluid

25            fund for restitution of the sums incidental to DEFENDANT's violations due

26            PLAINTIFF and the other CLASS members according to proof;

27      D)    Compensatory damages, according to proof at trial, including compensatory

28            damages for overtime compensation due PLAINTIFF and the other CLASS

            members, during the applicable CLASS PERIOD, plus interest thereon at the

E-FILED: Sep 13, 2011 8:00 AM, Superior Court of CA, County of Santa Clara, Case #1-11-CV-205999 Filing #G-34956

1  statutory rate;

2  E)  The wages of all terminated employees from the CLASS as a penalty from the

3  due date thereof at the same rate until paid or until an action therefore is

4  commenced, in accordance with Cal. Lab. Code § 203; and,

5  F)  The greater of all actual damages or fifty dollars ($50.00) for the initial pay

6  period in which a violation occurs and one hundred dollars ($100.00) per each

7  member of the CLASS for each violation in a subsequent pay period, not

8  exceeding an aggregate penalty of four thousand dollars ($4,000.00), and an

9  award of costs for violation of Cal. Lab. Code § 226.

10  2.  On behalf of the COLLECTIVE CLASS:

11  A)  That the Court certify the Fourth Cause of Action asserted by the

12  COLLECTIVE CLASS as an opt-in Class Action under 29 U.S.C. § 216(b);

13  B)  Issue a declaratory finding that DEFENDANT's acts, policies, practices and

14  procedures complained of herein violated provisions of the Fair Labor

15  Standards Act; and

16  C)  That the PLAINTIFF and the other COLLECTIVE CLASS members recover

17  compensatory damages and an equal amount of liquidated damages as

18  provided under the law and in 29 U.S.C. § 216(b).

19  3.  On behalf of the State of California and with respect to all AGGRIEVED

20  EMPLOYEES:

21  A)  Recovery of civil penalties as prescribed by the Labor Code Private Attorneys

22  General Act of 2004; and

23  B)  An award of penalties, attorneys' fees and cost of suit pursuant to Cal. Lab.

24  Code § 2699(g).

25  3.  On all claims:

26  A)  An award of interest, including prejudgment interest at the legal rate;

27  B)  An award of penalties and cost of suit, as allowable under the law.  Neither

28  this prayer nor any other allegation or prayer in this Complaint is to be

E-FILED: Sep 13, 2011 8:00 AM, Superior Court of CA, County of Santa Clara, Case #1-11-CV-205999 Filing #G-34956

1    construed as a request, under any circumstance, that would result in a request

2    for attorneys' fees or costs available under Cal. Lab. Code § 218.5; and,

3    C)    Such other and further relief as the Court deems just and equitable.

4
Dated:   September 12, 2011         BLUMENTHAL, NORDREHAUG & BHOWMIK
5

6                                    By:   /s/ Norman B. Blumenthal
                                          Norman B. Blumenthal
7                                         Attorneys for Plaintiff

E-FILED: Sep 13, 2011 8:00 AM, Superior Court of CA, County of Santa Clara, Case #1-11-CV-205999 Filing #G-34956

1

## DEMAND FOR JURY TRIAL

2        PLAINTIFF demands a jury trial on issues triable to a jury.

3

Dated:   September 12, 2011        BLUMENTHAL, NORDREHAUG & BHOWMIK

4

5                                   By:  /s/ Norman B. Blumenthal

6                                        Norman B. Blumenthal
                                         Attorneys for Plaintiff

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

E-FILED: Sep 13, 2011 8:00 AM, Superior Court of CA, County of Santa Clara, Case #1-11-CV-205999 Filing #G-34956

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT #1

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

E-FILED: Sep 13, 2011 8:00 AM, Superior Court of CA, County of Santa Clara, Case #1-11-CV-205999 Filing #G-34956



**STATE OF CALIFORNIA**
# Labor & Workforce Development Agency

GOVERNOR Edmund G. Brown Jr. • SECRETARY Marty Morgenstern

Agricultural Labor Relations Board • California Unemployment Insurance Appeals Board
California Workforce Investment Board • Department of Industrial Relations
Economic Strategy Panel • Employment Development Department • Employment Training Panel

September 07, 2011                                     **CERTIFIED MAIL**

Aparajit Bhowmik, Esq.
Blumenthal, Nordrehaug & Bhowmik
2255 Calle Clara
La Jolla, CA 92037

RE: Employer:   HSBC Bank, USA, NA c/o CT Corporation System
RE: Employee(s): Subrahmanyaswara Roa Kolla
RE: LWDA No:   8848

This is to inform you that the Labor and Workforce Development Agency
(LWDA) received your notice of alleged Labor Code violations pursuant to
Labor Code Section 2699, postmarked August 12, 2011, and after review,
does not intend to investigate the allegations.

As a reminder to you, the provisions of Labor Code Section 2699(i) provides
that "...civil penalties recovered by aggrieved employees shall be distributed
as follows: 75 percent to the LWDA for enforcement of labor laws and
education of employers and employees about their rights and responsibilities
under this code." Labor Code Section 2699(l) specifies "[T]he superior court
shall review and approve any penalties sought as part of a proposed
settlement agreement pursuant to this part."

Consequently, you must advise us of the results of the litigation, and forward
a copy of the court judgment or the court-approved settlement agreement.
Please be certain to reference the above LWDA assigned Case Number in
any future correspondence.

Sincerely,

*Doug Hoffner*

Doug Hoffner
Undersecretary

Cc:   HSBC Bank, USA, NA c/o CT Corporation System
       818 West Seventh Street
       Los Angeles, CA 90017

801 K Street, Suite 2101 • Sacramento, California 95814 • TEL (916) 327.9064 • FAX (916) 327.9158 • www.labor.ca.gov

1   **BLUMENTHAL, NORDREHAUG & BHOWMIK**
      Norman B. Blumenthal (State Bar #068687)
2     Kyle R. Nordrehaug (State Bar #205975)
      Aparajit Bhowmik (State Bar #248066)
3   2255 Calle Clara
    La Jolla, CA 92037
4   Telephone: (858)551-1223
    Facsimile: (858) 551-1232
5   Website: www.bamlawca.com

6   Attorneys for Plaintiff

7

8

9

10

11

12

13   | SUBRAHMANYESWARA RAO

**E-FILED**

Sep 13, 2011 8:00 AM
David H. Yamasaki
Chief Executive Officer/Clerk
Superior Court of CA, County of Santa Clara
Case #1-11-CV-205999 Filing #G-34956
By M. Huerta, Deputy

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**IN AND FOR THE COUNTY OF SANTA CLARA**

|  |  |
|---|---|
| SUBRAHMANYESWARA RAO KOLLA, an individual, on behalf of himself, and all persons similarly situated, | CASE No. **111CV205999**<br><br>PROOF OF SERVICE |
| Plaintiff, |  |
| vs. |  |
| HSBC BANK USA, N.A., a Delaware Corporation; and DOES 1 through 50, inclusive, |  |
| Defendant. |  |

E-FILED: Sep 13, 2011 8:00 AM, Superior Court of CA, County of Santa Clara, Case #1-11-CV-205999 Filing #G-34956

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

    I, Piya Mukherjee, am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action. My business address is 2255 Calle Clara, La Jolla, California 92037.

    On September 12, 2011, I served the document(s) described as:

**(1)    FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT**

  _X_  (BY MAIL): I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at San Diego, California. I am readily familiar with this firm's business practice for collection and processing of correspondence for mailing with the U.S. Postal Service pursuant to which practice the correspondence will be deposited with the U.S. Postal Service this same day in the ordinary course of business (C.C.P. Section 10139a); 2015.5):

        HSBC Bank USA, N.A.
        c/o  C T Corporation System
        818 W. Seventh Street
        Los Angeles, CA 90017

  ____  (FEDERAL EXPRESS): I caused the above-described document to be delivered via overnight delivery (Federal Express), by placing a copy in a separate FEDERAL EXPRESS mailer and attaching a completed Federal Express air bill, with Standard Overnight delivery/Priority Delivery requested, and caused said mailer to deposited in the Federal Express collection box at San Diego, California.

  _X_  (State): I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

    Executed on September 12, 2011, at  La Jolla, California.

                                  _/s/ Piya Mukherjee_
                                    Piya Mukherjee

K:\D\NBB\HSBC - Kolla\p-pos.wpd

THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
ELECTRONIC FILING - WWW.SCEFILING.ORG

1  c/o Glotrans
   2915 McClure Street
   Oakland, CA94609
2  TEL: (510) 208-4775
   FAX: (510) 465-7348
   EMAIL: Info@Glotrans.com
3

# E-FILED

Sep 13, 2011 8:00 AM
David H. Yamasaki
Chief Executive Officer/Clerk
Superior Court of CA, County of Santa Clara
Case #1-11-CV-205999 Filing #G-34956
By M. Huerta, Deputy

4

## THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

5

### IN AND FOR THE COUNTY OF SANTA CLARA

6  SUBRAHMANYESWARA RAO KOLLA, an individual, on
   behalf of himself, and all persons similarly
7  situated, Plaintiff,

                        Plaintiff,
8
   vs.

9  HSBC BANK USA, N.A., a Delaware corporation; and
   DOES 1 through 50, inclusive, Defendants.

                        Defendant.
10 _____

   AND RELATED ACTIONS

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Kolla v. HSBC Bank USA, N.A.

Lead Case No.1-11-CV-205999

Hon. James P. Kleinberg


**PROOF OF SERVICE**
**Electronic Proof of Service**

11     I am employed in the County of Alameda, State of California.

12     I am over the age of 18 and not a party to the within action; my business address is 2915 McClure
   Street, Oakland, CA 94609.

13     The documents described on page 2 of this Electronic Proof of Service were submitted via the
   worldwide web on Mon. September 12, 2011 at 5:57 PM PDT and served by electronic mail notification.

14     I have reviewed the Court's Order Concerning Electronic Filing and Service of Pleading Documents and
15 am readily familiar with the contents of said Order. Under the terms of said Order, I certify the above-described
   document's electronic service in the following manner:

16     The document was electronically filed on the Court's website, http://www.scefiling.org, on Mon.
17 September 12, 2011 at 5:57 PM PDT

18     Upon approval of the document by the Court, an electronic mail message was transmitted to all parties
   on the electronic service list maintained for this case. The message identified the document and provided
   instructions for accessing the document on the worldwide web.

19     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and
20 correct. Executed on September 12, 2011 at Oakland, California.

21     Dated: September 12, 2011                    For WWW.SCEFILING.ORG

                                                   Andy Jamieson

22

23

E-FILED: Sep 13, 2011 8:00 AM, Superior Court of CA, County of Santa Clara, Case #1-11-CV-205999 Filing #G-34956

THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
ELECTRONIC FILING SYSTEM - WWW.SCEFILING.ORG

Electronic Proof of Service
Page 2

Document(s) submitted by Aparajit Bhowmik of Blumenthal, Nordrehaug & Bhowmik on Mon. September 12, 2011 at 5:57 PM PDT

1. 1st Amended Complaint

THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
ELECTRONIC FILING - WWW.SCEFILING.ORG
c/o Glotrans
2915 McClure Street
Oakland, CA 94609
TEL: (510) 208-4775
FAX: (510) 465-7348
EMAIL: Info@Glotrans.com

# E-FILED

Sep 13, 2011 8:00 AM
David H. Yamasaki
Chief Executive Officer/Clerk
Superior Court of CA, County of Santa Clara
Case #1-11-CV-205999 Filing #G-34956
By M. Huerta, Deputy

## THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF SANTA CLARA

| | |
|---|---|
| SUBRAHMANYESWARA RAO KOLLA, an individual, on behalf of himself, and all persons similarly situated, Plaintiff,<br><br>Plaintiff,<br><br>vs.<br><br>HSBC BANK USA, N.A., a Delaware corporation; and DOES 1 through 50, inclusive, Defendants.<br><br>Defendant.<br><br>AND RELATED ACTIONS | Kolla v. HSBC Bank USA, N.A.<br><br>Lead Case No.1-11-CV-205999<br><br>Hon. James P. Kleinberg<br><br><br><br>**PROOF OF SERVICE**<br>**Electronic Proof of Service** |

I am employed in the County of Alameda, State of California.

I am over the age of 18 and not a party to the within action; my business address is 2915 McClure Street, Oakland, CA 94609.

The documents described on page 2 of this Electronic Proof of Service were submitted via the worldwide web on Mon. September 12, 2011 at 5:57 PM PDT and served by electronic mail notification.

I have reviewed the Court's Order Concerning Electronic Filing and Service of Pleading Documents and am readily familiar with the contents of said Order. Under the terms of said Order, I certify the above-described document's electronic service in the following manner:

The document was electronically filed on the Court's website, http://www.scefiling.org, on Mon. September 12, 2011 at 5:57 PM PDT

Upon approval of the document by the Court, an electronic mail message was transmitted to all parties on the electronic service list maintained for this case. The message identified the document and provided instructions for accessing the document on the worldwide web.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on September 12, 2011 at Oakland, California.

Dated: September 12, 2011

For WWW.SCEFILING.ORG

Andy Jamieson

E-FILED: Sep 13, 2011 8:00 AM, Superior Court of CA, County of Santa Clara, Case #1-11-CV-205999 Filing #G-34956

THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
ELECTRONIC FILING SYSTEM - WWW.SCEFILING.ORG

Electronic Proof of Service
Page 2

Document(s) submitted by Aparajit Bhowmik of Blumenthal, Nordrehaug & Bhowmik on Mon. September 12, 2011 at 5:57 PM PDT

1. Proof of Svc

# EXHIBIT E

**SUM-100**

## SUMMONS
### (CITACION JUDICIAL)



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED

JUL 27 2011

David H. Yamasaki ... e Superior Court
... California

By:_____
R. Schwartz

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
HSBC BANK USA, N.A., a Delaware Corporation; and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
SUBRAHMANYESWARA RAO KOLLA, an individual, on behalf of himself, and all persons similarly situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA Downtown 191 North First Street , San Jose, CA 95113 | 1 1 1 C V 2 0 5 9 9 9 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Norman B. Blumenthal     (Bar # 68687)                     Fax No.: (858) 551-1232
Blumenthal, Nordrehaug & Bhowmik, 2255 Calle Clara, La Jolla, CA 92037     Phone No.: (858) 551-1223

DATE: JUL 27 2011          DAVID H. YAMASAKI     Clerk, by _____, Deputy
*(Fecha)*                  Chief Executive Officer, Clerk   *(Secretario)*   R. Schwartz   *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

   under: ☐ CCP 416.10 (corporation)               ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
*LexisNexis® Automated California Judicial Council Forms*

THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
ELECTRONIC FILING - WWW.SCEFILING.ORG
c/o Glotrans
2915 McClure Street
Oakland, CA94609
TEL: (510) 208-4775
FAX: (510) 465-7348
EMAIL: Info@Glotrans.com

1

2

3

4

THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

5                     IN AND FOR THE COUNTY OF SANTA CLARA

6    SUBRAHMANYESWARA RAO KOLLA, an individual, on          )    Kolla v. HSBC Bank USA, N.A.
     behalf of himself, and all persons similarly            )
7    situated, Plaintiff,                                    )    Lead Case No.1-11-CV-205999
                                                             )
                       Plaintiff,                            )    Hon. James P. Kleinberg
8    vs.                                                     )
                                                             )
     HSBC BANK USA, N.A., a Delaware corporation; and        )
9    DOES 1 through 50, inclusive, Defendants.               )
                                                             )
                       Defendant.                            )    PROOF OF SERVICE
10   _____            )    Electronic Proof of Service
     AND RELATED ACTIONS                                     )
11   _____            )

         I am employed in the County of Alameda, State of California.

12       I am over the age of 18 and not a party to the within action; my business address is 2915 McClure

     Street, Oakland, CA 94609.

13       The documents described on page 2 of this Electronic Proof of Service were submitted via the

     worldwide web on Fri. August 5, 2011 at 3:08 PM PDT and served by electronic mail notification.

14       I have reviewed the Court's Order Concerning Electronic Filing and Service of Pleading Documents and

15   am readily familiar with the contents of said Order. Under the terms of said Order, I certify the above-described

     document's electronic service in the following manner:

16       The document was electronically filed on the Court's website, http://www.scefiling.org, on Fri. August 5,

17   2011 at 3:08 PM PDT

         Upon approval of the document by the Court, an electronic mail message was transmitted to all parties

18   on the electronic service list maintained for this case. The message identified the document and provided

     instructions for accessing the document on the worldwide web.

19       I declare under penalty of perjury under the laws of the State of California that the foregoing is true and

20   correct. Executed on August 5, 2011 at Oakland, California.

         Dated: August 5, 2011                      For WWW.SCEFILING.ORG

21                                                   Andy Jamieson

22

23

1   THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
    ELECTRONIC FILING SYSTEM - WWW.SCEFILING.ORG

2   **Electronic Proof of Service**
    Page 2

3   **Document(s) submitted by Rowena Walker of Santa Clara County Superior Court on Fri. August 5, 2011 at 3:08 PM PDT**

    1. Summons Filed: Summons (filed July 27, 2011)

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Norman B. Blumenthal   (Bar # 68687)<br>Kyle Nordrehaug   (Bar # 205975)<br>Blumenthal, Nordrehaug & Bhowmik<br>2255 Calle Clara, La Jolla, CA 92037<br>TELEPHONE NO.: (858) 551-1223   FAX NO.: (858) 551-1232<br>ATTORNEY FOR (Name): Plaintiffs Kolla | **FILED**<br><br>JUL 27  2011<br><br>David H. Yamasaki ... Superior Court<br>County of ... California<br>By ................<br>R. Schwartz ... Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS: 191 North First Street
MAILING ADDRESS: 191 North First Street
CITY AND ZIP CODE: San Jose 95113
BRANCH NAME: Central

CASE NAME:

## KOLLA v. HSBC BANK

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 111CV205999 |
| | | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [X] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [X] Substantial amount of documentary evidence
   d. [X] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[X] monetary   b.[X] nonmonetary; declaratory or injunctive relief   c.[ ] punitive
4. Number of causes of action (specify): FOUR (4)
5. This case [X] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: July 25, 2011

Norman B. Blumenthal
_____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]                    **CIVIL CASE COVER SHEET**                    Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std 3.10
www.courtinfo.ca.gov
*LexisNexis® Automated California Judicial Council Forms*

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
      or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
ELECTRONIC FILING - WWW.SCEFILING.ORG
c/o Glotrans
2915 McClure Street
Oakland, CA 94609
TEL: (510) 208-4775
FAX: (510) 465-7348
EMAIL: Info@Glotrans.com

THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SANTA CLARA

| | | |
|---|---|---|
| SUBRAHMANYESWARA RAO KOLLA, an individual, on behalf of himself, and all persons similarly situated, Plaintiff, | ) ) ) | Kolla v. HSBC Bank USA, N.A. |
| | ) | Lead Case No. 1-11-CV-205999 |
| Plaintiff, | ) ) | Hon. James P. Kleinberg |
| vs. | ) | |
| HSBC BANK USA, N.A., a Delaware corporation; and DOES 1 through 50, inclusive, Defendants. | ) ) ) | |
| Defendant. | ) ) | **PROOF OF SERVICE** |
| AND RELATED ACTIONS | ) ) | **Electronic Proof of Service** |

I am employed in the County of Alameda, State of California.

I am over the age of 18 and not a party to the within action; my business address is 2915 McClure Street, Oakland, CA 94609.

The documents described on page 2 of this Electronic Proof of Service were submitted via the worldwide web on Fri. August 5, 2011 at 3:08 PM PDT and served by electronic mail notification.

I have reviewed the Court's Order Concerning Electronic Filing and Service of Pleading Documents and am readily familiar with the contents of said Order. Under the terms of said Order, I certify the above-described document's electronic service in the following manner:

The document was electronically filed on the Court's website, http://www.scefiling.org, on Fri. August 5, 2011 at 3:08 PM PDT

Upon approval of the document by the Court, an electronic mail message was transmitted to all parties on the electronic service list maintained for this case. The message identified the document and provided instructions for accessing the document on the worldwide web.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on August 5, 2011 at Oakland, California.

Dated: August 5, 2011                     For WWW.SCEFILING.ORG

                                          Andy Jamieson

THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
ELECTRONIC FILING SYSTEM - WWW.SCEFILING.ORG

**Electronic Proof of Service**
**Page 2**

**Document(s) submitted by Rowena Walker of Santa Clara County Superior Court on Fri. August 5, 2011 at 3:08 PM PDT**

1. Civil Case Cover Sheet: Civil Case Cover Sheet (filed July 27, 2011)

**CIVIL LAWSUIT NOTICE**
*Superior Court of California, County of Santa Clara*
*191 N. First St., San Jose, CA 95113*

**ATTACHMENT CV-5012**

1 1 1 C V 2 0 5 9 9 9

CASE NUMBER: _____

---

## PLEASE READ THIS ENTIRE FORM

*PLAINTIFF* (the person suing): Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint, Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

---

*DEFENDANT* (The person sued): **You must do each of the following to protect your rights:**

1. You must file a **written response** to the *Complaint, using the proper legal form or format,* in the Clerk's Office of the Court, within **30 days** of the date you were served with the *Summons* and *Complaint;*
2. You must **serve by mail** a copy of your written response on the Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3. You must attend the first Case Management Conference.

**Warning: If you, as the Defendant, do not follow these instructions,**
**you may automatically lose this case.**

---

*RULES AND FORMS:* You must follow the California Rules of Court and the Superior Court of California, County of Santa Clara Local Civil Rules and use proper forms. You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), www.scselfservice.org (Select "Civil") or from:

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1toc.htm

*CASE MANAGEMENT CONFERENCE (CMC):* You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

*You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8.*

---

*Your Case Management Judge is:* <u>Honorable James Kleinberg</u>       *Department:* __1__

*The 1st CMC is scheduled for:* (Completed by Clerk of Court)

   *Date:* <u>JAN 2 0 2012</u>   *Time:* <u>10:00AM</u>   *In Department:* <u>1</u>

*The next CMC is scheduled for:* (Completed by party if the 1st CMC was continued or has passed)

   *Date:* _____   *Time:* _____   *In Department:* _____

---

*ALTERNATIVE DISPUTE RESOLUTION (ADR):* If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

*WARNING:* Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
ELECTRONIC FILING - WWW.SCEFILING.ORG
c/o Glotrans
2915 McClure Street
Oakland, CA94609
TEL: (510) 208-4775
FAX: (510) 465-7348
EMAIL: Info@Glotrans.com

THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SANTA CLARA

| | | |
|---|---|---|
| SUBRAHMANYESWARA RAO KOLLA, an individual, on behalf of himself, and all persons similarly situated, Plaintiff, | ) ) ) | Kolla v. HSBC Bank USA, N.A. |
| | ) | Lead Case No.1-11-CV-205999 |
| Plaintiff, | ) ) | Hon. James P. Kleinberg |
| vs. | ) ) | |
| HSBC BANK USA, N.A., a Delaware corporation; and DOES 1 through 50, inclusive, Defendants. | ) ) ) | |
| Defendant. | ) ) | PROOF OF SERVICE |
| AND RELATED ACTIONS | ) ) | Electronic Proof of Service |
| | ) | |

I am employed in the County of Alameda, State of California.

I am over the age of 18 and not a party to the within action; my business address is 2915 McClure Street, Oakland, CA 94609.

The documents described on page 2 of this Electronic Proof of Service were submitted via the worldwide web on Fri. August 5, 2011 at 3:08 PM PDT and served by electronic mail notification.

I have reviewed the Court's Order Concerning Electronic Filing and Service of Pleading Documents and am readily familiar with the contents of said Order. Under the terms of said Order, I certify the above-described document's electronic service in the following manner:

The document was electronically filed on the Court's website, http://www.scefiling.org, on Fri. August 5, 2011 at 3:08 PM PDT

Upon approval of the document by the Court, an electronic mail message was transmitted to all parties on the electronic service list maintained for this case. The message identified the document and provided instructions for accessing the document on the worldwide web.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on August 5, 2011 at Oakland, California.

Dated: August 5, 2011                     For WWW.SCEFILING.ORG

                                          Andy Jamieson

THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
ELECTRONIC FILING SYSTEM - WWW.SCEFILING.ORG

Electronic Proof of Service
Page 2

Document(s) submitted by Rowena Walker of Santa Clara County Superior Court on Fri. August 5, 2011 at 3:08 PM PDT

1. Civil Lawsuit Notice: Civil Lawsuit Notice (issued July 27, 2011)

# SANTA CLARA COUNTY SUPERIOR COURT
# ALTERNATIVE DISPUTE RESOLUTION
# INFORMATION SHEET

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

### What is ADR?

ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

### What are the advantages of choosing ADR instead of litigation?

ADR can have a number of advantages over litigation:

- **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

- **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

- **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

- **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

- **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

### What are the main forms of ADR offered by the Court?

**Mediation** is an informal, confidential, flexible and non-binding process in the mediator helps the parties to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to communicate better, explore legal and practical settlement options, and reach an acceptable solution of the problem. The mediator does not decide the solution to the dispute; the parties do.

Mediation may be appropriate when:
- The parties want a non-adversary procedure
- The parties have a continuing business or personal relationship
- Communication problems are interfering with a resolution
- There is an emotional element involved
- The parties are interested in an injunction, consent decree, or other form of equitable relief

**Neutral evaluation**, sometimes called "Early Neutral Evaluation" or "ENE", is an informal process in which the evaluator, an experienced neutral lawyer, hears a compact presentation of both sides of the case, gives a non-binding assessment of the strengths and weaknesses on each side, and predicts the likely outcome. The evaluator can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
- The parties are far apart in their view of the law or value of the case
- The case involves a technical issue in which the evaluator has expertise
- Case planning assistance would be helpful and would save legal fees and costs
- The parties are interested in an injunction, consent decree, or other form of equitable relief

*-over-*

**Arbitration** is a less formal process than a trial, with no jury. The arbitrator hears the evidence and arguments of the parties and then makes a written decision. The parties can agree to binding or non-binding arbitration. In binding arbitration, the arbitrator's decision is final and completely resolves the case, without the opportunity for appeal. In non-binding arbitration, the arbitrator's decision could resolve the case, without the opportunity for appeal, unless a party timely rejects the arbitrator's decision within 30 days and requests a trial. Private arbitrators are allowed to charge for their time.

Arbitration may be appropriate when:
- The action is for personal injury, property damage, or breach of contract
- Only monetary damages are sought
- Witness testimony, under oath, needs to be evaluated
- An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

**Civil Judge ADR** allows parties to have a mediation or settlement conference with an experienced judge of the Superior Court. Mediation is an informal, confidential, flexible and non-binding process in which the judge helps the parties to understand the interests of everyone involved, and their practical and legal choices. A settlement conference is an informal process in which the judge meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations. The request for mediation or settlement conference may be made promptly by stipulation (agreement) upon the filing of the Civil complaint and the answer. There is no charge for this service.

Civil Judge ADR may be appropriate when:
- The parties have complex facts to review
- The case involves multiple parties and problems
- The courthouse surroundings would be helpful to the settlement process

**Special masters and referees** are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.
Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

**Settlement conferences** are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.
Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

*What kind of disputes can be resolved by ADR?*

Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; collections; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; fraud; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; sports; trade secret; and wrongful death, among other matters.

*Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, information about ADR procedures, or answers to other questions about ADR?*

*Contact:*
Santa Clara County Superior Court
Coordinator
ADR Administrator
408-882-2530

Santa Clara County DRPA
408-792-2784

**ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET**
**CIVIL DIVISION**

THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
ELECTRONIC FILING - WWW.SCEFILING.ORG
c/o Glotrans
2915 McClure Street
Oakland, CA 94609
TEL: (510) 208-4775
FAX: (510) 465-7348
EMAIL: Info@Glotrans.com

1

2

3

4

THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

5

IN AND FOR THE COUNTY OF SANTA CLARA

6

SUBRAHMANYESWARA RAO KOLLA, an individual, on
behalf of himself, and all persons similarly
situated, Plaintiff,

7

Plaintiff,

vs.

8

HSBC BANK USA, N.A., a Delaware corporation; and
DOES 1 through 50, inclusive, Defendants.

9

Defendant.

10

AND RELATED ACTIONS

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Kolla v. HSBC Bank USA, N.A.

Lead Case No.1-11-CV-205999

Hon. James P. Kleinberg

**PROOF OF SERVICE**
Electronic Proof of Service

11

I am employed in the County of Alameda, State of California.

12

I am over the age of 18 and not a party to the within action; my business address is 2915 McClure
Street, Oakland, CA 94609.

13

The documents described on page 2 of this Electronic Proof of Service were submitted via the
worldwide web on Fri. August 5, 2011 at 3:08 PM PDT and served by electronic mail notification.

14

I have reviewed the Court's Order Concerning Electronic Filing and Service of Pleading Documents and

15

am readily familiar with the contents of said Order. Under the terms of said Order, I certify the above-described
document's electronic service in the following manner:

16

The document was electronically filed on the Court's website, http://www.scefiling.org, on Fri. August 5,

17

2011 at 3:08 PM PDT

18

Upon approval of the document by the Court, an electronic mail message was transmitted to all parties
on the electronic service list maintained for this case. The message identified the document and provided
instructions for accessing the document on the worldwide web.

19

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and

20

correct. Executed on August 5, 2011 at Oakland, California.

Dated: August 5, 2011

21

For WWW.SCEFILING.ORG

Andy Jamieson

22

23

THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
ELECTRONIC FILING SYSTEM - WWW.SCEFILING.ORG

Electronic Proof of Service
Page 2

Document(s) submitted by Rowena Walker of Santa Clara County Superior Court on Fri. August 5, 2011 at 3:08 PM
PDT

1. ADR Information Form: ADR Information Form (provided July 27, 2011)

**E-FILED**

Aug 16, 2011 1:35 PM
David H. Yamasaki
Chief Executive Officer/Clerk
Superior Court of CA, County of Santa Clara
Case #1-11-CV-205999 Filing #G-34312
By R. Walker, Deputy

1

2

3

4

5

6

7

8                    SUPERIOR COURT OF CALIFORNIA

9                       COUNTY OF SANTA CLARA

10

11   SUBRAHMANYESWARA RAO KOLLA, an              Case No.: 1-11-CV-205999
     individual, on behalf of himself, and all persons
12   similarly situated,

13              Plaintiff,

14

15       vs.                                     **ORDER DEEMING CASE
                                                 COMPLEX**
16   HSBC BANK USA, N.A., a Delaware
     corporation; and DOES 1 through 50, inclusive,
17                                               **Complaint Filed:  July 27, 2011**
                Defendants.
18
                                                 **Judge:  Hon. James P. Kleinberg**
19                                               **Dept:    1 (Complex Civil Litigation)**

20

21

22       WHEREAS, the Complaint was filed by Plaintiff SUBRAHMANYESWARA RAO

23   KOLLA ("Plaintiff") in the Santa Clara County Superior Court on July 27, 2011 and assigned

24   to Department 1 (Complex Civil Litigation), the Honorable James P. Kleinberg presiding,

25   pending a ruling on the complexity issue;

26       IT IS HEREBY ORDERED that:

27       The Court determines that the above-referenced case is **COMPLEX** within the meaning

28   of California Rules of Court 3.400.  The matter remains assigned, for all purposes, including

*Kolla v. HSBC Bank USA, N.A.*
*Santa Clara County Superior Court, Case No. 1-11-CV-205999*
*Order Deeming Case Complex*

E-FILED: Aug 16, 2011 1:35 PM, Superior Court of CA, County of Santa Clara, Case #1-11-CV-205999 Filing #G-34312

1  discovery and trial, to Department 1 (Complex Civil Litigation), the Honorable James P.
2  Kleinberg presiding.

3     The parties are directed to the Electronic Filing and Service Standing Order and to the
4  Guidelines for the Complex Civil Litigation Department, copies of which may be downloaded
5  from www.scefiling.org.

6     All parties are hereinafter ordered to submit to the Court's E-Filing website digital
7  copies of all documents that were previously manually filed prior to the entry of this Order.

8     Pursuant to California Rules of Court, Rule 3.254, the creation and maintenance of the
9  Master Service List shall be under the auspices of (1) Plaintiff SUBRAHMANYESWARA
10  RAO KOLLA, as the first-named party in the Complaint, and (2) the first-named party in each
11  Cross-Complaint, if any.

12     Pursuant to Government Code section 70616(c), each party's complex case fee is due
13  within ten (10) calendar days of this date.

14     Plaintiff shall serve a copy of this Order on all parties forthwith and file a proof of
15  service within seven (7) days of service.

16     Any party objecting to the complex designation must file an objection and proof of
17  service within ten (10) days of service of this Order.  Any response to the objection must be
18  filed within seven (7) days of service of the objection.  The Court will make its ruling on the
19  submitted pleadings.

20     The Case Management Conference remains set for **January 20, 2012 at 10:00 a.m. in**
21  **Department 1** and all counsel are ordered to attend in person.

22     Counsel for all parties are ordered to meet and confer in person at least 15 days prior to
23  the First Case Management Conference and discuss the following issues:

24     1.  Issues related to recusal or disqualification;

25     2.  Issues of law that, if considered by the Court, may simplify or further resolution of
26        the case, including issues regarding choice of law;

27     3.  Appropriate alternative dispute resolution (ADR), for example, mediation,
28        mandatory settlement conference, arbitration, mini-trial;

---

*Kolla v. HSBC Bank USA, N.A.*
*Santa Clara County Superior Court, Case No. 1-11-CV-205999*
*Order Deeming Case Complex*

2

E-FILED: Aug 16, 2011 1:35 PM, Superior Court of CA, County of Santa Clara, Case #1-11-CV-205999 Filing #G-34312

4. A plan for preservation of evidence and a uniform system for identification of documents throughout the course of this litigation;

5. A plan for document disclosure/production and additional discovery; which will generally be conducted under court supervision and by court order;

6. Whether it is advisable to address discovery in phases so that information needed to conduct meaningful ADR is obtained early in the case (counsel should consider whether they will stipulated to limited merits discovery in advance of certification proceedings), allowing the option to complete discovery if ADR efforts are unsuccessful;

7. Any issues involving the protection of evidence and confidentiality;

8. The handling of any potential publicity issues;

Counsel for Plaintiff is to take the lead in preparing a Joint Case Management Conference Statement to be filed five court days prior to the First Case Management Conference, and include the following:

1. A Statement as to whether additional parties are likely to be added and a proposed date by which all parties must be served;

2. Service lists identifying all primary and secondary counsel, firm names, addresses, telephone numbers, email addresses and fax numbers for all counsel;

3. A description of all discovery completed to date and any outstanding discovery as of the date of the conference;

4. Applicability and enforceability of arbitration clauses, if any;

5. A list of all related litigation pending in other courts, including Federal Court, and a brief description of any such litigation, and a statement as to whether any additional related litigation is anticipated (CRC 3.300);

6. A description of factual and legal issues – the parties should address any specific contract provisions the interpretation of which may assist in resolution of significant issues in the case;

*Kolla v. HSBC Bank USA, N.A.*
*Santa Clara County Superior Court, Case No. 1-11-CV-205999*
*Order Deeming Case Complex*

3

E-FILED: Aug 16, 2011 1:35 PM, Superior Court of CA, County of Santa Clara, Case #1-11-CV-205999 Filing #G-34312

7.  The parties' tentative views on an ADR mechanism and how such mechanism might be integrated into the course of the litigation;

8.  Whether discovery should be conducted in phases or limited; and if so, the order of phasing or types of limitations of discovery.  If this is a class action lawsuit, the parties should address the issue of limited merits discovery in advance of class certification motions.

To the extent the parties are unable to agree on the matters to be addressed in the Joint Case Management Conference Statement, the positions of each party or of various parties should be set forth separately and attached to this report as addenda.  The parties are encouraged to propose, either jointly or separately, any approaches to case management they believe will promote the fair and efficient handling of this case.  The Court is particularly interested in identifying potentially dispositive or significant threshold issues the early resolution of which may assist in moving the case toward effective ADR and/or a final disposition.

If this is a class action lawsuit, a copy of the Court's Guidelines for Motions relating to Class Certification is attached to this Order. The Court may set a briefing schedule for Plaintiff's class certification motion at the time of the conference.

Pending further order of this Court, the service of discovery and the obligation to respond to any outstanding discovery is stayed. However, Defendant(s) shall file a Notice of Appearance for purposes of identification of counsel and preparation of a service list. The filing of such a Notice of Appearance shall be without prejudice to the later filing of a motion to quash to contest jurisdiction.  Parties shall not file or serve responsive pleadings, including motions to strike, demurrers, motions for change of venue and cross-complaints until a date is set at the First Case Management Conference for such filings and hearings.

This Order is issued to assist the Court and the parties in the management of this "Complex" case through the development of an orderly schedule for briefing and hearings.

E-FILED: Aug 16, 2011 1:35 PM, Superior Court of CA, County of Santa Clara, Case #1-11-CV-205999 Filing #G-34312

1   This Order shall not preclude the parties from continuing to informally exchange documents

2   that may assist in their initial evaluation of the issues presented in this Case.

3          Plaintiff shall serve a copy of this Order on all the parties in this matter forthwith.

4   SO ORDERED.

5

6   Dated: 8/4/11

7                                              Honorable James P. Kleinberg
                                               Judge of the Superior Court
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
ELECTRONIC FILING - WWW.SCEFILING.ORG
c/o Glotrans
2915 McClure Street
Oakland, CA 94609
TEL: (510) 208-4775
FAX: (510) 465-7348
EMAIL: Info@Glotrans.com

# E-FILED

Aug 16, 2011 1:35 PM
David H. Yamasaki
Chief Executive Officer/Clerk
Superior Court of CA, County of Santa Clara
Case #1-11-CV-205999 Filing #G-34312
By R. Walker, Deputy

**THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**IN AND FOR THE COUNTY OF SANTA CLARA**

| | |
|---|---|
| SUBRAHMANYESWARA RAO KOLLA, an individual, on behalf of himself, and all persons similarly situated, Plaintiff, <br><br> Plaintiff, <br><br> vs. <br><br> HSBC BANK USA, N.A., a Delaware corporation; and DOES 1 through 50, inclusive, Defendants. <br><br> Defendant. <br><br> AND RELATED ACTIONS | Kolla v. HSBC Bank USA, N.A. <br><br> Lead Case No.1-11-CV-205999 <br><br> Hon. James P. Kleinberg <br><br><br><br><br> **PROOF OF SERVICE** <br> **Electronic Proof of Service** |

I am employed in the County of Alameda, State of California.

I am over the age of 18 and not a party to the within action; my business address is 2915 McClure Street, Oakland, CA 94609.

The documents described on page 2 of this Electronic Proof of Service were submitted via the worldwide web on Tue. August 16, 2011 at 1:34 PM PDT and served by electronic mail notification.

I have reviewed the Court's Order Concerning Electronic Filing and Service of Pleading Documents and am readily familiar with the contents of said Order. Under the terms of said Order, I certify the above-described document's electronic service in the following manner:

The document was electronically filed on the Court's website, http://www.scefiling.org, on Tue. August 16, 2011 at 1:34 PM PDT

Upon approval of the document by the Court, an electronic mail message was transmitted to all parties on the electronic service list maintained for this case. The message identified the document and provided instructions for accessing the document on the worldwide web.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on August 16, 2011 at Oakland, California.

Dated: August 16, 2011                    For WWW.SCEFILING.ORG

                                          Andy Jamieson

E-FILED: Aug 16, 2011 1:35 PM, Superior Court of CA, County of Santa Clara, Case #1-11-CV-205999 Filing #G-34312

1   THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
    ELECTRONIC FILING SYSTEM - WWW.SCEFILING.ORG

2   Electronic Proof of Service
    Page 2

3   Document(s) submitted by Rowena Walker of Santa Clara County Superior Court on Tue. August 16, 2011 at 1:34 PM
    PDT

4   1. Order Deeming Case Complex - No Fee (for Court use only): Order Deeming Case Complex - signed by Judge James P.
    Kleinberg

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

## GUIDELINES FOR MOTIONS RELATING TO CLASS CERTIFICATION

## DEPARTMENT 1 – COMPLEX CIVIL LITIGATION

The party moving for or against class certification must present in the moving papers admissible evidence, as required by applicable law, establishing that the elements for certification are, or are not, present.

All facts other than purely rebuttal matters upon which the moving party will rely in the hearing must be set out in evidence submitted with the notice of motion and moving papers.

Each party should address all elements relevant to deciding the appropriateness of class certification. The list of elements set forth below is offered by the Court as a general summary and is not intended to supplant substantive law.

1. Commonality and Predominance
   a. The class definition, including a statement of criteria that putative class members must possess to be eligible for class membership
   b. A description/definition of proposed subclasses, if any
   c. Those issues of law which are common to all class members
   d. Those issues of law which are unique to one or more class members but which must be presented at trial.  In describing these unique issues of law, the segments of the class to which they are applicable should be described with a statement of the number within the class to whom each unique issue applies
   e. Whether, and if so how, common issues of law predominate
   f. Those issues of fact which are common to all class members
   g. Those issues of fact which are unique to one ore more class members but which must be presented at trial.  In describing these unique issues of fact, the segments of the class to which they are applicable should be described with a statement of the number within the class to whom each unique issue applies
   h. Whether, and if so how, common issues of fact predominate
   i. Conflicts, if any, between class members
2. Ascertainability
   a. The manner in which and the time when the individual class members will be identified if such identification is contemplated
3. Numerosity
   a. The approximate number of persons in the class, and if there are subclasses, the approximate number of persons in each subclass
   b. The basis for the above approximations
   c. The general geographic location[s] of the class members.  If the class is not confined to the state of California, the description should include those locations outside California where class members are located
   d. Whether, and if so why, joinder is impracticable
4. Typicality
   a. Why the claims and status of each of the proposed class representative[s] are typical of those of the proposed class or of the proposed subclass

      b.  Factual and/or legal differences, if any, in the representative's status as a class member and those of any other persons within the class. If there are subclasses, a factual statement of the subclass of which the representative is a member

      c.  Unique legal and/or factual issues, if any, pertaining to the representative[s] which must be litigated

      d.  Conflicts, if any, between the class representative[s] and the class members

5.  Adequacy

      a.  The adequacy of class counsel, including the ability of class counsel to represent class members with conflicting claims or interest

      b.  The adequacy of the class representative[s], including the ability of the class representative[s] to serve as fiduciaries for class members with conflicting or inconsistent claims or interests

      c.  The issues of law and/or fact which must be litigated between class members

6.  Substantial Benefits/Superiority

      a.  Procedures alternative to a class action which might be used to adjudicate the issues involved in the action

      b.  Why a class action is, or is not, procedurally superior to each alternative procedure, unless superiority is not an element of certifying that cause of action, including a discussion of the ability of the Court to manage the alternative proceedings in relation to its ability to manage the conduct of the class action

      c.  Whether there are substantial benefits to the Court, the parties, and/or the public to proceeding as a class action

7.  Notice

      a.  Counsel requesting class certification should provide specifics regarding necessary notice to class members and the methods proposed for giving notice.

THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
ELECTRONIC FILING - WWW.SCEFILING.ORG
c/o Glotrans
2915 McClure Street
Oakland, CA94609
TEL: (510) 208-4775
FAX: (510) 465-7348
EMAIL: Info@Glotrans.com

1

2

3

4

5

THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SANTA CLARA

6

| | |
|---|---|
| SUBRAHMANYESWARA RAO KOLLA, an individual, on behalf of himself, and all persons similarly situated, Plaintiff, | Kolla v. HSBC Bank USA, N.A. |
| Plaintiff, | Lead Case No.1-11-CV-205999 |
| vs. | Hon. James P. Kleinberg |
| HSBC BANK USA, N.A., a Delaware corporation; and DOES 1 through 50, inclusive, Defendants. | |
| Defendant. | PROOF OF SERVICE |
| AND RELATED ACTIONS | Electronic Proof of Service |

7

8

9

10

11
I am employed in the County of Alameda, State of California.

I am over the age of 18 and not a party to the within action; my business address is 2915 McClure
12
Street, Oakland, CA 94609.

13
The documents described on page 2 of this Electronic Proof of Service were submitted via the
worldwide web on Fri. August 5, 2011 at 3:08 PM PDT and served by electronic mail notification.
14
I have reviewed the Court's Order Concerning Electronic Filing and Service of Pleading Documents and
15
am readily familiar with the contents of said Order. Under the terms of said Order, I certify the above-described
document's electronic service in the following manner:
16
The document was electronically filed on the Court's website, http://www.scefiling.org, on Fri. August 5,
17
2011 at 3:08 PM PDT

Upon approval of the document by the Court, an electronic mail message was transmitted to all parties
18
on the electronic service list maintained for this case. The message identified the document and provided
instructions for accessing the document on the worldwide web.
19
I declare under penalty of perjury under the laws of the State of California that the foregoing is true and
20
correct. Executed on August 5, 2011 at Oakland, California.

Dated: August 5, 2011                    For WWW.SCEFILING.ORG
21
                                         Andy Jamieson

22

23

1    THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
     ELECTRONIC FILING SYSTEM - WWW.SCEFILING.ORG

2    Electronic Proof of Service
     Page 2

3    Document(s) submitted by Rowena Walker of Santa Clara County Superior Court on Fri. August 5, 2011 at 3:08 PM
     PDT

4    1. Complex Complaint: Complaint (filed July 27, 2011)

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

# EXHIBIT F

1    GEORGE J. TICHY, II, Bar No. 041146
     MICHELLE R. BARRETT, Bar No. 197280
2    LISA J. LIN, Bar No. 260582
     LITTLER MENDELSON
3    A Professional Corporation
     650 California Street, 20th Floor
4    San Francisco, CA 94108.2693
     Telephone:    415.433.1940
5    Fax No.:      415.399.8490

6    Attorneys for Defendant
     HSBC BANK USA, N.A.

7

**E-FILED**

Sep 14, 2011 12:03 PM
David H. Yamasaki
Chief Executive Officer/Clerk
Superior Court of CA, County of Santa Clara
Case #1-11-CV-205999 Filing #G-35004
By M. Huerta, Deputy

8

9                SUPERIOR COURT OF CALIFORNIA

10                 COUNTY OF SANTA CLARA

11    SUBRAHMANYESWARA RAO
     KOLLA, an individual, on behalf of
12    himself, and all persons similarly situated,

               Plaintiff,
13

14         v.

15    HSBC BANK USA, N.A., a Delaware
     Corporation; and DOES 1 through 50,
16    inclusive,

               Defendant.
17

Case No.  111CV205999

**DEFENDANT HSBC BANK USA, N.A.'S
ANSWER TO PLAINTIFF'S FIRST
AMENDED CLASS AND COLLECTIVE
ACTION COMPLAINT**

18         Defendant HSBC Bank USA, N.A. ("Defendant" or "HSBC") hereby answers the

19   First Amended Class and Collective Action Complaint ("Complaint") filed by Plaintiff

20   Subrahmanyeswara Rao Kolla ("Plaintiff"), individually and on behalf of all persons similarly

21   situated, alleging the following causes of action: (1) unfair business competition in violation of

22   California Business and Professions Code §17200, et seq.; (2) failure to pay overtime compensation

23   in violation of California Labor Code §§ 510, 1194, and 1198, et seq.; (3) failure to provide itemized

24   wage statements in violation of California Labor Code § 226; (4) failure to pay overtime

25   compensation in violation of 29 U.S.C. § 201, et seq.; and (5) violation of the Private Attorneys

26   General Act (Labor Code § 2698 et seq.) as follows:

27

28

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108 2693
415.433 1940

Defendant's Answer to Plaintiff's First Amended Complaint             Case No. 111CV205999

E-FILED: Sep 14, 2011 12:03 PM, Superior Court of CA, County of Santa Clara, Case #1-11-CV-205999 Filing #G-35004

## GENERAL DENIAL

Pursuant to section 431.30(d) of the California Code of Civil Procedure, Defendant hereby answers the Complaint filed by Plaintiff by generally denying each and every allegation contained therein, by denying that Plaintiff has been damaged or has sustained any damages as a result of the conduct alleged therein, by denying that this matter is appropriate for class or representative adjudication, by denying that any putative class member has been damaged or has sustained any damages as a result of the conduct alleged therein, and by asserting the following separate and distinct affirmative defenses.

## AFFIRMATIVE DEFENSES

1.    AS A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that the Complaint, and each and every cause of action thereof, whether considered individually or in combination, fails to state facts sufficient to constitute a cause of action.

2.    AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that all or portions of Plaintiff's claims are barred by the applicable statute of limitations, including, but not limited to, California Code of Civil Procedure §§ 335.1, 338 and 340, California Business and Professions Code § 17208, and 29 U.S.C. § 255.

3.    AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that certification of a class and/or the imposition of replicating penalties, as applied to the facts and circumstances of this case, would constitute a denial of Defendant's due process rights, both substantive and procedural, in violation of the Fourteenth Amendment to the United States Constitution and the California Constitution.

4.    AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff is barred from seeking relief against Defendant because its conduct, if any, was privileged and/or taken in good faith based on the belief that it was asserting its legal rights and in accordance with, among other things, 29 U.S.C. § 259.

5.    AS A FIFTH, SEPARATE, AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's claims are barred in whole or in part because Plaintiff's alleged injuries were

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108-2693
415 433 1940

Defendant's Answer to Plaintiff's First Amended Complaint                    Case No. 111CV205999

E-FILED: Sep 14, 2011 12:03 PM, Superior Court of CA, County of Santa Clara, Case #1-11-CV-205999 Filing #G-35004

1    not proximately caused by any unlawful policy, custom, practice and/or procedure promulgated

2    and/or tolerated by any Defendant.

3           6.    AS A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant

4    alleges that some or all of the causes of action or claims alleged in the Complaint are barred by the

5    equitable doctrine of waiver.

6           7.    AS A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant

7    alleges that some or all of the causes of action or claims alleged in the Complaint are barred by the

8    equitable doctrine of consent and/or voluntary participation.

9           8.    AS AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant

10   alleges that some or all of the causes of action or claims alleged in the Complaint are barred by the

11   equitable doctrine of estoppel and/or res judicata.

12          9.    AS A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant

13   alleges that some or all of the causes of action or claims alleged in the Complaint are barred by the

14   equitable doctrine of laches.

15         10.    AS A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant

16   alleges that some or all of the causes of action or claims alleged in the Complaint are barred by the

17   equitable doctrine of unclean hands.

18         11.    AS AN ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE,

19   Defendant alleges that some or all of the causes of action or claims alleged in the Complaint are

20   barred by the doctrine of unjust enrichment.

21         12.    AS A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant

22   alleges that some or all of the causes of action or claims alleged in the Complaint are barred by the

23   doctrine of accord and satisfaction.

24         13.    AS A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE,

25   Defendant alleges that any duty or obligation that Plaintiff and/or any putative class member claims

26   was owed to him or her by Defendant has been fully performed, satisfied, discharged and/or non-

27   existent in the first instance.

28

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

3.

E-FILED: Sep 14, 2011 12:03 PM, Superior Court of CA, County of Santa Clara, Case #1-11-CV-205999 Filing #G-35004

14.    AS A FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff and all putative class members were properly compensated for all hours of work in accordance with applicable law.

15.    AS A FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that it acted upon a reasonable and good faith belief that it complied with its wage payment obligations, if any, under California and federal law including, but not limited to, the California Labor Code and the Fair Labor Standards Act.

16.    AS A SIXTEENTH, SEPARATE, AND AFFIRMATIVE DEFENSE, Defendant alleges that all or portions of Plaintiff's claims are barred by the doctrine of avoidable consequences because reasonable steps were taken to prevent and correct allegedly improper wage payments, Plaintiff unreasonably failed to use the preventative and corrective opportunities provided to them, and the reasonable use of those procedures would have prevented at least some, if not all, of the harm Plaintiff allegedly suffered

17.    AS A SEVENTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges Plaintiff and/or members of the putative class he purports to represent were not entitled to payment of overtime premiums and meal and/or rest period penalties to the extent that they were exempt from overtime and meal/rest period requirements pursuant to, but not limited to, 29 U.S.C. § 213 *et seq.*, the California Labor Code, and the provisions of the California Industrial Welfare Commission's wage orders including, but not limited to, the executive and/or administrative exemption.

18.    AS AN EIGHTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that it did not fail to provide wage statements or meal or rest periods pursuant to California law including, but not limited to, the California Labor Code, or the applicable wage orders issued by the Industrial Welfare Commission, or any other basis.

19.    AS A NINETEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's claims are barred, in whole or in part, because any applicable statute or Wage Orders, or some of them, are unconstitutionally vague and ambiguous as applied to

4.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

Defendant's Answer to Plaintiff's First Amended Complaint                    Case No. 111CV205999

E-FILED: Sep 14, 2011 12:03 PM, Superior Court of CA, County of Santa Clara, Case #1-11-CV-205999 Filing #G-35004

1   the facts and circumstances of this case and violate Defendant's rights under the California and

2   United States Constitutions to, among other things, due process of law.

3         20.   AS A TWENTIETH, SEPARATE AND AFFIRMATIVE DEFENSE,

4   Defendant alleges that any forms of compensation received by Plaintiff and/or the putative class

5   members which were excluded from his/their regular rate of pay must be excluded from the

6   calculation of any overtime claimed by Plaintiff and/or the putative class.

7         21.   AS A TWENTY-FIRST, SEPARATE AND AFFIRMATIVE DEFENSE,

8   Defendant alleges that to the extent Plaintiff and/or the putative class were not exempt and did not

9   take meal and/or rest periods, Plaintiff and/or the putative class chose not to and/or did so without

10  permission or knowledge of Defendant and/or failed to work the requisite number of hours to qualify

11  for a meal and/or rest period.

12        22.   AS A TWENTY-SECOND, SEPARATE AND AFFIRMATIVE DEFENSE

13  to the Complaint and to the cause of action for alleged failure to provide meal and rest periods and

14  accurate wage statements, any alleged violations were *de minimis*.

15        23.   AS A TWENTY-THIRD, SEPARATE AND AFFIRMATIVE DEFENSE,

16  Defendant alleges that Plaintiff and the putative class sustained no injury from any alleged failure to

17  comply with California Labor Code § 226.

18        24.   AS A TWENTY-FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE,

19  Defendant alleges with regard to the "wage statement" claim, Plaintiff and/or the putative class is not

20  entitled to recover damages because any alleged failure to comply with California Labor Code § 226

21  was not a "knowing and intentional failure" under California Labor Code § 226(e).

22        25.   AS A TWENTY-FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE,

23  Defendant alleges that its conduct, if any, was not and is not "unfair," "unlawful," "deceptive," or

24  "fraudulent" within the meaning of California Business & Professions Code § 17200 *et. seq.*, in that

25  Defendant complied with all applicable statutes and regulations.

26        26.   AS A TWENTY-SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, to

27  the Complaint and for alleged violation of California Business and Professions Code § 17200 *et seq.*,

28  Plaintiff's claims (and those of the putative class) are barred because California Business and

5.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

Defendant's Answer to Plaintiff's First Amended Complaint        Case No. 111CV205999

E-FILED: Sep 14, 2011 12:03 PM, Superior Court of CA, County of Santa Clara, Case #1-11-CV-205999 Filing #G-35004

1    Professions Code § 17200 *et seq.* is unconstitutionally vague and overbroad and the manner in which

2    Plaintiff alleges that said statutes apply to Defendant's business practices constitutes a violation of

3    Defendant's rights to substantive and procedural due process rights under the Fourteenth

4    Amendment of the United States Constitution and under the California Constitution.

5          27.    AS A TWENTY-SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE

6    to the Complaint and to the cause of action for alleged violation of California Business and

7    Professions Code § 17200 *et seq.*, Defendant alleges that Plaintiff's prosecution of this action by

8    Plaintiff as a representative of the general public under California Business and Professions Code §

9    17200 *et seq.*, as applied to the facts and circumstances of this case, would constitute a denial of

10   Defendant's substantive and procedural due process rights under the Fourteenth Amendment of the

11   United States Constitution and under the California Constitution.

12         28.    AS A TWENTY-EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE,

13   Defendant alleges that Plaintiff's prayer for restitution pursuant to California Business and

14   Professions Code § 17200 *et seq.* is barred with respect to any claim for penalties of any nature.

15         29.    AS A TWENTY-NINTH, SEPARATE AND AFFIRMATIVE DEFENSE,

16   Defendant alleges that the Complaint is uncertain as to the overtime allegedly worked and the wage

17   statements allegedly rendered inaccurate.

18         30.    AS A THIRTIETH, SEPARATE AND AFFIRMATIVE DEFENSE,

19   Defendant alleges that Plaintiff and/or the putative class failed to mitigate damages, if any.

20         31.    AS A THIRTY-FIRST, SEPARATE AND AFFIRMATIVE DEFENSE,

21   Defendant alleges that any loss allegedly incurred by Plaintiff and/or the putative class, if any, is

22   attributable to the acts or omissions of Plaintiff and/or the putative class including, but not limited to,

23   his/their own negligence and/or intentional misconduct.

24         32.    AS A THIRTY-SECOND, SEPARATE AND AFFIRMATIVE DEFENSE,

25   Defendant alleges that any recovery Plaintiff and/or the putative class may be entitled to herein

26   should be offset and/or reduced by the proportionate amount of Plaintiff and/or the putative class'

27   negligence, fault, bad faith, breach of common law duties and violation of statutory duties, including

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415 433 1940

6.

Defendant's Answer to Plaintiff's First Amended Complaint        Case No. 111CV205999

E-FILED: Sep 14, 2011 12:03 PM, Superior Court of CA, County of Santa Clara, Case #1-11-CV-205999 Filing #G-35004

1   any offset or deduction, with respect to Plaintiff and/or the putative class' claimed damages and with

2   respect to alleged damages caused by Defendant.

3         33.   AS A THIRTY-THIRD, SEPARATE AND AFFIRMATIVE DEFENSE,

4   Defendant alleges that Plaintiff and/or the putative class has failed to state a claim for which

5   compensatory, statutory, restitutionary, liquidated, punitive, or any other damages, interest,

6   attorney's fees or costs may be granted.

7         34.   AS A THIRTY-FOURTH, SEPARATE, AND AFFIRMATIVE DEFENSE,

8   Defendant alleges that the Complaint fails to properly state a claim for penalties under California

9   Labor Code § 203 because there is a bona fide, good faith dispute with respect to Defendant's

10   obligation to pay any wages.

11         35.   AS A THIRTY-FIFTH, SEPARATE, AND AFFIRMATIVE DEFENSE,

12   Defendant alleges that the Complaint fails to properly state a claim for penalties under California

13   Labor Code § 203 because any failure to pay wages found to be due Plaintiff and/or the putative

14   class was not willful.

15         36.   AS A THIRTY-SIXTH, SEPARATE, AND AFFIRMATIVE DEFENSE,

16   Defendant alleges that any violation of the Fair Labor Standards Act was an act or omission made in

17   good faith and Defendant had objectively reasonable grounds for believing that the act or omission

18   was not a violation of the Fair Labor Standards Act so that, pursuant to 29 U.S.C. §§ 216 and 260,

19   liquidated damages cannot be awarded.

20         37.   AS A THIRTY-SEVENTH, SEPARATE, AND AFFIRMATIVE DEFENSE,

21   Defendant alleges that any violation of the Fair Labor Standards Act was an act or omission not

22   made willfully or done with knowledge or reckless disregard so that the statute of limitations cannot

23   be extended under 29 U.S.C. § 255(a).

24         38.   AS A THIRTY-EIGHTH, SEPARATE, AND AFFIRMATIVE DEFENSE,

25   Defendant alleges that the amounts described in Section 7(e) of the Fair Labor Standards Act, 29

26   U.S.C. § 207(e), must be excluded from the regular rate on which any overtime due is calculated

27   under federal and California law

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

Defendant's Answer to Plaintiff's First Amended Complaint        Case No. 111CV205999

E-FILED: Sep 14, 2011 12:03 PM, Superior Court of CA, County of Santa Clara, Case #1-11-CV-205999 Filing #G-35004

39.   AS A THIRTY-NINTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that the Complaint fails to state a claim for injunctive relief.

40.   AS A FORTIETH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that the Complaint fails to state a claim for declaratory relief.

41.   AS A FORTY-FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's claims for injunctive and other equitable relief contained therein are barred because Plaintiff and/or the putative class has an adequate remedy at law.

42.   AS A FORTY-SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that the Complaint fails to state a claim upon which prejudgment and/or post-judgment interest may be granted, as the damages claimed are not sufficiently certain to allow an award of pre/post-judgment interest.

43.   AS A FORTY-THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that, to the extent Plaintiff and/or the putative class seek statutory and/or other penalties, such claims must comport with the due process requirements of *State Farm v. Campbell*, 538 U.S. 408 (2003).

44.   AS A FORTY-FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that, assuming *arguendo*, any employee or agent of Defendant engaged in any unlawful conduct toward Plaintiff and/or the putative class (which Defendant denies), such conduct was contrary to Defendant's express policies and beyond the course and scope of that individual's employment or agency relationship and cannot be attributed to Defendant, and Defendant cannot be held liable for any such actions.

45.   AS A FORTY-FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that to the extent Defendant was aware of wrongful conduct, if any (which Defendant denies), Defendant exercised reasonable care to prevent and promptly correct such conduct.

46.   AS A FORTY-SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that to the extent Plaintiff is awarded any penalties under the Labor Code Section that provides, all such penalties will be for an "initial violation." A "subsequent violation" refers to a

8.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415 433 1940

Defendant's Answer to Plaintiff's First Amended Complaint                    Case No. 111CV205999

E-FILED: Sep 14, 2011 12:03 PM, Superior Court of CA, County of Santa Clara, Case #1-11-CV-205999 Filing #G-35004

1  subsequent finding of a violation of the same California Labor Code section by Defendant

2  (assuming, *arguendo*, that an "initial violation" is found in this case). *See Amaral v. Cintas,* 163

3  Cal. App. 4th 1157 (2008).

4        47.    AS A FORTY-SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE,

5  Defendant alleges that Plaintiff and the putative class lack a private right of action to bring claims in

6  court for penalties or any other remedy pursuant to California Labor Code §§ 201, 202, 203, 226,

7  226.7, 510, 512, 1194, and/or 1199.

8        48.    AS A FORTY-EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE,

9  Defendant alleges that any unlawful or other wrongful acts of any person(s) employed by

10  Defendants, or any of them, were outside the scope of his or her authority and such acts, if any, were

11  not authorized, ratified, or condoned, nor did Defendant know or have reason to be aware of such

12  alleged conduct.

13        49.    AS A FORTY-NINTH, SEPARATE, AND AFFIRMATIVE DEFENSE,

14  Defendant alleges that this suit may not be properly maintained as a class action because: (a)

15  Plaintiff has failed to plead and/or cannot establish the necessary procedural elements for, class

16  treatment; (b) a class action is not an appropriate method for the fair and efficient adjudication of the

17  claims described in the Complaint; (c) common issues of fact or law do not predominate; to the

18  contrary, individual issues predominate; (d) Plaintiff claims are not representative or typical of the

19  claims of the putative class; (e) Plaintiff is not proper class representatives; (f) Plaintiff and alleged

20  putative class counsel are not adequate representatives for the alleged putative class; (g) Plaintiff

21  cannot satisfy any of the requirements for class action treatment, and class action treatment is neither

22  appropriate nor constitutional; (h) there is not a well-defined community of interest in the questions

23  of law or fact affecting Plaintiff and the members of the alleged putative class; (i) the alleged

24  putative class is not ascertainable, nor are its members identifiable; and (j) to the extent the alleged

25  putative class is ascertainable and its members are identifiable, the number of putative class

26  members is too small to meet the numerosity requirement for a class action.

27        50.    AS A FIFTIETH, SEPARATE, AND AFFIRMATIVE DEFENSE, alleges

28  that this suit may not be properly maintained as a collective action because: (a) Plaintiff has failed to

9.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

Defendant's Answer to Plaintiff's First Amended Complaint      Case No. 111CV205999

E-FILED: Sep 14, 2011 12:03 PM, Superior Court of CA, County of Santa Clara, Case #1-11-CV-205999 Filing #G-35004

1    plead and/or cannot establish the necessary procedural elements for collective action treatment; (b) a

2    collective action is not an appropriate method for the fair and efficient adjudication of the claims

3    described in the Complaint; (c) common issues of fact or law do not predominate; to the contrary,

4    individual issues predominate; (d) Plaintiff's claims are not representative or typical of the claims of

5    the putative class; (e) Plaintiff is not a proper class representative; (f) the named Plaintiff and alleged

6    putative class counsel are not adequate representatives for the alleged putative class; (g) Plaintiff

7    cannot satisfy any of the requirements for collective action treatment, and collective action treatment

8    is neither appropriate nor constitutional; (h) there is not a well-defined community of interest in the

9    questions of law or fact affecting Plaintiff and the members of the alleged putative class; (i) the

10   alleged putative class is not ascertainable, nor are its members identifiable; and (j) to the extent the

11   alleged putative class is ascertainable and its members are identifiable, the number of putative class

12   members is too small to meet the numerosity requirement for a collective action.

13          51.    AS A FIFTY-FIRST, SEPARATE AND AFFIRMATIVE DEFENSE,

14   Defendant alleges that the Complaint, and each cause of action set forth therein, is barred because

15   the named Plaintiff lacks standing as a representative of the proposed class.

16          52.    AS A FIFTY-SECOND, SEPARATE AND AFFIRMATIVE DEFENSE,

17   Defendant alleges that certain interests of the alleged putative class are in conflict with the interests

18   of all or certain other members of the putative class.

19          53.    AS A FIFTY-THIRD, SEPARATE AND AFFIRMATIVE DEFENSE,

20   Defendant alleges that the Complaint and each cause of action are barred because the Private

21   Attorneys General Act, California Labor Code § 2699 et seq. (hereinafter, the "Private Attorney's

22   General Act" or "PAGA") is unconstitutionally vague and overbroad under both the United States

23   Constitution and the California Constitution as applied to the facts and circumstances of this case.

24          54.    AS A FIFTY-FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE,

25   Defendant alleges that Private Attorney's General Act, which authorizes former employees to file

26   private actions against a former employer and recover excessive civil penalties, three-quarters of

27   which are paid to an executive agency of the State of California, constitutes and unlawful delegation

28   of power in violation of the California Constitution.

10.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

Defendant's Answer to Plaintiff's First Amended Complaint          Case No. 111CV205999

E-FILED: Sep 14, 2011 12:03 PM, Superior Court of CA, County of Santa Clara, Case #1-11-CV-205999 Filing #G-35004

55.   AS A FIFTY-FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that the fines imposed by Private Attorney's General Act are excessive and violate the substantive due process guaranteed by Article I, section 7 and amendment 8 of the California Constitution and the Fourteenth Amendment of the United States Constitution.

56.   AS A FIFTY-SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that prosecution of a representative action on behalf of similarly situated employees under Private Attorney's General Act, as applied to the facts and circumstances of this case, would constitute a denial of Defendant's dues process rights, both substantive and procedural, in violation of the California Constitution and the Fourteenth Amendment.

57.   AS A FIFTY-SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that the Complaint does not describe the claims or facts being alleged with sufficient particularity to permit Defendant to ascertain what other defenses may exist.  Defendant will rely on any and all further defenses that become available or appear during discovery in this action and specifically reserves the right to amend this Answer for purposes of asserting such additional affirmative defenses.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for judgment from this Court as follows:

1.   Plaintiff take nothing by this action;

2.   That the Complaint be dismissed with prejudice and that judgment be entered against Plaintiff and in favor of Defendant on each of Plaintiff's causes of action;

3.   That Plaintiff be ordered to pay Defendant's costs and attorneys' fees, including, but not limited to, costs and attorneys' fees provided under California Labor Code § 218.5; and

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

11.

E-FILED: Sep 14, 2011 12:03 PM, Superior Court of CA, County of Santa Clara, Case #1-11-CV-205999 Filing #G-35004

1         4.     Such other and further relief as the Court deems appropriate and proper.

2

Dated: September 14, 2011

3

4

GEORGE J. TICHY, II
MICHELLE R. BARRETT
5

LISA J. LIN
6

LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
7

HSBC BANK USA, N.A.

8

9

10    Firmwide:103801157.3 023404.1078

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108-2693
415 433 1940

12.

Defendant's Answer to Plaintiff's First Amended Complaint            Case No. 111CV205999

THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
ELECTRONIC FILING - WWW.SCEFILING.ORG
c/o Glotrans
2915 McClure Street
Oakland, CA94609
TEL: (510) 208-4775
FAX: (510) 465-7348
EMAIL: Info@Glotrans.com

1

2

3

4

5

## THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF SANTA CLARA

6

SUBRAHMANYESWARA RAO KOLLA, an individual, on
behalf of himself, and all persons similarly
situated, Plaintiff,

7

Plaintiff,

vs.

8

HSBC BANK USA, N.A., a Delaware corporation; and
DOES 1 through 50, inclusive, Defendants.

9

Defendant.

10

AND RELATED ACTIONS

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Kolla v. HSBC Bank USA, N.A.

Lead Case No.1-11-CV-205999

Hon. James P. Kleinberg

**PROOF OF SERVICE**
**Electronic Proof of Service**

11      I am employed in the County of Alameda, State of California.

12      I am over the age of 18 and not a party to the within action; my business address is 2915 McClure

Street, Oakland, CA 94609.

13      The documents described on page 2 of this Electronic Proof of Service were submitted via the

worldwide web on Wed. September 14, 2011 at 11:31 AM PDT and served by electronic mail notification.

14      I have reviewed the Court's Order Concerning Electronic Filing and Service of Pleading Documents and

15  am readily familiar with the contents of said Order. Under the terms of said Order, I certify the above-described

document's electronic service in the following manner:

16      The document was electronically filed on the Court's website, http://www.scefiling.org, on Wed.

17  September 14, 2011 at 11:31 AM PDT

Upon approval of the document by the Court, an electronic mail message was transmitted to all parties

18  on the electronic service list maintained for this case. The message identified the document and provided

instructions for accessing the document on the worldwide web.

19      I declare under penalty of perjury under the laws of the State of California that the foregoing is true and

20  correct. Executed on September 14, 2011 at Oakland, California.

Dated: September 14, 2011                    For WWW.SCEFILING.ORG

21

Andy Jamieson

22

23

THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
ELECTRONIC FILING SYSTEM - WWW.SCEFILING.ORG

**Electronic Proof of Service**
Page 2

**Document(s) submitted by Lisa Lin of Littler Mendelson on Wed. September 14, 2011 at 11:31 AM PDT**

1. 1st Amended Answer: Defendant HSBC Bank USA, N.A.'s Answer To Plaintiff's First Amended Class And Collective Action Complaint

# EXHIBIT G

1    GEORGE J. TICHY, II, Bar No. 041146
     MICHELLE R. BARRETT, Bar No. 197280
2    LISA J. LIN, Bar No. 260582
     LITTLER MENDELSON
3    A Professional Corporation
     650 California Street, 20th Floor
4    San Francisco, CA  94108.2693
     Telephone:    415.433.1940
5    Fax No.:        415.399.8490

6    Attorneys for Defendant
     HSBC BANK USA, N.A.

7

8                    SUPERIOR COURT OF CALIFORNIA

9                       COUNTY OF SANTA CLARA

10

11    SUBRAHMANYESWARA RAO        Case No.  111CV205999
     KOLLA, an individual, on behalf of
12    himself, and all persons similarly situated,    **DEFENDANT HSBC BANK USA, N.A.'S**
                                 **NOTICE TO PLAINTIFF OF**
13              Plaintiff,                  **REMOVAL OF ACTION TO FEDERAL**
                                   **COURT**
14           v.

15    HSBC BANK USA, N.A., a Delaware
     Corporation; and DOES 1 through 50,
16    inclusive,

17             Defendant.

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

Defendant's Notice of Removal to Plaintiff                 Case No. 111CV205999

1    TO PLAINTIFF SUBRAHMANYESWARA RAO KOLLA AND HIS ATTORNEY OF

2    RECORD:

3           PLEASE TAKE NOTICE THAT on September 14, 2011, Defendant HSBC Bank,

4    N.A. ("Defendant") filed in the United States District Court for the Northern District of California,

5    Defendant's Notice of Removal of the above-entitled action from the Superior Court of the State of

6    California, County of Santa Clara, to said United States District Court pursuant to 28 U.S.C.

7    §§ 1331, 1332, 1367, 1441, and 1446.

8           True and correct copies of Defendant HSBC Bank USA, N.A.'s Notice of Removal

9    and the accompanying exhibits and declarations are attached hereto as Exhibit "1."

10

11

12   Dated: September 14, 2011

13

14                                    _____

15                                    GEORGE J. TICHY, II
                                      MICHELLE R. BARRETT
16                                    LISA J. LIN
                                      LITTLER MENDELSON
                                      A Professional Corporation
17                                    Attorneys for Defendant
                                      HSBC BANK USA, N.A.

18

19   Firmwide:103622746.1 023404.1078

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433.1940

1.

Defendant's Notice of Removal to Plaintiff                              Case No. 111CV205999

# EXHIBIT H

1   GEORGE J. TICHY, II, Bar No. 041146
     MICHELLE R. BARRETT, Bar No. 197280
2   LISA J. LIN, Bar No. 260582
     LITTLER MENDELSON
3   A Professional Corporation
     650 California Street, 20th Floor
4   San Francisco, CA  94108.2693
     Telephone:   415.433.1940
5   Fax No.:     415.399.8490

6   Attorneys for Defendant
     HSBC BANK USA, N.A.

7

8

                       SUPERIOR COURT OF CALIFORNIA
9
                         COUNTY OF SANTA CLARA
10

11   SUBRAHMANYESWARA RAO        Case No.  111CV205999
     KOLLA, an individual, on behalf of
     himself, and all persons similarly situated,   **DEFENDANT HSBC BANK USA, N.A.'S**
12                                 **NOTICE TO STATE COURT OF**
               Plaintiff,              **REMOVAL OF ACTION TO FEDERAL**
13                                   **COURT**
         v.
14

15   HSBC BANK USA, N.A., a Delaware
     Corporation; and DOES 1 through 50,
16   inclusive,

17              Defendant.

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA  94108 2693
415 433 1940

Defendant's Notice of Removal to State Court             Case No. 111CV205999

1  **TO THE CLERK OF THE COURT:**

2        PLEASE TAKE NOTICE that on September 14, 2011, Defendant HSBC Bank USA,

3  N.A. removed the above-captioned action from the Superior Court to the State of California, County

4  of Santa Clara, to the United States District Court for the Northern District of California, pursuant to

5  28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446.  True and correct copies of Defendant HSBC Bank

6  USA, N.A.'s Notice of Removal and the accompanying exhibits and declarations are attached hereto

7  as Exhibit "1."

8        Pursuant to 28 U.S.C. § 1446, the filing of these documents with the District Court,

9  combined with the written notice that is being given to the Superior Court and

10  to all parties that these events have occurred, effects the removal of this action, and the Superior

11  Court may proceed no further unless and until this case is remanded.

12

13  Dated: September 14, 2011

14

15

16  GEORGE J. TICHY, II
17  MICHELLE R. BARRETT
      LISA J. LIN
18  LITTLER MENDELSON
      A Professional Corporation
      Attorneys for Defendant
19  HSBC BANK USA, N.A.

20  Firmwide:103622721.1 023404.1078

21

22

23

24

25

26

27

28

1.

Defendant's Notice of Removal to State Court        Case No. 111CV205999